IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM WEAVER,<br>　　　　　Plaintiff,<br>v<br>USAA General Indemnity Company (USAA GIC),<br>　　　　　Defendant. | Case No.: 8:25-cv-00072-RFR-RCC<br><br>SECOND AMENDED COMPLAINT<br>With<br>RETAINED DEMAND FOR JURY<br>PURSUANT TO RULE 81(c)(3) |

FIRST CAUSE OF ACTION

PLAINTIFF FOR HIS CAUSE OF ACTION against the Defendant, USAA General Indemnity Company (USAA GIC), states and alleges:

1.	Plaintiff is a resident of Keith County, Nebraska. Plaintiff was formerly known as William Leroy Deuerlein and obtained a legal name change to William Leroy Weaver at the time of his marriage to Deatta Weaver, his spouse.

2.	Defendant is a foreign corporation, with its principal offices located in San Antionio, Texas and is registered as an active insurance agency in the state of Nebraska.

3.	Plaintiff was at all times relevant from and after August 1, 2022 the owner of real property located at 1111 West E St., Ogallala, Nebraska (Premises).  The Premises is residential property and the same was used for residential purposes for Plaintiff and his family.  Defendant issued a policy of insurance covering the Premises and its contents from damage by fire on or about August 1, 2022 (policy number 03246 44 01 91A) (hereafter Policy).  The Policy was amended on or about March 21, 2023 and the referenced Amended Declaration Page includes the provisions relevant to the claims herein.

4.	The Policy Defendant was issued to Plaintiff on the Premises for a twelve month period. The Policy covered, among other losses, damage to or loss of the Premises in the amount of $443,000.00, and damage or loss to personal property in the amount of $221,500.  See **Attachment A**.  On or about March 21, 2023 an agent of Defendant contacted Plaintiff and urged Plaintiff to increase the amount of coverage on the Premises and his personal property.  On such date Defendant issued an "Amended Declarations Page - Effective 3/21/23."  The amended policy provided Dwelling Protection in the amount of $864,000 and Personal Property Protection in the amount of $648,000.  See **Attachment B**.  The Policy, commonly known as a valued policy, contains an endorsement for Special Loss Settlement that provides that in the event of a total loss to the Premises, Defendant "will pay [named insured] the total amount of insurance for Coverage A-Dwelling Protection shown in the Declarations."  The endorsement further provides,

that in the event of a total loss, the Defendant "will pay 75% of the amount of insurance for Coverage C-Personal Property Protection as shown in the Declarations . . .." The Policy was renewed August 1, 2023 for a twelve month term retaining the same amount of coverage fo the premises and the personal property. (hereafter Policy II).

5.     On or about August 14, 2023 in the early morning, Plaintiff was camping with his family at a state park in Nebraska and was contacted there by the Nebraska State Fire Marshall's office. At that time Plaintiff was informed that a fire had occurred in the Premises during the previous night (Fire No. 1).  Nebraska State Fire Marshal Investigator Ryan Sylvester phoned Plaintiff to inform him that the Premises had been subjected to a fire that consumed parts of the interior of the home and its contents, and causing structural damage to the Premises and smoke and water damage.

6.     Plaintiff and his family immediately left the camp and traveled to the location of the Premises to inspect the damage.  He met with the State Fire Marshall and observed the damage to the Premises.  Fire No. 1 had resulted in substantial fire damage to the interior of the premises, including structural support, smoke and water damage, and the destruction of windows and doors to the Premises making the premises uninhabitable.

7.     A few days later, Plaintiff met at the location of the Premises with an investigator purportedly directed by Defendant to investigate the August 14, 2023 fire in the Premises.  Said investigator informed Plaintiff and his spouse that the structure could not be repaired and would have to be demolished and completely rebuilt.

8.     Plaintiff submitted a claim for damages to Defendant that was never settled and Plaintiff and his family have been displaced from their home, the Premises since Fire No. 1.  Defendant has provided housing to the Plaintiff and his family through rental of a residence in Kearney, Buffalo County, Nebraska since Fire No.1.

9.     On or about July 9, 2024, in the early morning, Plaintiff was contacted at his temporary residence in Kearney, Buffalo County, Nebraska that a second fire had occurred in the Premises during the previous night (Fire No. 2).  Nebraska State Fire Marshal Investigator Ryan Sylvester phoned Plaintiff to inform him that the Premises had been subjected to a second fire that consumed the remainder of the structure and contents of the Premises resulting in the complete destruction of both the residence and its contents.

10.     Following the call from the Nebraska State Fire Marshall, Plaintiff travelled to the location of the Premises to again inspect the Premises.  As had been related by the State Fire Marshall, Plaintiff observed that the Premises had been fully consumed by Fire No. 2 and there was nothing left of the interior of the structure.  Only some exterior brick veneer walls remained.

11.    Within the next few days after Fire No. 2, Plaintiff contacted Defendant and informed Defendant of the Fire and submitted a written claim for loss under the Policy.

12.    Defendant has delayed responding to Plaintiff's claims and has failed and refused to fulfill its obligations under the Policy to make payment for Plaintiff's damages and losses to the Premises and his personal property.

13.    As a result of Defendant's breach of its obligations under the Policy Plaintiff has suffered damage by being displaced from and prevented from return to his and his family's home, being prevented from rebuilding and occupying his home, and incurring delay and expense in seeking Defendant's compliance with its Policy.

14.    As a result of the fires and total loss of the residential real property, Plaintiff has been damaged in the amount of $864,000 for the total destruction of his residence pursuant to the terms of the Policy.

15.    Plaintiff has been damaged by the Defendant's unreasonable delay in payment of insurance proceeds and is entitled to prejudgment interest pursuant to NRS §45-104 at the rate of 12 percent per annum.  Said payment has been due since a reasonable time following Fire No. 1, or alternatively, Fire No. 2, and withheld by unreasonable delay in payment.

16.    Pursuant to  NRS §44-359, Plaintiff is entitled to reasonable attorney fees due to Defendant's breach of agreement to pay Plaintiff's damages for destruction of the Premises.

17.    Plaintiff retains his desire for and right to have this action tried to a jury pursuant to state statutes governing District Court actions and pursuant to this Court's rule

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE DEFENDANT in the amount of $864,000 under the Policy, for attorney fees and expenses pursuant to NRS §44-359, for attorney fees and expenses pursuant to NRS §25-824, et seq, for costs of this action, for prejudgment interest pursuant to NRS§45-104 and post judgment interest, and for such other and further relief as the Court deems just.

## SECOND CAUSE OF ACTION

Plaintiff adopts and incorporates into this his second cause of action paragraphs 1-16 above and further states and alleges:

17.    As a result of the fires and total loss of the residential real property, Plaintiff has lost all personal property contents of the home and has been damaged in the amount of $486,000 pursuant to the terms of the Policy, for loss of personal property located in the Premises at the time of the fire, and for attorney fees and costs of prosecution of this action.

18.     Plaintiff has been deprived of all his and his family's personal property and is damaged by the Defendant's unreasonable delay in payment of insurance proceeds and is entitled to prejudgment interest pursuant to NRS §45-104 at the rate of 12 percent per annum. Said payment has been due since a reasonable time following Fire No. 1, or alternatively, Fire No. 2, and withheld by unreasonable delay in payment.

19.     Pursuant to NRS §44-359, Plaintiff is entitled to reasonable attorney fees due to Defendant's breach of agreement to pay Plaintiff's damages for total loss of his personal property due to the fires.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE DEFENDANT in the amount of $864,000 under the Policy, for attorney fees and expenses pursuant to NRS §44-359, for attorney fees and expenses pursuant to NRS §25-824, et seq, for costs of this action, for prejudgment interest pursuant to NRS§45-104 and post judgment interest, and for such other and further relief as the Court deems just.

## THIRD CAUSE OF ACTION

Plaintiff adopts and incorporates into this his third cause of action paragraphs 1-19 above and further states and alleges:

20.     Defendant has failed and refused to exercise good faith in the investigation and settlement of the Plaintiff's claims for damages arising from the fires, has needlessly and without warrant unreasonably delayed settlement of the claim requiring Plaintiff and his family to live in temporary housing, to live over two hours from their home town, refusing to honor their policy, preventing Plaintiff from pursuing reconstruction of his residence and returning to his home. Defendant has further deprived Plaintiff from access to his and his family's personal property, or alternatively, restoring the same.

21.     There was no reasonable basis for failing and refusing to timely pay Plaintiff's claims for damages under the Policy and Defendant knew or recklessly disregarded the lack of a reasonable basis for failng and refusing to pay the Plaintiff's claims.

22.     As a result of Defendant's bad faith refusal to honor its Policy and approve Plaintiff's claims, Plaintiff has suffered severe mental and emotional distress.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST THE DEFENDANT for general damages for severe mental and emotional distress, for attorney fees and expenses pursuant to NRS §44-359, for attorney fees and expenses pursuant to NRS §25-

824, et seq, for costs of this action, for prejudgment interest pursuant to NRS§45-104 and post judgment interest, and for such other and further relief as the Court deems just.

WILLIAM WEAVER, Plaintiff,

__/s/__Sieg H. Brauer_____
BY BRAUER LAW OFFICE
Siegfried H. Brauer  #18532
3423 2nd Ave., Suite 4, P.O. Box 249
Kearney, NE  68848
308-234-6696
sbrauer@frontiernet.net