IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM WEAVER,<br><br>                Plaintiff,<br><br>vs.<br><br>USAA GENERAL INDEMNITY<br>COMPANY, (USAA GIC);<br><br>                Defendant. | 8:25CV72<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Motion for Change of Trial Location from Omaha to North Platte, Nebraska. (Filing No. 6). For the reasons explained below, the motion will be denied without prejudice to reassertion after some discovery.

BACKGROUND

      This action was originally filed by Plaintiff William Weaver on January 14, 2025, in the District Court for Keith County, Nebraska. Defendant USAA General Indemnity Company filed its Notice of Removal on February 12, 2025, requesting the place of trial be moved to Omaha, Nebraska. (Filing No. 1). According to the allegations in the complaint, this is an insurance action concerning a policy issued by Defendant to Plaintiff providing coverage for a residential home and the personal belongings located at the subject property in Ogallala, Nebraska. (Filing No. 1-1, Filing No. 17). Plaintiff asserts breach of contract and bad faith claims against Defendant for failure to pay damages related to the destruction of his home and personal belongings in two separate fires, occurring in August 2023 and July 2024. (Filing No. 1-1; Filing No. 17). Plaintiff currently resides in a temporary residence located in Kearney, Nebraska, and Defendant is a corporation with its principal offices located in San Antonio, Texas. (Filing No. 1-1; Filing No. 17).

DISCUSSION

      When deciding the place of trial, "a judge considers the convenience of the parties, lawyers, witnesses, other related matters, and the interests of justice." NECivR 40.1(b)(1). The convenience of the litigants and witnesses is generally afforded greater weight than the convenience of counsel. *Sands v. Integrated Cardiology Group, LLC,* No. 8:22-cv-72,

2022 WL 1156358 (D. Neb. April 19, 2022). The party seeking to change the place of trial bears the burden of establishing that the transfer should be granted. *Withers v. Ryder Truck Rental, Inc.*, No. 7:20-cv-5001, 2020 WL 2542576 (D. Neb. May 19, 2020). "The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Aumann Auctions, Inc. v. Phillips,* No. 8:07-cv-431, 2008 WL 687056, at * 2 (D. Neb. Mar. 10, 2008). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Ury v. Union Pacific Railroad Company,* No. 8:10-cv-116, 2010 WL 1957272, * 2 (D. Neb. May 14, 2010).

Plaintiff requests that the place of trial be changed from Omaha, Nebraska, to North Platte, Nebraska, as it the closest trial location to where he chose to file this action. Ogallala is the county seat for Keith County, and it is approximately 50 miles west of North Platte. Plaintiff now resides in Kearney, Nebraska, and his counsel is located in Kearney as well. Kearney is located approximately 100 miles east of North Platte, and 185 miles from Omaha. A North Platte trial location would be more convenient than Omaha for Plaintiff and counsel. Additionally, Plaintiff argues that North Platte is the appropriate location for the trial because the subject property and witnesses related to the destruction, investigation, and clean-up of the property are all located in Ogallala and/or western Nebraska. He asserts the relevant physical and documentary evidence are also located in Ogallala. (Filing No. 8).

When Defendant removed this action from state court, Defendant designated Omaha as the place of trial, but it seems the only connection this case has to Omaha is Defendant's counsel. Nonetheless, the court must consider the convenience of the litigants and Omaha is likely a more convenient trial location for Defendant and Defendant's witnesses. In response to Plaintiff's motion, Defendant submits the affidavit of a quality reinspection representative for Defendant, a potential witness who resides in Colorado Springs. The representative asserts it is easier to travel to Omaha than to North Platte because of the costs and time associated with flying to Omaha and then driving to North Platte. Defendant's representative also asserts USAA employees or potential witnesses may be required to travel from Texas, California, and Colorado. (Filing No. 16-1).

Upon review, it appears the convenience of counsel and the litigants is a neutral factor, with North Platte being more convenient for Plaintiff and Plaintiff's Counsel, and Omaha being more convenient for Defendant and Defendant's Counsel. As for the convenience of witnesses, it is unclear at this point who Defendant's witnesses will be and

from where they will be traveling. Defendant's argument that local witnesses including law enforcement personnel and emergency responders may not be material to determining whether Defendant breached the insurance policy at issue or committed bad faith is valid. In sum, and with these competing interests and a variety of unknowns, the court finds it is premature to change the place of trial to North Platte from Omaha.

The court recognizes this district's local rules which required Plaintiff to file its request for a different place of trial within 14 days after service of the notice of removal. (NECivR 40.1(b)). However, the court has also recognized that the balance of factors set forth in NECivR. 40.1(b)(1) often cannot be fully and appropriately weighed until after further case progression. See, e.g. *Heil v. Batie Cattle Company,* Case No. 4:23-cv-3170 at CM/ECF [Filing No. 13](). (D. Neb. Nov. 2, 2023) (denying Defendant's objection to Plaintiff's trial location designation without prejudice to reassertion after further case progression); *Addison Insurance Company v. The Pink Palace LLC, et al.,* Case No. 8:16-cv-371 at CM/ECF [Filing No. 17](). (D.Neb. September 21, 2016) (denying as premature defendant's motion to change trial location); *Eckhardt v. Five Star Quality Care-NE, LLC,* Case No. 8:16-cv-533 at CM/ECF [Filing No. 10](). (D. Neb. December 22, 2016) (denying as premature motion filed 14 days after removal); *Doe v. School District No. 32 et al,* Case No. 4:17-cv-5010 at Filing No. 17. (D. Neb. December 26, 2017) (denying motion "without prejudice to reassertion following the completion of some discovery").

The allegations in the complaint make it more likely that North Platte will be more convenient for Plaintiff's fact witnesses, but at this time neither the court nor the parties know the identities and locations of the other fact witnesses and any expert witnesses. The court finds it more prudent to defer finalizing the place of trial until after the case progresses, written discovery commences, and witnesses are identified.

IT IS ORDERED: that Plaintiff's Motion for Change of Trial Location is denied without prejudice and subject to reassertion after further case progression. ([Filing No. 8]()).

Dated this 2nd day of June, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge