# BRAUER LAW OFFICE
## Siegfried H. Brauer III

5308 Parklane Drive, Suite 2
PO Box 249
Kearney, NE 68848

P: 308-234-6696
F: 308-234-6999
E: sbrauer@frontiernet.net

February 2, 2026

US D. Court
Roman L. Hruska Federal Courthouse
111 S. 18th Plaza
Suite 1152
Omaha NE  68102

RE:           Weaver v USAA GIC           Case No. 8:25-cv-00072-RFR-RCC
              Discovery Disputes

Judge Carson,

The following responds to the Court's directions to present Plaintiff's position on Discovery disputes with Defendant.

Plaintiff has requested all investigative materials, reports, files and company records relating to the two house fires described in Plaintiff's Complaint for which homeowner's coverage has been denied, and insurance records including applications for, communications regarding, and responses and insurance policies issued covering Plaintiff's residence in Keith County, Nebraska, along with all investigative records relating to the two fires.  Defendant has responded with blanket objections to nearly each request (for admission, production, or interrogatory) with qualified responses that generally fail to comply with discovery rules.  Plaintiff urges that these responses constitute failures to answer or incomplete answers as required by Nebraska Court Rules of Discovery In All Civil Cases, Sect.6-337(a)(3).  Notwithstanding the numerous objections that have not been withdrawn at Plaintiff's requests, Defendant has delivered by electronic service several voluminous files on different occasions.  While Defendant has produced thousands of pages of documents and numerous audio recordings related to the Plaintiff's residence and years of insurance coverage and claims files (many unrelated to the fires or coverage questions at issue), Defendant has resisted disclosure of certain records that are believed to exist and has withheld records claimed to be privileged for various reasons.

Plaintiff asserts that certain of Defendant's disclosures, at the very least, imply the existence of insurance records including applications by Plaintiff for modification of his homeowner's insurance coverage that have not been produced.  Defendant has purportedly relied on such "applications" as premises for denying Plaintiff coverage for the fire losses of his home.  Additionally, Plaintiff has represented that certain teleconferences with Defendant's agents regarding such modifications have occurred for which no files or records have been produced.

Defendant has produced "privilege logs," the second of which amended the first log and contains 35 pages of itemized records.  Plaintiff asserts that the disclosure does not comply with Rule 26(b)(5)(a) or the law on privilege protections in failing to be sufficiently specific to permit

Plaintiff to make a reasonable assessment of the records to decide its course of action regarding any challenge to the claim of privilege. (Disclosure and Discovery Manual, Anthony J. Battaglia, U.S. D. Judge; Section X.G.; XI.B.1.b.). Plaintiff asserts that, at the very least, the pre-denial records are presumptively discoverable as being created as part of Defendant's investigation of the fire claims. Defendant does not agree.

Very truly yours,

Sieg Brauer

# KUTAKROCK

**Kutak Rock LLP**
The Omaha Building, 1650 Farnam Street, Omaha, NE 68102-2103
office 402.346.6000

**Brooke H. McCarthy**
402.231.8728
brooke.mccarthy@kutakrock.com

February 4, 2026

**VIA EMAIL (CARSON@NED.USCOURTS.GOV)**

The Honorable Ryan C. Carson
United States Magistrate Judge
United States District Court District of Nebraska
111 South 18th Plaza, Suite 2271
Omaha, NE  68102

Re:    *William Weaver v. USAA General Indemnity Company*,
No. 8:25-cv-00072-RFR-RCC (D. Neb.)

Dear Judge Carson:

We are counsel to Defendant USAA General Indemnity Company ("USAA GIC") in the above-referenced suit styled *William Weaver v. USAA General Indemnity Company*, No. 8:25-cv-00072-RFR-RCC (D. Neb.) ("Suit").  In the Suit, Plaintiff William Weaver ("Plaintiff") alleges breach of contract and bad faith against USAA GIC in connection with Plaintiff's claims ("Claims") for coverage under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("Policy").  Plaintiff's Claims arose from two alleged residential fires—one on or around August 14, 2023 and one on or around July 9, 2024—at Plaintiff's residence located at 1111 West E Street, Ogallala, Nebraska, which was insured under the Policy.  USAA GIC provides this brief position statement, pursuant to the Court's direction via email correspondence dated January 30, 2026, in response to Plaintiff's objections concerning USAA GIC's privilege log and document production.

On May 23, 2025, USAA GIC provided its initial disclosures to Plaintiff, which included a production of 2,746 pages of non-privileged documents.  (*See* Filing No. 25).  On July 7, 2025, Plaintiff served USAA GIC with Plaintiff's first set of discovery requests ("July 2025 Discovery Requests").  (Filing No. 27).  Many of the July 2025 Discovery Requests were overly broad, requested privileged or otherwise protected information or materials, and did not seek materials relevant to any party's claim or defense.  USAA GIC properly and prudently objected on these grounds and others, where applicable, in USAA GIC's August 2025 objections and responses ("August 2025 Discovery Responses") to the July 2025 Discovery Requests, and produced an additional 2,057 pages of documents to Plaintiff.  (*See* Filing No. 28).  On September 12, 2025, pursuant to Fed. R. Civ. P. 26(b)(5)(A), USAA GIC provided Plaintiff with a privilege log ("September 2025 Privilege Log") describing the documents and other information withheld from USAA GIC's August 2025 document production.  By correspondence from Plaintiff's counsel

**KUTAK**ROCK

Hon. Ryan C. Carson
February 4, 2026
Page 2

dated November 10, 2025, Plaintiff objected to the sufficiency of September 2025 Privilege Log and the completeness of USAA GIC's document productions. USAA responded by correspondence dated November 14, 2025 ("November 14, 2025 Correspondence"), a copy of which is enclosed, and counsel for the parties to the Suit participated in a lengthy meet and confer on November 20, 2025. On December 5, 2025, USAA GIC produced an additional 1,065 pages of documents and an amended privilege log ("December 2025 Privilege Log"), a copy of which is enclosed, which encompassed and superseded the September 2025 Privilege Log. On December 23, 2025, in response to additional discovery requests from Plaintiff, USAA GIC produced, *inter alia*, over 70 audio files containing recorded conversations between USAA GIC and Plaintiff or Plaintiff's representatives. (*See* Filing No. 37). By correspondence from Plaintiff's counsel dated January 14, 2026, Plaintiff objected to USAA GIC's December 2025 Privilege Log and alleged it failed to sufficiently disclose and describe information and materials withheld or redacted. By correspondence dated January 28, 2026 ("January 28, 2026 Correspondence"), a copy of which is enclosed, USAA GIC addressed Plaintiff's concerns in the January 14, 2026 correspondence and proposed the time and resources of all involved would be best served by moving forward with depositions and this litigation.

Contrary to Plaintiff's contentions in prior communications to USAA GIC and in Plaintiff's February 2, 2026 position statement submitted to the Court ("February 2, 2026 Position Statement"), the December 2025 Privilege Log, when compared with the redacted documents USAA GIC produced and otherwise, provides a clear description of the nature of the information or documents withheld or redacted—*e.g.*, communications with outside coverage counsel, information related to outside coverage counsel's expenses and compensation, reserve history prepared in anticipation of litigation and not related to any party's claims or defenses, financial entries and reserves prepared subsequent to USAA GIC's engagement of coverage counsel, and information and materials prepared after Plaintiff filed his complaint in the Suit—"in a manner that, without revealing information itself privileged or protected," enables Plaintiff "to assess" the basis for USAA GIC withholding the materials or information. *See* Fed. R. Civ. P. 26(b)(5)(A). The December 2025 Privilege Log accounts for each and every redaction and withheld document and fully complies with USAA GIC's obligations under Federal Rule of Civil Procedure 26(b)(5)(A).

As to Plaintiff's contention in the February 2, 2026 Position Statement that **all** materials in an insurer's claim file prior to a denial of coverage are "presumptively discoverable", there is no such presumption, Plaintiff is incorrect, and notably—in response to USAA GIC's previous requests for any authorities to support this contention—Plaintiff provided cases and other authorities which are not controlling, instructive, or even reasonably applicable. Contrary to Plaintiff's unfounded contentions in the February 2, 2026 Position Statement, USAA GIC has produced all documents in its possession and prepared in the ordinary course of claims handling, which are responsive to Plaintiff's discovery requests, relevant to a party's claim or defense in the Suit, proportional to the needs of the case, and not privileged or otherwise protected. USAA GIC has fully complied with its disclosure and discovery obligations under the Federal Rules of Civil Procedure and the Court's Final Progression Order, and the parties' time would be better served by moving forward with depositions.

4927-8364-6860.2

**KUTAK**ROCK

Hon. Ryan C. Carson
February 4, 2026
Page 3


We appreciate your time and attention to this matter and look forward to working through these issues in a productive manner with Plaintiff's counsel.

Sincerely,

Brooke H. McCarthy


Enclosures:    November 14, 2025 Correspondence
January 28, 2026 Correspondence
December 2025 Privilege Log


cc:    Caitlin E. Wain, Esq. (*via email*: caitlin_wain@ned.uscourts.gov)
Siegfried H. Brauer, III, Esq. (*via email*: sbrauer@frontiernet.net)
Ashley A. Moore, Esq. (*via email*: ashley.moore@kutakrock.com)

4927-8364-6860.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| WILLIAM WEAVER, | Case No. 8:25-cv-00072-RFR-RCC |
| Plaintiff, | **DEFENDANT USAA GENERAL INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF WILLIAM WEAVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

Defendant USAA General Indemnity Company ("USAA GIC"), pursuant to Federal Rules of Civil Procedure 26 and 34 and Nebraska Civil Rule 34.1, hereby provides the following objections and responses to the First Set of Requests for Production of Documents ("Requests") served on USAA GIC by Plaintiff William Weaver ("Plaintiff"):

**RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

***Introduction*:**

The fact USAA GIC has identified a document in response to these Requests is not an admission the fact or document is admissible in evidence and is not to be construed as a waiver of any objection that may hereafter be interposed to the admissibility of such fact or document as evidence in this case. Further objections and qualifications raised by USAA GIC, and any attempt to respond to these Requests, are an effort by USAA GIC to cooperate in this litigation and are not a waiver of any objections and qualifications filed herein, nor are they a waiver of any rights under Nebraska law or otherwise.

USAA GIC's responses ("Responses") to these Requests are given without prejudice to USAA GIC's right to produce or use any subsequently discovered facts or writings, or to add to, modify, or otherwise change or amend the Responses herein. These Responses are based on

4902-9001-7882.2

documents and information currently available to USAA GIC.  The information is true and correct to the best of USAA GIC's knowledge as of this date and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions.  USAA GIC expressly reserves the right to supplement its Responses as such information becomes available.

***Responses and Specific Objections*:**

**REQUEST NO. 1:** All Recorded Information that constitutes the USAA GIC homeowner's insurance coverage that was in effect on the Premises on August 14, 2023.

**RESPONSE TO REQUEST NO. 1:** In response to Request No. 1, USAA GIC refers Plaintiff to Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("2023-2024 Policy" or "Policy No. 2"), a copy of which was previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures and identified with the Bates labels USAAGIC002685-2746.  *See also* ECF No. 17-3.

**REQUEST NO. 2:** All Recorded Information that constitutes the USAA GIC homeowner's insurance coverage that was in effect on the Premises on July 9, 2024.

**RESPONSE TO REQUEST NO. 2:** In response to Request No. 2, USAA GIC refers Plaintiff to the 2023-2024 Policy (*i.e.*, Policy No. 2), a copy of which was previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures and identified with the Bates labels USAAGIC002685-2746.  *See also* ECF No. 17-3.

2

4902-9001-7882.2

**REQUEST NO. 3:** All Recorded Information produced or created by you or any person or company in the course communication with Plaintiff relating to the change in Policy No. 1 reflected in the documents bates numbered 000062-000069.

**RESPONSE TO REQUEST NO. 3:** USAA GIC objects to Request No. 3 to the extent it seeks information or documents protected by the attorney work product doctrine or any other privilege recognized by law.  USAA GIC further objects to Request No. 3 on the grounds it is overly broad and vague, and to the extent it seeks documents not in the custody, control, or possession of USAA GIC.  Subject to and without waiving these objections, USAA GIC refers Plaintiff to the documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures and identified with the Bates labels USAAGIC001212-1227; USAAGIC001455-1529; USAAGIC001571-1572; USAAGIC001599-1601; USAAGIC001716-1790; USAAGIC001793-1902; USAAGIC001963-2009; and USAAGIC002247-2250.  To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 3. *See* USAAGIC002747-4803.

**REQUEST NO. 4:** All Recorded Information constituting the inquiries in which information was requested or solicited from Plaintiff to which you alleged "material misrepresentations" were made, the content of the alleged misrepresentations, and such related documents that disclose the identity of each person with knowledge of the inquiries or form of such requested information and misrepresentations.

**RESPONSE TO REQUEST NO. 4:** USAA GIC objects to Request No. 4 on the grounds it is vague, overly broad, and cumulative, and to the extent it seeks information or documents protected by the attorney work product doctrine or any other privilege recognized by law.  Subject to and

3

without waiving these objections, USAA GIC refers Plaintiff to the documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures and identified with the Bates labels USAAGIC001212-1227; USAAGIC001455-1529; USAAGIC001571-1572; USAAGIC001599-1601; USAAGIC001716-1790; USAAGIC001793-1902; USAAGIC001963-2009; and USAAGIC002247-2250. To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 4. *See* USAAGIC002747-4803.

**REQUEST NO. 5:** All Recorded Information disclosing the content or nature of any manner of communications between you or any agent or employee of yours and Plaintiff or any agent of Plaintiff regarding the change in coverage limits issued effective March 21, 2023, and any recorded information regarding the size, condition, value or any other factors concerning the Premises relating to the decision to modify the coverage limits issued effective on that date.

**RESPONSE TO REQUEST NO. 5:** USAA GIC objects to Request No. 5 on the grounds it is vague, overly broad, and cumulative, and to the extent it seeks information or documents protected by the attorney work product doctrine or any other privilege recognized by law. Subject to and without waiving these objections, USAA GIC refers Plaintiff to the documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures and identified with the Bates labels USAAGIC001212-1227; USAAGIC001455-1529; USAAGIC001571-1572; USAAGIC001599-1601; USAAGIC001716-1790; USAAGIC001793-1902; USAAGIC001963-2009; and USAAGIC002247-2250. To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 5. *See* USAAGIC002747-4803.

4

**REQUEST NO. 6:** All Recorded Information of any nature or kind, specifically including but not limited to field notes, file notes, interoffice messages or memoranda and intraoffice messages or memoranda, relating in any manner to the Premises from and after January 1, 2023.  In the event you have access to audio or video recordings of any nature relating to the Premises or any communications with Plaintiff or any agent of Plaintiff, from and after such date please produce complete and comprehensible copies of the original recordings, specifically including but not limited to communications regarding changes in the limits of coverage of the Premises and its contents.

**RESPONSE TO REQUEST NO. 6:** USAA GIC objects to Request No. 6 to the extent it seeks materials and information not relevant to any party's claims or defenses and not proportional to the needs of the case.  USAA GIC further objects to Request No. 6 to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law.  USAA GIC objects to Request No. 6 on the grounds it is overly broad, cumulative, and to the extent it seeks documents not in the custody, control, or possession of USAA GIC.  Subject to and without waiving these objections, USAA GIC refers Plaintiff to: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001 – USAAGIC002746; and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures.  To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 6.  *See* USAAGIC002747-4803.

5

**REQUEST NO. 7:** All Recorded Information including but not limited to all claims, documents, records, or other forms of information or communication delivered to you by Plaintiff or any agent of Plaintiff relating to Fire No. 1 and Fire No. 2.

**RESPONSE TO REQUEST NO. 7:** USAA GIC objects to Request No. 7 to the extent it seeks materials and information not relevant to any party's claims or defenses and not proportional to the needs of the case.  USAA GIC further objects to Request No. 7 on the grounds it is overly broad and cumulative.  Subject to and without waiving these objections, USAA GIC refers Plaintiff to, *inter alia*: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled    USAAGIC001283-1423,    USAAGIC1442-1444,    USAAGIC001530-1549, USAAGIC001552-1558, USAAGIC001563-1564, USAAGIC001567-1568, USAAGIC001571-1572,  USAAGIC001596-1598,  USAAGIC001599-1601,  and  USAAGIC001608-1642;  and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures.  To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 7.  *See* USAAGIC002747-4803.

**REQUEST NO. 8:** All Recorded Information not otherwise produced including but not limited to any investigations, along with any related notes, memoranda, visual or voice recordings of any nature, findings of any investigations, and reports of investigations of any claim by Plaintiff relating to Fire No. 1 and Fire No. 2 performed by you or any agent of yours, or otherwise conducted at your request.

**RESPONSE TO REQUEST NO. 8:** USAA GIC objects to Request No. 8 to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law.  USAA GIC further objects to Request No. 8

4902-9001-7882.2

on the grounds it is overly broad and cumulative, and to the extent it seeks documents not in the custody, control, or possession of USAA GIC.  Subject to and without waiving these objections, USAA GIC refers Plaintiff to: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001 – USAAGIC002746; and documents produced by Plaintiff with his Rule 26(a)(1) Initial Disclosures.  To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 8.  *See* USAAGIC002747-4803.

**REQUEST NO. 9:** All Recorded Information not otherwise produced including but not limited to any investigations, along with any related notes, memoranda, visual or voice recordings of any nature, findings of any investigations, and reports of investigations of any claim for insurance coverage made by Plaintiff under Policy No. 1 and Policy No. 2, performed by you or any agent of yours, or otherwise conducted at your request.

**RESPONSE TO REQUEST NO. 9:** USAA GIC objects to Request No. 9 to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law.  USAA GIC further objects to Request No. 9 on the grounds it is overly broad and cumulative, and to the extent it seeks documents not in the custody, control, or possession of USAA GIC.  USAA GIC further objects to the premise and assumptions in Request No. 9 on the grounds Plaintiff never submitted a claim to USAA GIC for coverage under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2022 to August 1, 2023 ("2022-2023 Policy" or "Policy No. 1"), with respect to the alleged fires on August 14, 2023 and July 9, 2024, because such fires allegedly occurred during the policy period for the 2023-2024 Policy (*i.e.*, Policy No. 2).

7

Subject to and without waiving these objections, USAA GIC refers Plaintiff to: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001 – USAAGIC002746; and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures. To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 9. *See* USAAGIC002747-4803.

**REQUEST NO. 10:** All documents You relied upon in answering the First Set of Interrogatories contemporaneously produced herewith.

**RESPONSE TO REQUEST NO. 10:** USAA GIC objects to Request No. 10 to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. Subject to and without waiving these objections, USAA GIC refers Plaintiff to: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001 – USAAGIC002746; and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures. To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 10. *See* USAAGIC002747-4803.

**REQUEST NO. 11:** All internal documents or written communications related to the Plaintiff's claims for insurance coverage under Policy No. 1 and Policy No. 2.

**RESPONSE TO REQUEST NO. 11:** USAA GIC objects to Request No. 11 on the grounds it is overly broad, vague, and cumulative, and to the extent it seeks materials and information not relevant to any party's claims or defenses and not proportional to the needs of the case. USAA GIC

8

4902-9001-7882.2

further objects to Request No. 11 to the extent it seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. USAA GIC objects to the premise and assumptions in Request No. 11 on the grounds Plaintiff never submitted a claim to USAA GIC for coverage under the 2022-2023 Policy (*i.e.*, Policy No. 1), with respect to the alleged fires on August 14, 2023 and July 9, 2024, because such fires allegedly occurred during the policy period for the 2023-2024 Policy (*i.e.*, Policy No. 2). Subject to and without waiving these objections, USAA GIC refers Plaintiff to documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001 – USAAGIC002746. To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 11. *See* USAAGIC002747-4803.

**REQUEST NO. 12:** All written communications between you and any agent or third party related to the Plaintiff's claims for insurance coverage under Policy No. 1 and Policy No. 2.

**RESPONSE TO REQUEST NO. 12:** USAA GIC objects to Request No. 12 to the extent it seeks materials and information not relevant to any party's claims or defenses and not proportional to the needs of the case, and to the extent Request No. 12 seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. USAA GIC further objects to Request No. 12 on the grounds it is cumulative and "any agent or third party" is vague and overly broad. USAA GIC objects to the premise and assumptions in Request No. 12 on the grounds Plaintiff never submitted a claim to USAA GIC for coverage under the 2022-2023 Policy (*i.e.*, Policy No. 1), with respect to the alleged fires on August 14, 2023 and July 9, 2024, because such fires allegedly occurred during the policy period

9

for the 2023-2024 Policy (*i.e.*, Policy No. 2). Subject to and without waiving these objections, USAA GIC refers Plaintiff to documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000246-247; USAAGIC001230-1232; USAAGIC001530-1549; USAAGIC001581-1595; and USAAGIC002245-2246. To the extent not previously produced, USAA GIC will produce relevant, non-privileged documents in its possession, if any, responsive to Request No. 12. *See* USAAGIC002747-4803.

Dated: August 20, 2025

/s/ *Brooke H. McCarthy*
Brooke H. McCarthy #25077
Ashley A. Moore #25927
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102-2186
Telephone: (402) 346-6000
Email: brooke.mccarthy@kutakrock.com
Email: ashley.moore@kutakrock.com

*Attorneys for Defendant USAA General Indemnity Company*

10

4902-9001-7882.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2025, I served via electronic mail the foregoing Defendant USAA General Indemnity Company's Responses and Objections to Plaintiff William Weaver's First Set of Requests for Production of Documents to:

Siegfried H. Brauer, Esq.
Brauer Law Firm
3423 2nd Avenue, Suite 4
Kearney, NE  68848
Telephone: (308) 234-6696
Email: sbrauer@frontiernet.net

*Counsel for Plaintiff William Weaver*

/s/ *Brooke H. McCarthy*
Brooke H. McCarthy

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| WILLIAM WEAVER, | Case No. 8:25-cv-00072-RFR-RCC |
| Plaintiff, | **DEFENDANT USAA GENERAL INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF WILLIAM WEAVER'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

Defendant USAA General Indemnity Company ("USAA GIC"), pursuant to Federal Rules of Civil Procedure 26 and 34 and Nebraska Civil Rule 34.1, hereby provides the following objections and responses to the Second Set of Requests for Production of Documents ("Requests") served on USAA GIC by Plaintiff William Weaver ("Plaintiff"):

**RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

***Introduction*:**

The fact USAA GIC has identified a document in response to these Requests is not an admission the fact or document is admissible in evidence and is not to be construed as a waiver of any objection that may hereafter be interposed to the admissibility of such fact or document as evidence in this case. Further objections and qualifications raised by USAA GIC, and any attempt to respond to these Requests, are an effort by USAA GIC to cooperate in this litigation and are not a waiver of any objections and qualifications filed herein, nor are they a waiver of any rights under Nebraska law or otherwise.

USAA GIC's responses ("Responses") to these Requests are given without prejudice to USAA GIC's right to produce or use any subsequently discovered facts or writings, or to add to, modify, or otherwise change or amend the Responses herein. These Responses are based on

4913-7548-3261.2

documents and information currently available to USAA GIC. The information is true and correct to the best of USAA GIC's knowledge as of this date and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions. USAA GIC expressly reserves the right to supplement its Responses as such information becomes available.

***Responses and Specific Objections*:**

**REQUEST NO. 13:** All of your investigative records that "show[ ] that [Plaintiff] made almost no effort to protect the property from further damages since the first fire event." If you claim such failure caused you injury, describe in particularity how any failure of Plaintiff to "protect the property from further damage since the first fire event" resulted in injury to you.

**RESPONSE TO REQUEST NO. 13:** USAA GIC objects to Request No. 13 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32). Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025. (Filing No. 32 ¶ 2). As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025. (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2). Plaintiff served his Second Set of Requests for Production of Documents on November 11, 2025, after the expiration of the November 5, 2025 deadline. Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Requests for Production of Documents were nonetheless untimely when served. USAA GIC further objects to Request No. 13 to the extent it seeks information or documents protected by the attorney work product doctrine or any other privilege recognized by law. USAA GIC objects to Request No. 13 on the grounds it is overly

2

4913-7548-3261.2

broad and vague.  USAA GIC further objects to the second sentence of Request No. 13 because it does not request documents, but rather seeks information more properly the subject of an interrogatory.  Without waiving these objections, and in the interest of cooperation, USAA GIC refers Plaintiff to documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures and USAA GIC's Responses to Plaintiff's First Set of Requests for Production of Documents, identified with the Bates labels USAAGIC 001488; USAAGIC 001808; USAAGIC 001814; USAAGIC 001823—USAAGIC 001824; USAAGIC 001830—USAAGIC 001831; USAAGIC 001989—USAAGIC 001990; USAAGIC 003622; USAAGIC 003627—USAAGIC 003628; USAAGIC 003633; USAAGIC 003635; USAAGIC 003640—USAAGIC 003642; USAAGIC 003825—USAAGIC 003826; USAAGIC 004206; USAGIC 004617—USAAGIC 004618;  USAAGIC 004631; USAAGIC 004785—USAAGIC 004786.  *See also* USAAGIC 005016; USAAGIC 005178; USAAGIC 005221; USAAGIC 005224; and USAAGIC 004804—USAAGIC 005868.

**REQUEST NO. 14:** All your records disclosing Plaintiff's application for a "business homeowners quote for the property on 8/9/23."

**RESPONSE TO REQUEST NO. 14:** USAA GIC objects to Request No. 14 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32).  Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025.  (Filing No. 32 ¶ 2).  As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025.  (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2).  Plaintiff served his Second Set of Requests for Production of Documents on

3

November 11, 2025, after the expiration of the November 5, 2025 deadline.  Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Requests for Production of Documents were nonetheless untimely when served.  Without waiving this objection, and in the interest of cooperation, USAA GIC refers Plaintiff to, *inter alia*: USAAGIC 002241; USAAGIC 004785; USAAGIC 004993—USAAGIC 004994; USAAGIC 005149—USAAGIC 005150; and USAAGIC 005609.  *See also* USAAGIC 004804—USAGIC 005868.

**REQUEST NO. 15:** All of your records reflecting each inquiry or application Plaintiff made to modify or alter the terms or coverage of his homeowner's policy of insurance with you "online in late July 2023," including but not limited to any application to obtain coverage in the amount of $1,037,00, or $691,000 and any policies issued with regard to each such application.

**RESPONSE TO REQUEST NO. 15:** USAA GIC objects to Request No. 15 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32).  Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025.  (Filing No. 32 ¶ 2).  As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025.  (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2).  Plaintiff served his Second Set of Requests for Production of Documents on November 11, 2025, after the expiration of the November 5, 2025 deadline.  Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Requests for Production of Documents were nonetheless untimely when served.  Without waiving this objection, and in the interest of

4

cooperation, USAA GIC refers Plaintiff to, *inter alia*: USAAGIC 001599; USAAGIC 001979—USAAGIC 001982; USAAGIC 004785—USAAGIC 004786; USAAGIC 004982; USAGIC 004983—USAGIC 004984; USAAGIC 00GIC4985—USAAGIC 004987; USAAGIC 004992—USAAGIC 004994; USAAGIC 005149—USAAGIC 005151; USAAGIC 005153—USAAGIC 005154; USAAGIC 005163; and USAAGIC 005314—USAAGIC 005323. *See also* USAAGIC 004804—USAAGIC 005868.

Dated: December 23, 2025.

*/s/ Brooke H. McCarthy*

Brooke H. McCarthy #25077
Ashley A. Moore #25927
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102-2186
Telephone: (402) 346-6000
Email: brooke.mccarthy@kutakrock.com
Email: ashley.moore@kutakrock.com

*Attorneys for Defendant USAA General Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I served via electronic mail the foregoing Defendant USAA General Indemnity Company's Responses and Objections to Plaintiff William Weaver's Second Set of Requests for Production of Documents to:

Siegfried H. Brauer, Esq.
Brauer Law Firm
3423 2nd Avenue, Suite 4
Kearney, NE  68848
Telephone: (308) 234-6696
Email: sbrauer@frontiernet.net

*Counsel for Plaintiff William Weaver*

*/s/ Brooke H. McCarthy*

Brooke H. McCarthy

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| WILLIAM WEAVER,<br><br>     Plaintiff,<br><br>  v.<br><br>USAA GENERAL INDEMNITY<br>COMPANY,<br><br>     Defendant. | Case No. 8:25-cv-00072-RFR-RCC<br><br>**DEFENDANT USAA GENERAL<br>INDEMNITY COMPANY'S<br>OBJECTIONS AND ANSWERS TO<br>PLAINTIFF WILLIAM WEAVER'S<br>FIRST SET OF INTERROGATORIES** |

Defendant USAA General Indemnity Company ("USAA GIC"), pursuant to Federal Rules of Civil Procedure 26 and 33 and Nebraska Civil Rule 33.1, hereby provides the following objections and answers to Plaintiff William Weaver's ("Plaintiff") First Set of Interrogatories to USAA GIC ("Interrogatories"):

**ANSWERS AND OBJECTIONS TO INTERROGATORIES**

*Introduction***:**

The fact USAA GIC has provided a factual response or identified a document in response to these Interrogatories is not an admission the fact or document is admissible in evidence and is not to be construed as a waiver of any objection that may hereafter be interposed to the admissibility of such fact or document as evidence in this case. Further objections and qualifications raised by USAA GIC and any attempt to respond to these Interrogatories are an effort by USAA GIC to cooperate in this litigation and are not a waiver of any objections and qualifications filed herein, nor are they a waiver of any rights under Nebraska law or otherwise.

USAA GIC is continuing its analysis of the facts and law related to this case, and USAA GIC has not yet concluded its investigation, discovery, and preparation for trial. USAA GIC's answers ("Answers") to these Interrogatories, therefore, are given without prejudice

4907-2465-5707.3

to USAA GIC's right to add to, modify, or otherwise change or amend the Answers herein based on subsequently discovered facts or writings. USAA GIC expressly reserves the right to supplement its Answers as such information becomes available. These Answers are based on documents and information currently available to USAA GIC. The information is true and correct to the best of USAA GIC's knowledge as of this date and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions.

***Answers and Specific Objections:***

**INTERROGATORY NO. 1:** Identify each employee, agent or other person authorized or solicited by you who is known by you to have information about Plaintiff's claims for insurance coverage arising from Fire No. 1, and for each person identified please state:

a) Name;

b) Title; and,

c) Brief statement of knowledge possessed by that person.

**ANSWER TO INTERROGATORY NO. 1:** USAA GIC objects to Interrogatory No. 1 on the grounds it is vague, ambiguous, and overly broad. Subject to and without waiving these objections, USAA GIC refers Plaintiff to: (a) the individuals identified in Paragraphs 3-8 of Section A of USAA GIC's Rule 26(a)(1) Initial Disclosures, served on May 23, 2025, who are likely to have discoverable information regarding the August 14, 2023 claim ("August 2023 Claim") submitted by Plaintiff to USAA GIC under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("2023-2024 Policy"), arising out of an alleged residential fire at 1111 West E Street, Ogallala, Nebraska ("Weaver Property") on or around August 14, 2023

2

("August 2023 Fire"); and (b) Ward Arms, with EFI Global, Inc. ("EFI Global").  By way of further response, pursuant to Fed. R. Civ. P. 33(d), USAA GIC refers Plaintiff to, *inter alia*: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001-2746, documents produced with USAA GIC's Responses to Plaintiff's First Set of Requests for Production of Documents, Bates labeled USAAGIC002747-4803, and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures.

**INTERROGATORY NO. 2:** Identify each employee, agent or other person authorized or solicited by you who is known by you to have information about Plaintiff's claims for insurance coverage arising from Fire No. 2, and for each person identified please state:

a)  Name;

b)  Title; and,

c)  Brief statement of knowledge possessed by that person.

**ANSWER TO INTERROGATORY NO. 2:** USAA GIC objects to Interrogatory No. 2 on the grounds it is vague, ambiguous, and overly broad.  Subject to and without waiving these objections, USAA GIC identifies the following individuals who are likely to have discoverable information regarding Plaintiff's July 10, 2024 claim ("July 2024 Claim") submitted to USAA GIC under the 2023-2024 Policy, arising from an alleged fire at the Weaver Property on or around July 9, 2024 ("July 2024 Fire"), along with the subjects of that information:

a.      **Andy Martin, CPCU, SCLA, AIC, API**
        Mr. Martin may be contacted through counsel for USAA GIC.

Mr. Martin is a Senior Special Claims Investigator for USAA GIC and is likely to have discoverable information regarding: (i) USAA GIC's investigation of the July 2024 Fire; (ii) the condition of the Weaver Property subsequent to Plaintiff's submission of the July 2024 Claim;

3

(iii) communications and interviews with Plaintiff and his wife, Deatta Weaver, incident to the July 2024 Fire; and (iv) estimates or other reports incident to the July 2024 Fire prepared by, for, or on behalf of USAA GIC.

**b.      Teri Bergstrom**
Ms. Bergstrom may be contacted through counsel for USAA GIC.

Ms. Bergstrom is a Quality Reinspection Representative for USAA GIC and previously served as a General Adjuster for USAA GIC.  Ms. Bergstrom is likely to have discoverable information regarding: (i) the July 2024 Claim; (ii) the property loss notices submitted by Plaintiff to USAA GIC incident to the July 2024 Claim; (iii) USAA GIC's communications with Plaintiff and Plaintiff's representatives regarding the July 2024 Claim; and (iv) estimates, investigative reports, or other reports incident to the July 2024 Claim.

**c.      Lisa Heisey**
Ms. Heisey may be contacted through counsel for USAA GIC.

Ms. Heisey is a General Adjuster for USAA GIC.  Ms. Heisey is likely to have discoverable information regarding: (i) the July 2024 Claim; (ii) the property loss notice submitted by Plaintiff to USAA GIC incident to the July 2024 Claim; (iii) USAA GIC's communications with Plaintiff and Plaintiff's representatives regarding the July 2024 Claim; and (iv) estimates, investigative reports, or other reports incident to the July 2024 Claim.

**d.      John Ticer, IAAI-CFI**
EFI Global, Inc.
Mr. Ticer may be contacted through counsel for USAA GIC.

Mr. Ticer is a certified senior fire investigator for EFI Global and is likely to have discoverable information regarding: (i) EFI Global's inspection(s) of the Weaver Property; and (ii) EFI Global's report(s) incident to the July 2024 Claim.

4

4907-2465-5707.3

**INTERROGATORY NO. 3:** Identify each person known to you who investigated any claim for insurance coverage made by Plaintiff relating to Fire No. 1 and whether such person provided any report, opinions or other Recorded Information to you from such investigation, and for each person identified please state;

    a)  Name;

    b)  Whether that person prepared any report, opinions or other Recorded Information; and,

    c)  The date(s) of such report, opinions or other Recorded Information.

**ANSWER TO INTERROGATORY NO. 3:** USAA GIC objects to Interrogatory No. 3 on the grounds it is vague, ambiguous, overly broad, and cumulative.  USAA GIC further objects to Interrogatory No. 3 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law.  Subject to and without waiving these objections, USAA GIC incorporates by reference USAA GIC's Answer to Interrogatory No. 1.  By way of further response, pursuant to Fed. R. Civ. P. 33(d), USAA GIC refers Plaintiff to, *inter alia*: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001-2746, documents produced with USAA GIC's Responses to Plaintiff's First Set of Requests for Production of Documents, Bates labeled USAAGIC002747-4803, and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures.

**INTERROGATORY NO. 4:** Identify each person known to you who investigated any claim for insurance coverage made by Plaintiff relating to Fire No. 2 and whether such person provided any report, opinions or other Recorded Information to you from such investigation, and for each person identified please state;

5

a) Name;

b) Whether that person prepared any report, opinions or other Recorded Information; and,

c) The date(s) of such report, opinions or other Recorded Information.

**ANSWER TO INTERROGATORY NO. 4:** USAA GIC objects to Interrogatory No. 4 on the grounds it is vague, ambiguous, overly broad, and cumulative. USAA GIC further objects to Interrogatory No. 4 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. Subject to and without waiving these objections, USAA GIC incorporates by reference USAA GIC's Answer to Interrogatory No. 2. By way of further response, pursuant to Fed. R. Civ. P. 33(d), USAA GIC refers Plaintiff to, *inter alia*: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001-2746, documents produced with USAA GIC's Responses to Plaintiff's First Set of Requests for Production of Documents, Bates labeled USAAGIC002747-4803, and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures.

**INTERROGATORY NO. 5:** Set forth with specificity each basis for any denial of any claim for insurance coverage by Plaintiff for damages to the Premises or its contents caused by Fire No. 1.

**ANSWER TO INTERROGATORY NO. 5:** In response to Interrogatory No. 5, USAA GIC states it promptly investigated, and fairly and equitably settled, the August 2023 Claim under the 2023-2024 Policy for alleged fire damage to the Weaver Property arising from the August 2023 Fire, provided Plaintiff with all benefits presently due and owing under the 2023-2024 Policy with respect to the August 2023 Claim, and at all times acted in good faith toward Plaintiff, and otherwise, with respect to the August 2023 Claim. By way of further response, USAA GIC

6

incorporates by reference USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (ECF No. 18) and further states, by correspondence to Plaintiff's counsel dated August 6, 2024 ("August 6, 2024 Correspondence")—which speaks for itself and is incorporated herein by reference—USAA GIC provided Plaintiff with its coverage position regarding the August 2023 Claim under the 2023-2024 Policy. *See* USAAGIC002239-2244; USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (ECF No. 18).

**INTERROGATORY NO. 6:** Set forth with specificity each basis for any denial of any claim by Plaintiff for damages to the Premises or its contents caused by Fire No. 2.

**ANSWER TO INTERROGATORY NO. 6:** In response to Interrogatory No. 6, USAA GIC states it promptly investigated, and fairly and equitably settled, the July 2024 Claim under the 2023-2024 Policy for alleged fire damage to the Weaver Property arising from the July 2024 Fire, provided Plaintiff with all benefits presently due and owing under the 2023-2024 Policy with respect to the July 2024 Claim, and at all times acted in good faith toward Plaintiff, and otherwise, with respect to the July 2024 Claim.  By way of further response, USAA GIC incorporates by reference USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (ECF No. 18) and further states, by correspondence to Plaintiff's counsel dated April 22, 2025 ("April 22, 2025 Correspondence")—which speaks for itself and is incorporated herein by reference—USAA GIC provided Plaintiff with its coverage position regarding the July 2024 Claim under the 2023-2024 Policy. *See* USAAGIC004785-4788; USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (ECF No. 18).

4907-2465-5707.3

**INTERROGATORY NO. 7:** Identify each person you may call to testify at any trial of this matter, with a brief summary of the facts to which you anticipate each such person to testify.

**ANSWER TO INTERROGATORY NO. 7:** USAA GIC objects to Interrogatory No. 7 on the basis it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. USAA GIC further objects to Interrogatory No. 7 as premature, as discovery in this matter is ongoing and the parties are in the process of exchanging documents and information which may bear on USAA GIC's Answer to Interrogatory No. 7. USAA GIC further objects to Interrogatory No. 7 to the extent it seeks to impose obligations with respect to the timing and extent of disclosures regarding trial witnesses that are different from those required by the Federal Rules of Civil Procedure, the Civil Rules of the United States District Court for the District of Nebraska ("Nebraska Civil Rules"), and the Progression Order or other orders of the Court in this matter. Subject to and without waiving these objections, USAA GIC states it has not yet determined what witnesses it intends to call at trial and USAA GIC will supplement its Answer to Interrogatory No. 7 as appropriate and required by the Federal Rules of Civil Procedure, the Nebraska Civil Rules, and the Progression Order or other orders of the Court in this matter.

**INTERROGATORY NO. 8:** Identify sufficiently to permit Plaintiff to obtain the same through further discovery each document or other thing you may offer into evidence at any trial of this matter that was not produced to Plaintiff as a part of your Rule 26(a)(1) Initial Disclosures or was not produced in your response to Plaintiff's Requests for Production served on you concurrently with these Interrogatories.

8

4907-2465-5707.3

**ANSWER TO INTERROGATORY NO. 8:** USAA GIC objects to Interrogatory No. 8 on the basis it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. USAA GIC further objects to Interrogatory No. 8 as premature, as discovery in this matter is ongoing and the parties are in the process of exchanging documents and information which may bear on USAA GIC's Answer to Interrogatory No. 8.  USAA GIC further objects to Interrogatory No. 8 to the extent it seeks to impose obligations with respect to the timing and extent of disclosures regarding trial exhibits that are different from those required by the Federal Rules of Civil Procedure, the Nebraska Civil Rules, and the Progression Order or other orders of the Court in this matter.  Subject to and without waiving these objections, USAA GIC states it has not yet determined what exhibits it will offer into evidence at trial in this matter and, to the extent not previously produced, USAA GIC will supplement its Answer to Interrogatory No. 8 as appropriate and required by the Federal Rules of Civil Procedure, the Nebraska Civil Rules, and the Progression Order or other orders of the Court in this matter.

**INTERROGATORY NO. 9:** Identify each person with who made decisions on your behalf with respect to responding to Plaintiff's claims for insurance coverage regarding Fire No. 1 and Fire No. 2, who is able and authorized to respond in deposition to such matters in this action, and for each identify:

    a)  Name; and,

    b)  Title;

    c)  Whether said person made decision(s) with respect to Fire No. 1 and Fire No. 2

**ANSWER TO INTERROGATORY NO. 9:** USAA GIC objects to Interrogatory No. 9 on the grounds it is vague and ambiguous. USAA GIC further objects to Interrogatory No. 9 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. Subject to and without waiving these objections, in response to Interrogatory No. 9, USAA GIC identifies Terri Bergstrom, Quality Reinspection Representative for USAA GIC, and further incorporates by reference USAA GIC's Answers to Interrogatory Nos. 1 and 2.

**INTERROGATORY NO. 10:** Identify each person who communicated with Plaintiff regarding any application by Plaintiff for Homeowner's insurance on the Premises that resulted in the issuance of your homeowner's policy on the Premises effective August 1, 2022, and for each identify:

   a) Name; and,

   b) Title;

**ANSWER TO INTERROGATORY NO. 10:** USAA GIC objects to Interrogatory No. 10 on the grounds it is vague, ambiguous, overly broad, and seeks information just as easily accessible by Plaintiff. USAA GIC further objects to Interrogatory No. 10 on the grounds it seeks information not relevant to any party's claims or defenses and to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. Subject to and without waiving these objections, USAA GIC states, after a reasonable inquiry, it is without knowledge or readily obtainable information sufficient to respond to Interrogatory No. 10. USAA GIC reserves the right to supplement its Answer to Interrogatory No. 10, to the extent appropriate, as discovery proceeds.

10

**INTERROGATORY NO. 11:** Identify all employees or agents of Defendant or other authorized persons authorized by Defendant who communicated in any manner with Plaintiff regarding his homeowner's insurance coverage on the Premises regarding changes to Policy No. 1 reflected in the documents bates numbered 000062-000069, and for each identify:

a) Name; and,

b) Title.

**ANSWER TO INTERROGATORY NO. 11:** USAA GIC objects to Interrogatory No. 11 on the grounds it is vague, ambiguous, and overly broad. USAA GIC further objects to Interrogatory No. 11 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. Subject to and without waiving these objections, USAA GIC states it is aware of the following individuals who communicated with Plaintiff regarding Plaintiff's request in or around March 2023 to amend Homeowners Policy No. GIC 03246 44 01 91A, issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2022 to August 1, 2023 ("2022-2023 Policy"), to increase the "dwelling protection" limit of liability from $443,000 to $864,000, and to increase the "personal property protection" limit of liability from $221,500 to $648,000: (a) Cecilio Rosales, Senior Special Claims Investigator for USAA GIC (*see* USAAGIC001455-1529; USAAGIC001716-1790; USAAGIC002247-2249); (b) Andrew Martin, Senior Special Claims Investigator for USAA GIC (*see* USAAGIC001571-1572; USAAGIC001599-1601; USAAGIC001793-1902; USAAGIC002250); and (c) Conan Becknell, Esq., with the law firm Engles Ketcham, Olson, P.C. (*see* USAAGIC001963-2009). USAA GIC reserves the right to supplement its Answer to Interrogatory No. 11, to the extent appropriate, as discovery proceeds.

11

4907-2465-5707.3

**INTERROGATORY NO. 12:** Identify each agent or representative of EFI Global, Inc. who communicated in any manner with Plaintiff or any agent or representative of Plaintiff regarding any fire at the Premises and state the date or dates and form or manner of each such communication. If any Recorded Information was created as a result of any of such communications, state the nature or form of such Recorded Information and identify the custodian or custodians of each sufficiently to permit the undersigned to obtain the same through further discovery.

**ANSWER TO INTERROGATORY NO. 12:** USAA GIC objects to Interrogatory No. 12 on the grounds it is vague, ambiguous, overly broad, and to the extent it seeks information not in the custody, control, or possession of USAA GIC. USAA GIC further objects to Interrogatory No. 12 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. Subject to and without waiving these objections, USAA GIC states it is aware of the following information responsive to Interrogatory No. 12: (a) on or around August 17, 2023, a representative of EFI Global interviewed Plaintiff and Plaintiff's wife, Deatta Weaver, in connection with EFI's investigation of the August 2023 Fire; (b) USAA GIC, upon information and belief, understands the EFI Global representative who interviewed Plaintiff and his wife on or around August 17, 2023 is the individual identified in Paragraph 8 of Section A of USAA GIC's Rule 26(a)(1) Initial Disclosures, J. Cord Guthrie, IAAI-CFI, NAFI-FEI/CVFI; (c) in or around July 2024, via telephone, a representative of EFI Global interviewed Plaintiff in connection with EFI Global's investigation of the July 2024 Fire; and (d) USAA GIC, upon information and belief, understands the EFI Global representative who interviewed Plaintiff in or around July 2024 is John Ticer, IAAI-CFI, identified above in USAA GIC's Answer to Interrogatory No. 2. By way of further response, pursuant to Fed. R. Civ. P. 33(d), USAA GIC refers Plaintiff to documents produced with USAA GIC's Responses to Plaintiff's First

12

Set of Requests for Production of Documents, Bates labeled USAAGIC002747-4803, including, but not limited to, USAAGIC003079-3124, USAAGIC003275-3365, USAAGIC003532-3603, and USAAGIC004309-4360.

**INTERROGATORY NO. 13:** State with particularity each term, condition, limitation, endorsement and exclusion in the policies of insurance that bar or limit, in whole or in part, Plaintiff's claim for relief for damages as alleged in your Answer and Affirmative Defenses filed herein at Doc.#18.

**ANSWER TO INTERROGATORY NO. 13:** USAA GIC objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. Subject to and without waiving these objections, USAA GIC states the 2023-2024 Policy—which speaks for itself and is incorporated herein by reference—provides, *inter alia*:

> 2.      Your Duties After Loss. In case of a loss to which this insurance may apply you must see that the following are done:
>
>     d.    (1) Protect the property from further damage;
>           (2) Make reasonable and necessary repairs to protect the property; and
>           (3) Keep an accurate record of repair expenses[.]

* * *

> 15. Concealment, Misrepresentation or Fraud. If you or any other "insured", whether before or after an "occurrence" or loss under this policy has:
>
> a. Intentionally concealed or misrepresented any material fact or circumstance;
>
> b. Engaged in fraudulent conduct; or
>
> c. Made false statements which, if known by us, would have caused us not to:
>
> (1) Issue the policy;
> (2) Issue the policy in as large an amount;
> (3) Provide coverage for the hazard resulting in the loss; or

13

(4) Issue the policy for the same amount of premium or at the same rate relating to the issuance of this policy or in the presentation of a claim, we may deny coverage or declare the entire policy void as to the interest of all "insureds" and refund the unearned premium as of the date of the conduct described in a., b., or c. above.

(2023-2024 Policy, Conditions §§ I.2.d, I.15).

The Policy further provides "Losses We Do Not Cover Under Dwelling Protection and Other Structure Protection" includes:

d.      Vandalism and malicious mischief or breakage of glass and safety glazing materials, and any ensuing loss caused by any intentional and wrongful act committed in the course of the vandalism or malicious mischief, if the dwelling has been vacant for more than 180 consecutive days immediately before the loss.  A dwelling being constructed is not considered vacant[.]

(2023-2024 Policy, Losses We Do Not Cover § I.1.d).

The Policy further provides "Losses We Do Not Cover Under Dwelling Protection and Other Structure Protection, and Personal Property Protection" includes:

e.      Neglect, by or failure of any 'insured' to use all reasonable means to save and preserve property at and after the time of a loss or damage or the event resulting in loss or damage.

(2023-2024 Policy, Losses We Do Not Cover § I.1.e).  USAA GIC reserves the right to supplement its Answer to Interrogatory No. 13, to the extent appropriate, as discovery and this litigation proceeds.

**INTERROGATORY NO. 14:** State with particularity "Plaintiff's material misrepresentations (a) with respect to the coverage requested and afforded by the Policies, and (b) in connection with USAA GIC's investigation of the August 2023 Claim" that bar or limit, in whole or in part, Plaintiff's claim for relief for damages as alleged in your Answer and Affirmative Defenses filed herein at Doc. #18.

14

**ANSWER TO INTERROGATORY NO. 14:** USAA GIC objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. Subject to and without waiving these objections, USAA GIC incorporates by reference USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (ECF No. 18) and further states the August 6, 2024 Correspondence, in which USAA GIC denied coverage for the August 2023 Claim, provided Plaintiff with USAA GIC's coverage position under the 2023-2024 Policy with respect to the August 2023 Claim. USAA GIC denied coverage on the following bases, as described in the August 6, 2024 Correspondence:

- USAA GIC's investigation revealed Plaintiff "made material misrepresentations during the policy period and in the presentation of" the August 2023 Claim.

- "A local fire investigator investigated the fire and determined the area of origin to be underneath the stairway. In addition, he provided two potential ignition sequences which could not be eliminated as the cause of the fire. One of the hypotheses was associated with human intervention and an intentionally set fire where an ignition source was utilized to ignite combustible items at the point of origin. A supplemental origin and cause report dated 12/15/23 concluded that all electrical items recovered from the scene had been eliminated as competent ignition sources and excluded as potential causes for the fire."

- "The investigative report stated that [Plaintiff's] home had been under renovation for several months associated with a water loss that occurred around October 2022. Remediation for that claim had not been completed and it was reported that the [Plaintiff's] [P]roperty was in foreclosure in February 2023."

- "A review of [Plaintiff's] Homeowners Policy shows that on 3/20/23 [Plaintiff] changed the square footage of the home from 2200 to 2800. [Plaintiff] then requested a business homeowners quote for the property on 8/9/23. An application was completed online in late July 2023. During that application, [Plaintiff] denied that the property was under construction and claimed upgrades had been completed to the kitchen, bathrooms, exterior finishes, and features and 2 fireplaces. The amount of insurance requested was $1,037,000. The policy was originally issued for $691,000 and was updated to $864,000."

15

- "The Assessor Residential Worksheet dated 11/2/23, lists the square footage as 1,652. [Plaintiff] valued the property at $200,000 during [his] second recorded statement during the investigation. This is in stark contrast from the original policy issued in 2013 which had dwelling protection for $238,000, and in 2022 which showed dwelling protection in the amount of $443,000. The policy reflects that the kitchen and baths are 'upgraded', which is inconsistent with the photographs and [Plaintiff's] statement."

- Plaintiff "made multiple material misrepresentations regarding the property to increase the amount of insurance available under the policy."

(August 6, 2024 Correspondence at 1-2; *see* USAAGIC002239-2244). USAA GIC reserves the right to supplement its Answer to Interrogatory No. 14, to the extent appropriate, as discovery proceeds.

**INTERROGATORY NO. 15:** State with particularity each fact supporting your allegation that Plaintiff is barred or limited, in whole or in part, from relief against USAA GIC by the doctrines of accord and satisfaction, payment, release, waiver, laches, estoppel, assumption of risk, and unclean hands from relief for damages as alleged in your Answer and Affirmative Defenses filed herein at Doc.#18.

**ANSWER TO INTERROGATORY NO. 15:** USAA GIC objects to Interrogatory No. 15 on the grounds it is overly broad. USAA GIC further objects to Interrogatory No. 15 to the extent it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. Subject to and without waiving these objections, USAA GIC incorporates by reference the August 6, 2024 Correspondence and April 22, 2025 Correspondence—which speak for themselves—which provided Plaintiff with USAA GIC's coverage position under the 2023-2024 Policy regarding, respectively, the August 2023 Claim and the July 2024 Claim. *See* USAAGIC002239-2244; USAAGIC004785-4788. USAA GIC further incorporates by reference USAA GIC's Answer and

16

Affirmative Defenses to Plaintiff's Second Amended Complaint (ECF No. 18) and reserves the right to supplement its Answer to Interrogatory No. 15, to the extent appropriate, as discovery proceeds.

**INTERROGATORY NO. 16:** State with particularity each "condition[] precedent, concurrent or subsequent with respect to the Policies" Plaintiff failed to fulfill that bar or limit, in whole or in part, Plaintiff's claim for damages, and state with particularity the extent to which Plaintiff so failed to fulfill each such term as alleged in your Answer and Affirmative Defenses filed herein at Doc.#18.

**ANSWER TO INTERROGATORY NO. 16:** USAA GIC objects to Interrogatory No. 16 on the basis it is cumulative. USAA GIC further objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. Subject to and without waiving these objections, USAA GIC incorporates by reference USAA GIC's Answers to Interrogatory Nos. 13, 14, and 15. By way of further response, as described in USAA GIC's August 6, 2024 Correspondence and April 22, 2025 Correspondence, which are incorporated herein by reference, the 2023-2024 Policy does not afford coverage for the August 2023 Claim and the July 2024 Claim because Plaintiff made material representations and failed to comply with the 2023-2024 Policy's terms and conditions. *See* USAAGIC002239-2244; USAAGIC004785-4788. USAA GIC reserves the right to supplement its Answer to Interrogatory No. 16, to the extent appropriate, as discovery proceeds.

17

**INTERROGATORY NO. 17:** State with particularity each term, condition, limitation, endorsement and exclusion in the policies of insurance requiring "sudden and accidental direct, physical loss to tangible property covered under the 2023-2024 Policy" that bars in whole or in part, Plaintiff's claim for relief for damages "as required by the 2023-2024 Policy" as alleged in your Answer and Affirmative Defenses filed herein at Doc.#18.

**ANSWER TO INTERROGATORY NO. 17:** USAA GIC objects to Interrogatory No. 17 on the basis it is cumulative, vague, and ambiguous. USAA GIC further objects to Interrogatory No. 17 to the extent it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. Subject to and without waiving these objections, USAA GIC incorporates by reference USAA GIC's Answers to Interrogatory Nos. 13, 14, 15, and 16, and further states the 2023-2024 Policy—which does not afford coverage for losses that are not "sudden and accidental"—speaks for itself. USAA GIC reserves the right to supplement its Answer to Interrogatory No. 17, to the extent appropriate, as discovery proceeds.

**INTERROGATORY NO. 18:** For each request for admissions contemporaneously served with these Interrogatories which you did not unequivocally admit or fully explain the basis or bases for your inability to so admit or deny, set forth in particularity each reason for not unequivocally admitting the requested admission.

**ANSWER TO INTERROGATORY NO. 18:** USAA GIC objects to Interrogatory No. 18 on the basis it is cumulative. USAA GIC further objects to Interrogatory No. 18 to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by law. Subject to and without waiving these objections, USAA GIC

18

incorporates by reference its responses, as appropriate, to Plaintiff's First Set of Requests for Admission to USAA GIC.

Dated: August 21, 2025

> /s/ *Brooke H. McCarthy*
> Brooke H. McCarthy #25077
> Ashley A. Moore #25927
> KUTAK ROCK LLP
> 1650 Farnam Street
> Omaha, NE  68102-2186
> Telephone: (402) 346-6000
> Email: brooke.mccarthy@kutakrock.com
> Email: ashley.moore@kutakrock.com
>
> *Attorneys for Defendant USAA General Indemnity Company*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2025, I served via electronic mail the foregoing Defendant USAA General Indemnity Company's Objections and Answers to Plaintiff William Weaver's First Set of Interrogatories to Defendant USAA General Indemnity Company to the following:

Siegfried H. Brauer, Esq.
Brauer Law Firm
3423 2nd Avenue, Suite 4
Kearney, NE  68848
Telephone: (308) 234-6696
Email: sbrauer@frontiernet.net

*Counsel for Plaintiff William Weaver*

*/s/ Brooke H. McCarthy*
Brooke H. McCarthy

20

4907-2465-5707.3

## VERIFICATION

I, Teri Bergstrom, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Answers to Plaintiff William Weaver's Interrogatories to USAA General Indemnity Company are true and correct to the best of my knowledge, information, and belief.

Dated this ___21___ day of August 2025, in Colorado Springs Colorado _____.

By: _Teri Bergstrom_____
Teri Bergstrom
Quality Reinspection Representative
USAA General Indemnity Company

21

4907-2465-5707.3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

WILLIAM WEAVER,

        Plaintiff,

    v.

USAA GENERAL INDEMNITY
COMPANY,

        Defendant.

Case No. 8:25-cv-00072-RFR-RCC

**DEFENDANT USAA GENERAL
INDEMNITY COMPANY'S
OBJECTIONS AND ANSWERS TO
PLAINTIFF WILLIAM WEAVER'S
SECOND SET OF INTERROGATORIES**

Defendant USAA General Indemnity Company ("USAA GIC"), pursuant to Federal Rules of Civil Procedure 26 and 33 and Nebraska Civil Rule 33.1, hereby provides the following objections and answers to Plaintiff William Weaver's ("Plaintiff") Second Set of Interrogatories to USAA GIC ("Interrogatories"):

**ANSWERS AND OBJECTIONS TO INTERROGATORIES**

*Introduction*:

The fact USAA GIC has provided a factual response or identified a document in response to these Interrogatories is not an admission the fact or document is admissible in evidence and is not to be construed as a waiver of any objection that may hereafter be interposed to the admissibility of such fact or document as evidence in this case. Further objections and qualifications raised by USAA GIC and any attempt to respond to these Interrogatories are an effort by USAA GIC to cooperate in this litigation and are not a waiver of any objections and qualifications filed herein, nor are they a waiver of any rights under Nebraska law or otherwise.

USAA GIC is continuing its analysis of the facts and law related to this case, and USAA GIC has not yet concluded its investigation, discovery, and preparation for trial. USAA GIC's answers ("Answers") to these Interrogatories, therefore, are given without prejudice

4913-3877-3369.2

to USAA GIC's right to add to, modify, or otherwise change or amend the Answers herein based on subsequently discovered facts or writings.  USAA GIC expressly reserves the right to supplement its Answers as such information becomes available.  These Answers are based on documents and information currently available to USAA GIC.  The information is true and correct to the best of USAA GIC's knowledge as of this date and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions.

*__Answers and Specific Objections__*:

**INTERROGATORY NO. 28**[1]**:** State the date you initiated processes in anticipation of litigation of Plaintiff's claims arising out of Fire No. 1.

**ANSWER TO INTERROGATORY NO. 28:** USAA GIC objects to Interrogatory No. 28 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32).  Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025.  (Filing No. 32 ¶ 2).  As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025.  (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2).  Plaintiff served his Second Set of Interrogatories on November 11, 2025, after the expiration of the November 5, 2025 deadline.  Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Interrogatories were nonetheless untimely when served.  Without waiving this objection, and in the interest of cooperation, USAA GIC states, on or around December 8, 2023, it first

---

[1] Plaintiff's First Set of Interrogatories contained Interrogatory Nos. 1-18.  Plaintiff omitted Interrogatory Nos. 19-27 and Plaintiff's Second Set of Interrogatories starts with Interrogatory No. 28.

4913-3877-3369.2

contacted outside coverage counsel seeking legal advice regarding coverage issues arising out of the August 2023 Fire[2]; and, on February 16, 2024, Plaintiff advised USAA GIC that Plaintiff had retained counsel to represent him with respect to the August 2023 Claim.

**INTERROGATORY NO. 29:** State the date you initiated processes in anticipation of litigation of Plaintiff's claims arising out of Fire No. 2.

**ANSWER TO INTERROGATORY NO. 29:** USAA GIC objects to Interrogatory No. 29 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32). Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025. (Filing No. 32 ¶ 2). As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025. (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2). Plaintiff served his Second Set of Interrogatories on November 11, 2025, after the expiration of the November 5, 2025 deadline. Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Interrogatories were nonetheless untimely when served. Without waiving this objection, and in the interest of cooperation, USAAG GIC states, on or around July 10, 2024, it first contacted outside coverage counsel seeking legal advice regarding coverage issues arising out of the July 2024 Fire.

---

[2] Unless otherwise defined, capitalized terms in these Answers shall have the same meaning as ascribed in USAA GIC's August 21, 2025 Answers and Objections to Plaintiff's First Set of Discovery Requests.

3

**INTERROGATORY NO. 30:** State the date or dates you notified Plaintiff of cancellation, termination, or nonrenewal of any homeowners policy of insurance with you following Fire No. 1 or Fire No. 2. Set forth the manner in which you provided such notification.

**ANSWER TO INTERROGATORY NO. 30:** USAA GIC objects to Interrogatory No. 30 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32). Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025. (Filing No. 32 ¶ 2). As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025. (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2). Plaintiff served his Second Set of Interrogatories on November 11, 2025, after the expiration of the November 5, 2025 deadline. Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Interrogatories were nonetheless untimely when served. Without waiving this objection, and in the interest of cooperation, USAA GIC states by correspondence dated August 12, 2024, USAA GIC provided Plaintiff with notice of USAA GIC's cancellation of Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2024 to August 1, 2025.

**INTERROGATORY NO. 31:** Set forth each misrepresentation you allege was made by Plaintiff "regarding the property to increase the amount of insurance available under the policy." State whether you relied on any such alleged misrepresentations. If so, state why you relied on such alleged misrepresentations. State whether you were injured by such reliance, and if so describe how you were injured.

4

4913-3877-3369.2

**ANSWER TO INTERROGATORY NO. 31:** USAA GIC objects to Interrogatory No. 31 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32). Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025. (Filing No. 32 ¶ 2). As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025. (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2). Plaintiff served his Second Set of Interrogatories on November 11, 2025, after the expiration of the November 5, 2025 deadline. Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Interrogatories were nonetheless untimely when served. USAA GIC further objects to Interrogatory No. 31 on the basis it is cumulative. (*See* Plaintiff's Interrogatory No. 14). Without waiving this objection, and in the interest of cooperation, USAA GIC incorporates by reference USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Filing No. 18) and further states the August 6, 2024 Correspondence, in which USAA GIC denied coverage for the August 2023 Claim, provided Plaintiff with USAA GIC's coverage position under the 2023-2024 Policy with respect to the August 2023 Claim. USAA GIC denied coverage on the following bases, as described in the August 6, 2024 Correspondence:

- USAA GIC's investigation revealed Plaintiff "made material misrepresentations during the policy period and in the presentation of" the August 2023 Claim.

- "A local fire investigator investigated the fire and determined the area of origin to be underneath the stairway. In addition, he provided two potential ignition sequences which could not be eliminated as the cause of the fire. One of the hypotheses was associated with human intervention and an intentionally set fire where an ignition source was utilized to ignite combustible items at the point of origin. A supplemental origin and cause report dated 12/15/23 concluded that all electrical items recovered from the scene had been eliminated as competent ignition sources and excluded as potential causes for the fire."

5

- "The investigative report stated that [Plaintiff's] home had been under renovation for several months associated with a water loss that occurred around October 2022. Remediation for that claim had not been completed and it was reported that the [Plaintiff's] [P]roperty was in foreclosure in February 2023."

- "A review of [Plaintiff's] Homeowners Policy shows that on 3/20/23 [Plaintiff] changed the square footage of the home from 2200 to 2800. [Plaintiff] then requested a business homeowners quote for the property on 8/9/23. An application was completed online in late July 2023. During that application, [Plaintiff] denied that the property was under construction and claimed upgrades had been completed to the kitchen, bathrooms, exterior finishes, and features and 2 fireplaces. The amount of insurance requested was $1,037,000. The policy was originally issued for $691,000 and was updated to $864,000."

- "The Assessor Residential Worksheet dated 11/2/23, lists the square footage as 1,652. [Plaintiff] valued the property at $200,000 during [his] second recorded statement during the investigation. This is in stark contrast from the original policy issued in 2013 which had dwelling protection for $238,000, and in 2022 which showed dwelling protection in the amount of $443,000. The policy reflects that the kitchen and baths are 'upgraded', which is inconsistent with the photographs and [Plaintiff's] statement."

- Plaintiff "made multiple material misrepresentations regarding the property to increase the amount of insurance available under the policy."

(August 6, 2024 Correspondence at 1-2; *see* USAAGIC002239-2244). To its detriment, USAA GIC relied on these misrepresentations because they were provided to USAA GIC by Plaintiff, and USAA GIC issued the 2023-2024 Policy in accordance with those misrepresentations. USAA GIC reserves the right to supplement its Answer to Interrogatory No. 31, to the extent appropriate, as discovery proceeds.

Pursuant to NECivR 33.1, USAA GIC has counted Interrogatory No. 31 as four interrogatories. *See Franks v. Creighton Univ.*, No. 8:07CV107, 2007 WL 4553938, at *2 (D. Neb. Dec. 19, 2007). This results in 25 interrogatories, meaning that by this interrogatory, Plaintiff has reached the number of permissible interrogatories under Federal Rule of Civil Procedure 33(a)(1).

6

4913-3877-3369.2

**INTERROGATORY NO. 32:** Set forth each alleged act or omission of Plaintiff you consider a breach of warranty or condition with regard to Fire No. 1.  State whether any of such alleged acts or omissions contributed to any injury to you.  If your answer is in the affirmative, describe in detail how each act or omission caused injury to you.

**ANSWER TO INTERROGATORY NO. 32:** USAA GIC objects to Interrogatory No. 32 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32).  Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025.  (Filing No. 32 ¶ 2).  As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025.  (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2).  Plaintiff served his Second Set of Interrogatories on November 11, 2025, after the expiration of the November 5, 2025 deadline.  Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Interrogatories were nonetheless untimely when served.  USAA GIC further objects to Interrogatory No. 32, pursuant to Fed. R. Civ. P. 33(a)(1) and NECivR 33.1, on the basis Plaintiff has exceeded the number of permissible interrogatories.  Under Fed. R. Civ. P. 33(a)(1), a party may not serve more than 25 written interrogatories on another party without leave of court.  Plaintiff does not have such leave.  Accordingly, USAA GIC is not required to answer Interrogatory No. 32 under the Federal Rules of Civil Procedure and Nebraska's Civil Rules of Procedure.  Without waiving these objections, and in the interest of cooperation, USAA GIC incorporates by reference USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Filing No. 18) and further states, by correspondence to Plaintiff's counsel dated August 6, 2024—which speaks for itself and is incorporated herein by reference—

7

4913-3877-3369.2

USAA GIC provided Plaintiff with its coverage position regarding the August 2023 Claim under the 2023-2024 Policy. (*See* USAAGIC002239-2244; Filing No. 18).

**INTERROGATORY NO. 33:** Set forth each alleged act or omission of Plaintiff you consider a breach of warranty or condition with regarding to Fire No. 2. State whether any of such alleged acts or omissions contributed to any injury to you. If your answer is in the affirmative, describe in detail how each act or omission caused injury to you.

**ANSWER TO INTERROGATORY NO. 33:** USAA GIC objects to Interrogatory No. 33 because it is an untimely written discovery request served after the deadline provided in the Amended Progression Order (Filing No. 32). Pursuant to the Amended Progression Order, the deadline to complete written discovery under Federal Rules of Civil Procedure 33, 34, 36, and 45 was December 5, 2025. (Filing No. 32 ¶ 2). As such, the deadline to serve all written discovery requests under Rules 33, 34, and 36 was November 5, 2025. (Filing No. 21, § VI.C.1(b), n.4; Filing No. 32 ¶ 2). Plaintiff served his Second Set of Interrogatories on November 11, 2025, after the expiration of the November 5, 2025 deadline. Although the Court subsequently extended the deadline to complete additional limited written discovery (Filing Nos. 35-36), Plaintiff's Second Set of Interrogatories were nonetheless untimely when served. USAA GIC further objects to Interrogatory No. 33, pursuant to Fed. R. Civ. P. 33(a)(1) and NECivR 33.1, on the basis Plaintiff has exceeded the number of permissible interrogatories. Under Fed. R. Civ. P. 33(a)(1), a party may not serve more than 25 written interrogatories on another party without leave of court. Plaintiff does not have such leave. Accordingly, USAA GIC is not required to answer Interrogatory No. 33 under the Federal Rules of Civil Procedure and Nebraska's Civil Rules of Procedure. Without waiving these objections, and in the interest of cooperation, USAA GIC

8

incorporates by reference USAA GIC's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (Filing No. 18) and further states, by correspondence to Plaintiff's counsel dated April 22, 2025—which speaks for itself and is incorporated herein by reference—USAA GIC provided Plaintiff with its coverage position regarding the July 2024 Claim under the 2023-2024 Policy.  (*See* USAAGIC004785-4788; Filing No. 18).

Dated: December 23, 2025.

/s/ Brooke H. McCarthy
Brooke H. McCarthy #25077
Ashley A. Moore #25927
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102-2186
Telephone: (402) 346-6000
Email: brooke.mccarthy@kutakrock.com
Email: ashley.moore@kutakrock.com

*Attorneys for Defendant USAA General Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I served via electronic mail the foregoing Defendant USAA General Indemnity Company's Objections and Answers to Plaintiff William Weaver's Second Set of Interrogatories to Defendant USAA General Indemnity Company to the following:

Siegfried H. Brauer, Esq.
Brauer Law Firm
3423 2nd Avenue, Suite 4
Kearney, NE  68848
Telephone: (308) 234-6696
Email: sbrauer@frontiernet.net

*Counsel for Plaintiff William Weaver*

/s/ Brooke H. McCarthy
Brooke H. McCarthy

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| WILLIAM WEAVER, | Case No. 8:25-cv-00072-RFR-RCC |
| Plaintiff, | **DEFENDANT USAA GENERAL INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF WILLIAM WEAVER'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

Defendant USAA General Indemnity Company ("USAA GIC"), pursuant to Federal Rules of Civil Procedure 26 and 36 and Nebraska Civil Rule 36.1, hereby provides the following objections and responses to Plaintiff William Weaver's ("Plaintiff") First Set of Requests for Admission ("Requests"):

**RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION**

*Introduction*:

The fact USAA GIC has provided a factual response or information in response to these Requests is not an admission the fact or information is admissible in evidence and is not to be construed as a waiver of any objection that may hereafter be interposed to the admissibility of such fact, information, or document as evidence in this case. Further objections and qualifications raised by USAA GIC and any attempt to respond to these Requests are an effort by USAA GIC to cooperate in this litigation and are not a waiver of any objections and qualifications filed herein, nor are they a waiver of any rights under Nebraska law or otherwise. Nothing contained herein is intended to be, nor may it be construed to be, a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or rights under Nebraska law.

4927-0076-2715.3

USAA GIC is continuing its analysis of the facts and law related to this case, and USAA GIC has not yet concluded its investigation, discovery, and preparation for trial. Therefore, USAA GIC's responses ("Responses") to these Requests are given without prejudice to USAA GIC's right to add to, modify, or otherwise change or amend the Responses herein. These Responses are based on documents and information currently available to USAA GIC. The information is true and correct to the best of USAA GIC's knowledge as of this date and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions. USAA GIC expressly reserves the right to supplement its Responses below as such information becomes available.

The statements in this Introduction apply to each individual Request and are hereby incorporated into each of the following Responses. USAA GIC will provide specific objections to each Request below, as appropriate.

***Responses and Specific Objections*:**

**REQUEST FOR ADMISSION NO. 1:** The combined homeowner's insurance coverage provided in Attachments 1 and 2 was in effect on 08/14/23.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** USAA GIC objects to Request No. 1 on the grounds "combined homeowner's insurance coverage" is vague and ambiguous. Subject to and without waiving its objections, USAA GIC denies Request No. 1. By way of further response, USAA GIC states: (a) USAA GIC issued Homeowners Policy No. GIC 03246 44 01 91A to Plaintiff as the named insured for the policy period August 1, 2022 to August 1, 2023 ("2022-2023 Policy" or "Policy No. 1"); (b) effective March 21, 2023, upon Plaintiff's request, the 2022-2023 Policy was amended to increase the "dwelling protection" limit of liability from $443,000 to

2

4927-0076-2715.3

$864,000, and to increase the "personal property protection" limit of liability from $221,500 to $648,000 (*see* Plaintiff's Rule 26(a)(1) Initial Disclosures, Bates Nos. 000062-68); (c) the property located at 1111 West E Street, Ogallala, Nebraska ("Weaver Property") is identified in the 2022-2023 Policy as the insured "Residence Premises"; (d) USAA GIC issued Homeowners Policy No. GIC 03246 44 01 91A to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("2023-2024 Policy" and together with the 2022-2023 Policy, "Policies"); (e) the Weaver Property is identified in the 2023-2024 Policy as the insured "Residence Premises"; (f) a true and correct copy of the 2023-2024 Policy was previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures and identified with the Bates labels USAAGIC002685-2746; and (g) August 14, 2023 falls during the policy period for the 2023-2024 Policy (*i.e.*, Policy No. 2), not the 2022-2023 Policy (*i.e.*, Policy No. 1).  USAA GIC further states the Policies speak for themselves and USAA GIC denies any statement or assertion in Request No. 1 inconsistent therewith.

**REQUEST FOR ADMISSION NO. 2:** The combined homeowner's insurance coverage provided in Policy No. 2 was in effect on 07/09/24.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** USAA GIC objects to Request No. 2 on the grounds "combined homeowner's insurance coverage" is vague and ambiguous.  Subject to and without waiving its objections, USAA GIC admits USAA GIC issued the 2023-2024 Policy to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024, and July 9, 2024 falls during the policy period for the 2023-2024 Policy.  By way of further response, USAA GIC states the 2023-2024 Policy speaks for itself and USAA GIC denies any statement or assertion in Request No. 2 inconsistent therewith.

3

4927-0076-2715.3

**REQUEST FOR ADMISSION NO. 3:** That on or about August 14, 2023 the Premises suffered irreparable damage by fire constituting a total loss to the residence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:** USAA objects to Request No. 3 on the grounds it is vague, ambiguous, and asserts a legal conclusion to which no response is required. Subject to and without waiving these objections: (a) USAA GIC admits on or around August 14, 2023, Plaintiff submitted a claim ("August 2023 Claim") to USAA GIC under the 2023-2024 Policy for fire damage to the Weaver Property allegedly sustained on or around August 14, 2023 ("August 2023 Fire"); (b) USAA GIC states the 2023-2024 Policy does not afford coverage for the August 2023 Claim; and (c) after a reasonable inquiry, USAA GIC states it is without knowledge or readily obtainable information sufficient to admit or deny the alleged August 2023 Fire caused "irreparable damage . . . constituting a total loss to the" Weaver Property, and USAA GIC therefore denies this portion of Request No. 3.

**REQUEST FOR ADMISSION NO. 4:** That on or about August 14, 2023 the Premises suffered damage by fire, smoke, and water resulting in a total loss to the contents in the residence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:** USAA objects to Request No. 4 on the grounds it is vague, ambiguous, and asserts a legal conclusion to which no response is required. Subject to and without waiving these objections: (a) USAA GIC admits on or around August 14, 2023, Plaintiff submitted the August 2023 Claim to USAA GIC under the 2023-2024 Policy for alleged damage to the Weaver Property and its contents arising from the August 2023 Fire; (b) USAA GIC states the 2023-2024 Policy does not afford coverage for the August 2023 Claim; and (c) after a reasonable inquiry, USAA GIC states it is without knowledge or readily obtainable information sufficient to admit or deny the alleged August 2023 Fire caused a "total

4

4927-0076-2715.3

loss to the contents in the" Weaver Property, and USAA GIC therefore denies this portion of Request No. 4.


**REQUEST FOR ADMISSION NO. 5:** That on July 9, 2024 the Premises suffered damage by fire constituting a total loss to the residence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:** USAA objects to Request No. 5 on the grounds it is vague, ambiguous, and asserts a legal conclusion to which no response is required. Subject to and without waiving these objections: (a) USAA GIC admits on or around July 10, 2024, Plaintiff submitted a claim ("July 2024 Claim") to USAA GIC under the 2023-2024 Policy for fire damage to the Weaver Property allegedly sustained on or around July 9, 2024 ("July 2024 Fire"); (b) USAA GIC states the 2023-2024 Policy does not afford coverage for the July 2024 Claim; and (c) after a reasonable inquiry, USAA GIC states it is without knowledge or readily obtainable information sufficient to admit or deny the alleged July 2024 Fire caused "damage . . . constituting a total loss to the" Weaver Property, and USAA GIC therefore denies this portion of Request No. 5.


**REQUEST FOR ADMISSION NO. 6:** That on or about July 9, 2024 the Premises suffered damage by fire resulting in a total loss to the contents in the residence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:** USAA objects to Request No. 6 on the grounds it is vague, ambiguous, and asserts a legal conclusion to which no response is required. Subject to and without waiving these objections: (a) USAA GIC admits on or around July 10, 2024, Plaintiff submitted the July 2024 Claim to USAA GIC under the 2023-2024 Policy for alleged damage to the Weaver Property and its contents arising from the July 2024 Fire; (b) USAA GIC states the 2023-2024 Policy does not afford coverage for the July 2024 Claim; and (c) after a

5

4927-0076-2715.3

reasonable inquiry, USAA GIC states it is without knowledge or readily obtainable information sufficient to admit or deny the alleged July 2024 Fire caused a "total loss to the contents in the" Weaver Property, and USAA GIC therefore denies this portion of Request No. 6.

**REQUEST FOR ADMISSION NO. 7:** That Plaintiff timely submitted a claim to you regarding his losses to the Premises and his personal property contents due to the fire of 08/14/23.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:** USAA GIC admits, on or around August 14, 2023, Plaintiff submitted the August 2023 Claim to USAA GIC under the 2023-2024 Policy. By way of further response, USAA GIC states the 2023-2024 Policy does not afford coverage for the August 2023 Claim.

**REQUEST FOR ADMISSION NO. 8:** That Plaintiff timely submitted a claim to you regarding his losses to the Premises and his personal property contents due to the fire of 07/09/24.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:** USAA GIC admits, on or around July 10, 2024, Plaintiff submitted the July 2024 Claim to USAA GIC under the 2023-2024 Policy. By way of further response, USAA GIC states the 2023-2024 Policy does not afford coverage for the July 2024 Claim.

**REQUEST FOR ADMISSION NO. 9:** That under the Coverage A-Dwelling Protection, Section I of Policy No. 1, and the "Amended Declaration Page" effective 3/21/23 (Attachment 2) the amount of insurance coverage on the Premises on August 14, 2023 was $864,000.00.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:** USAA GIC objects to the premise and assumptions in Request No. 9 on the grounds the 2022-2023 Policy (*i.e.*, Policy No. 1) was not in

6

effect on August 14, 2023. Subject to and without waiving this objection, USAA GIC states: (a) USAA GIC issued the 2022-2023 Policy to Plaintiff as the named insured for the policy period August 1, 2022 to August 1, 2023; (b) effective March 21, 2023, upon Plaintiff's request, the 2022-2023 Policy was amended to increase the "dwelling protection" limit of liability from $443,000 to $864,000; (c) Plaintiff made multiple material misrepresentations regarding the Weaver Property in connection with the March 2023 request, and otherwise, to increase the amount of insurance available for the Weaver Property (*see*, *e.g.*, USAAGIC002239-2244; USAAGIC004785-4788); (d) USAA GIC issued the 2023-2024 Policy to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024; and (e) the Policies speak for themselves, and USAA GIC denies any statement or assertion in Request No. 9 inconsistent therewith.

**REQUEST FOR ADMISSION NO. 10:** That under the Coverage A-Dwelling Protection, Section I of Policy No. 2. The amount of insurance coverage on Plaintiff's contents in the Premises on July 9, 2024 was $648,000.00.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:** In response to Request No. 10, USAA GIC states: (a) USAA GIC issued the 2022-2023 Policy to Plaintiff as the named insured for the policy period August 1, 2022 to August 1, 2023; (b) effective March 21, 2023, upon Plaintiff's request, the 2022-2023 Policy was amended to increase the "dwelling protection" limit of liability from $443,000 to $864,000, and to increase the "personal property protection" limit of liability from $221,500 to $648,000; (c) Plaintiff made multiple material misrepresentations regarding the Weaver Property in connection with the March 2023 request, and otherwise, to increase the amount of insurance available for the Weaver Property (*see*, *e.g.*, USAAGIC002239-2244; USAAGIC004785-4788); (d) USAA GIC issued the 2023-2024 Policy to Plaintiff as the

7

4927-0076-2715.3

named insured for the policy period August 1, 2023 to August 1, 2024; and (e) the Policies speak

for themselves and USAA GIC denies any statement or assertion in Request No. 10 inconsistent

therewith.

**REQUEST FOR ADMISSION NO. 11:** That as a result of total loss to the Premises on

July 9, 2024 and total loss to the contents in the Premises due to fire, smoke, water and firefighting

actions Plaintiff is entitled to payment of the amount of 75% of the amount of $648,000.00 under

the Coverage C-Personal Property Protection, Section I of Policy No. 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:** Denied.  By way of further response,

USAA GIC states it promptly, fairly, and equitably settled the August 2023 Claim and July 2024

Claim, provided Plaintiff with all benefits presently due and owing under the 2023-2024 Policy

with respect to the August 2023 Claim and July 2024 Claim, and at all times acted in good faith

toward Plaintiff, and otherwise, with respect to the August 2023 Claim and July 2024 Claim.

**REQUEST FOR ADMISSION NO. 12:** That, following investigation of Fire No. 1, one or more

of your employees, agents or investigators informed the Plaintiff that due to such fire the Premises

could not be repaired for habitation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:** USAA GIC objects to Request No. 12

on the grounds it is vague and ambiguous.  Subject to and without waiving its objections, after a

reasonable inquiry, USAA GIC states it is without knowledge or readily obtainable information

sufficient to admit or deny the contentions in Request No. 12, and USAA GIC therefore denies

Request No. 12.

8

4927-0076-2715.3

**REQUEST FOR ADMISSION NO. 13:** That, following investigation of Fire No. 1, one or more of your employees, agents or investigators, informed the Plaintiff that following Fire No. 1 the remnants of the Premises would have to be demolished and removed and the structure rebuilt to be habitable.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:** USAA GIC objects to Request No. 13 on the grounds it is vague and ambiguous.  Subject to and without waiving its objections, after a reasonable inquiry, USAA GIC states it is without knowledge or readily obtainable information sufficient to admit or deny the contentions in Request No. 13, and USAA GIC therefore denies Request No. 13.

**REQUEST FOR ADMISSION NO. 14:** Plaintiff satisfied all conditions precedent for insurance coverage under Policy No. 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:** USAA GIC objects to the premise and assumptions in Request No. 14 on the grounds Plaintiff never submitted a claim to USAA GIC for coverage under the 2022-2023 Policy (*i.e.*, Policy No. 1), with respect to the alleged August 2023 Fire and the July 2024 Fire, because such fires allegedly occurred during the policy period for the 2023-2024 Policy (*i.e.*, Policy No. 2).  USAA GIC further objects to Request No. 14 on the grounds it is vague, ambiguous, overly broad, and seeks information not relevant to any party's claims or defenses.  Subject to and without waiving these objections, USAA GIC denies Request No. 14 because there is no coverage under the 2022-2023 Policy (*i.e.*, Policy No. 1) for the August 2023 Claim or the July 2024 Claim.

9

**REQUEST FOR ADMISSION NO. 15:** Plaintiff satisfied all conditions precedent for insurance coverage under Policy No. 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:** USAA GIC objects to Request No. 15 on the grounds it is vague, ambiguous and does not specify whether Request No. 15 refers to the August 2023 Claim, the July 2024 Claim, or some other matter. Subject to and without waiving these objections, to the extent Request No. 15 refers to Plaintiff's demand for coverage under the 2023-2024 Policy for the August 2024 Claim and the July 2024 Claim, USAA GIC denies Request No. 15 and states the 2023-2024 Policy does not afford coverage for the August 2024 Claim and the July 2024 Claim. (*See*, *e.g.*, USAAGIC002239-2244; USAAGIC004785-4788).

**REQUEST FOR ADMISSION NO. 16:** You had no arguable basis to deny insurance coverage to Plaintiff for damages resulting from Fire No. 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:** Denied. By way of further response, USAA GIC states it promptly, fairly, and equitably settled the August 2023 Claim arising from the August 2023 Fire, provided Plaintiff with all benefits presently due and owing under the 2023-2024 Policy with respect to the August 2023 Claim, and at all times acted in good faith toward Plaintiff, and otherwise, with respect to the August 2023 Claim. By way of further response, USAA GIC states, by correspondence to Plaintiff's counsel dated August 6, 2024, USAA GIC provided Plaintiff with its coverage position regarding the August 2023 Claim. (*See* USAAGIC002239-2244).

10

4927-0076-2715.3

**REQUEST FOR ADMISSION NO. 17:** You had no arguable basis to deny insurance coverage to Plaintiff for damages resulting from Fire No. 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:** Denied. By way of further response, USAA GIC states it promptly, fairly, and equitably settled the July 2024 Claim arising from the July 2024 Fire, provided Plaintiff with all benefits presently due and owing under the 2023-2024 Policy with respect to the July 2024 Claim, and at all times acted in good faith toward Plaintiff, and otherwise, with respect to the July 2024 Claim. By way of further response, USAA GIC states, by correspondence to Plaintiff's counsel dated April 22, 2025, USAA GIC provided Plaintiff with its coverage position regarding the July 2024 Claim. (*See* USAAGIC004785-4788).

Dated: August 20, 2025

/s/ Brooke H. McCarthy
Brooke H. McCarthy #25077
Ashley A. Moore #25927
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE  68102-2186
Telephone: (402) 346-6000
Email: brooke.mccarthy@kutakrock.com
Email: ashley.moore@kutakrock.com

*Attorneys for Defendant USAA General Indemnity Company*

11

4927-0076-2715.3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 20, 2025, I served via electronic mail the foregoing Defendant USAA General Indemnity Company's Objections and Responses to Plaintiff William Weaver's First Set of Requests for Admission to the following:

Siegfried H. Brauer, Esq.
Brauer Law Firm
3423 2nd Avenue, Suite 4
Kearney, NE 68848
Telephone: (308) 234-6696
Email: sbrauer@frontiernet.net

*Counsel for Plaintiff William Weaver*

*/s/ Brooke H. McCarthy*
Brooke H. McCarthy

12

4927-0076-2715.3

William Weaver v. USAA General Indemnity Company
United States District Court for the District of Nebraska, Case No. 8:25-cv-00072-RFR-RCC
**USAA General Indemnity Company's ("USAA GIC") Amended Privilege Log**

| Document No. | Bates Number | Sent Date | Communication From | Communication To | Communication CC | Privilege Reason | Privilege Note |
|---|---|---|---|---|---|---|---|
| 1 | | 1/30/2024  10:56:00AM | David Brooks | Karen Bailey, Esq. | 5cpmd834d3v8@claims.usaa.com | Withheld; AC | Attorney-client privileged communication with outside coverage counsel related to the August 2023 Claim |
| 8 | USAAGIC 005099 | 8/23/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel compensation and the July 2024 Claim; not relevant to any party's claim or defense |
| 8 | USAAGIC 005099 | 8/23/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel compensation and the July 2024 Claim; not relevant to any party's claim or defense |
| 8 | USAAGIC 005099 | 8/23/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel compensation and the July 2024 Claim; not relevant to any party's claim or defense |
| 8 | USAAGIC 005099 | 10/15/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel compensation and the July 2024 Claim; not relevant to any party's claim or defense |
| 8 | USAAGIC 005100 | 10/15/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel compensation and the July 2024 Claim; not relevant to any party's claim or defense |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | USAAGIC 005100 | 10/15/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel compensation and the July 2024 Claim; not relevant to any party's claim or defense |
| 92 | | 12/22/23 10:14 AM | David Brooks | Karen Bailey, Esq. | 5cpmd834d3v8@claims.usaa.com | Withheld; AC | Attorney-client privileged communication with outside coverage counsel related to the August 2023 Claim |
| 135 | | Multiple | Unknown | | | Withheld; WP | Work-product protected information regarding reserve history related to the August 2023 Claim and July 2024 Claim in anticipation of litigation; not relevant to any party's claim or defense |
| 143 | | 6/12/24 7:51 AM | David Brooks | Conan Becknell, Esq. | 5cpmd834d3v8@claims.usaa.com | Withheld; AC | Attorney-client privileged communication with outside coverage counsel related to the August 2023 Claim |
| 187 | | 3/13/24 1:36 PM | Karen Bailey, Esq. | Teri Bergstrom | | Withheld; AC | Attorney-client privileged communication with outside coverage counsel related to the August 2023 Claim |
| 250 | | 6/26/24 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication from outside coverage counsel related to the August 2023 Claim made in anticipation of litigation |
| 291 | | 6/17/24 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication from outside coverage counsel related to the August 2023 Claim made in anticipation of litigation |
| 299 | | 6/26/24 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication from outside coverage counsel related to the August 2023 Claim made in anticipation of litigation |
| 308 | | 8/20/24 10:39 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC | Attorney-client privileged communication from outside coverage counsel related to compensation; not relevant to any party's claim or defense |
| 382 | | 1/12/24 8:26 AM | Karen Bailey, Esq. | David Brooks | | Withheld; AC | Attorney-client privileged communication from outside coverage counsel related to the August 2023 Claim |

| 398 | | 2/22/24 9:56 AM | Karen Bailey, Esq. | David Brooks | Michaela Casey | Withheld; AC | Attorney-client privileged communication from outside coverage counsel related to the August 2023 Claim |
| 431 | | 3/4/24 8:57 AM | Teri Bergstrom | Karen Bailey, Esq. | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |
| 507 | | 10/14/23 11:03 AM | Cecilio Rosales | Cord Guthrie; Ward Arms, EFI Global, Inc. | Teri Bergstrom; 5cpmd834d3v8@claims.usaa.com | Withheld; WP | Work-product protected communication related to the engagement of consulting expert services for the August 2023 Claim in anticipation of litigation |
| 567 | | 4/10/24 3:38 PM | Conan Becknell, Esq. | David Brooks | Steve Olson; Kelsey Tauzin; Amy Barrett | Withheld; AC | Attorney-client privileged communication from outside coverage counsel related to the August 2023 Claim |
| 578 | | 1/19/24 9:22 AM | David Brooks | Karen Bailey, Esq. | 5cpmd834d3v8@claims.usaa.com | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |
| 588 | | 2/22/24 9:56 AM | Karen Bailey, Esq. | David Brooks | Michaela Casey | Withheld; AC | Attorney-client privileged communication from outside coverage counsel related to the August 2023 Claim |
| 624 | | 7/17/24 12:00 AM | Unknown | | | Withheld; WP | Work-product protected information related to estimate guidelines related to the August 2023 Claim and July 2024 Claim and after engagement of counsel and in anticipation of litigation; not relevant to any party's claim or defense |
| 676 | | 8/6/24 1:11 PM | Unknown | | | Withheld; WP | Work-product protected information related to estimate guidelines related to the August 2023 Claim and July 2024 Claim and after engagement of counsel and in anticipation of litigation; not relevant to any party's claim or defense |
| 692 | USAAGIC 005096 | Undated | | | | Redacted; WP | Work-product protected information related to the involvement of outside coverage counsel in anticipation of litigation |
| 692 | USAAGIC 005096 | Undated | | | | Redacted; WP | Work-product protected information related to the involvement of outside coverage counsel in anticipation of litigation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 692 | USAAGIC 005096 | Undated | | | Redacted; WP | Work-product protected information related to the involvement of outside coverage counsel in anticipation of litigation |
| 692 | USAAGIC 005096 | Undated | | | Redacted; WP | Work-product protected information related to the involvement of outside coverage counsel in anticipation of litigation |
| 780 | | 1/28/25 8:59 AM | Unknown Facsimile Sender | Samantha Lawver | Withheld; WP | Work-product protected information related to the loss overview prepared after plaintiff filed the complaint against USAA GIC and in anticipation of litigation; not relevant to any party's claim or defense |
| 835 | USAAGIC 005102 | 8/23/24 12:00 AM | | | Redacted; AC; WP | Attorney-client privileged and work-product protected compensation and expense information related to outside coverage counsel and the July 2024 Claim; not relevant to any party's claim or defense |
| 835 | USAAGIC 005102 | 8/23/24 12:00 AM | | | Redacted; AC; WP | Attorney-client privileged and work-product protected compensation and expense information related to outside coverage counsel and the July 2024 Claim; not relevant to any party's claim or defense |
| 835 | USAAGIC 005102 | 8/23/24 12:00 AM | | | Redacted; AC; WP | Attorney-client privileged and work-product protected compensation and expense information related to outside coverage counsel and the July 2024 Claim; not relevant to any party's claim or defense |
| 835 | USAAGIC 005102 | 10/15/24 12:00 AM | | | Redacted; AC; WP | Attorney-client privileged and work-product protected compensation and expense information related to outside coverage counsel and the July 2024 Claim; not relevant to any party's claim or defense |
| 835 | USAAGIC 005102 | 10/15/24 12:00 AM | | | Redacted; AC; WP | Attorney-client privileged and work-product protected compensation and expense information related to outside coverage counsel and the July 2024 Claim; not relevant to any party's claim or defense |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 835 | USAAGIC 005102 | 10/15/24 12:00 AM | | | | Redacted; AC; WP | Attorney-client privileged and work-product protected compensation and expense information related to outside coverage counsel and the July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005118-005119 | 8/16/23 12:00 AM | Scott Gorman | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside subrogation counsel and the August 2023 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005130-005131 | 8/23/23 12:00 AM | Scott Gorman | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside subrogation counsel and the August 2023 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005218 | 12/8/23 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005219-005220 | 12/12/23 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005220 | 12/12/23 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005221 | 12/13/23 12:00 AM | Michael Allen | | | Redacted; WP | Work-product protected information related to the investigation of the August 2023 Claim following engagement of outside coverage counsel in anticipation of litigation |
| 861 | USAAGIC 005221 | 12/13/23 12:00 AM | Lakesha Chambers | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel's involvement with the August 2023 Claim |
| 861 | USAAGIC 005228 | 12/15/23 12:00 AM | Todd Royce | | | Redacted; WP | Work-product protected information related to claim investigation after engagement of outside counsel for the August 2023 Claim in anticipation of litigation |

| 861 | USAAGIC 005228 | 12/15/23 12:00 AM | Todd Royce | | | Redacted; WP | Work-product protected information related to claim investigation after engagement of outside counsel for the August 2023 Claim in anticipation of litigation |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005231 | 12/22/23 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel's involvement with the August 2023 Claim |
| 861 | USAAGIC 005231 | 12/22/23 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel's involvement with the August 2023 Claim |
| 861 | USAAGIC 005232 | 12/29/23 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel's involvement with the August 2023 Claim |
| 861 | USAAGIC 005232-005233 | 1/3/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the investigation of the August 2023 Claim and the involvement of outside coverage counsel for USAA GIC in anticipation of litigation |
| 861 | USAAGIC 005235 | 1/11/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to compensation of outside coverage counsel for work pertaining to the August 2023 Claim |
| 861 | USAAGIC 005235 | 1/11/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to compensation of outside coverage counsel for work pertaining to the August 2023 Claim |
| 861 | USAAGIC 005237-005238 | 1/12/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the investigation of the August 2023 Claim and the involvement of outside coverage counsel for USAA GIC in anticipation of litigation |
| 861 | USAAGIC 005238 | 1/19/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the investigation of the August 2023 Claim and the involvement of outside coverage counsel for USAA GIC in anticipation of litigation |

| 861 | USAAGIC 005239 | 1/24/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to expenses and outside coverage counsel pertaining to the August 2023 Claim |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005239-005240 | 1/30/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the investigation of the August 2023 Claim and the involvement of outside coverage counsel for USAA GIC in anticipation of litigation |
| 861 | USAAGIC 005240 | 2/6/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the investigation of the August 2023 Claim and the involvement of outside coverage counsel for USAA GIC in anticipation of litigation |
| 861 | USAAGIC 005241 | 2/8/24 12:00 AM | Scott Gorman | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside subrogation counsel and the August 2023 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005244 | 2/20/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside subrogation counsel and the August 2023 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005244-005245 | 2/28/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel, the August 2023 Claim, and plaintiff's representation by legal counsel |
| 861 | USAAGIC 005246 | 3/4/24 12:00 AM | Teri Bergstrom | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005246 | 3/4/24 12:00 AM | Teri Bergstrom | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005246 | 3/4/24 12:00 AM | Teri Bergstrom | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |

| 861 | USAAGIC 005247 | 3/6/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005249 | 3/13/24 12:00 AM | Teri Bergstrom | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005249-005250 | 3/18/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005251 | 3/22/24 12:00 AM | Teri Bergstrom | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005252 | 3/26/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005254 | 4/2/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005255 | 4/11/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005255 | 4/17/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005258 | 5/6/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005258 | 5/7/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |

| 861 | USAAGIC 005260-005261 | 5/21/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005261 | 5/28/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005261 | 6/4/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim in anticipation of litigation |
| 861 | USAAGIC 005261-005262 | 6/4/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial entries and reserves made after the engagement of coverage counsel for the August 2023 Claim in anticipation of litigation; not relevant to any party's claim or defense |
| 861 | USAAGIC 005262 | 6/10/24 12:00 AM | Emily Lee | | | Redacted; WP | Work-product protected information related to financial entries and reserves made after the engagement of coverage counsel for the August 2023 Claim in anticipation of litigation; not relevant to any party's claim or defense |
| 861 | USAAGIC 005262 | 6/12/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim |
| 861 | USAAGIC 005262 | 6/13/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim |
| 861 | USAAGIC 005264 | 6/21/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim |
| 861 | USAAGIC 005264 | 6/28/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim |

| 861 | USAAGIC 005264 | 7/1/24 12:00 AM | Teri Bergstrom | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim |
| 861 | USAAGIC 005265 | 7/1/24 12:00 AM | Teri Bergstrom | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim |
| 861 | USAAGIC 005265-005266 | 7/8/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the involvement of outside coverage counsel and the August 2023 Claim |
| 861 | USAAGIC 005266 | 7/10/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim and the July 2024 Claim |
| 861 | USAAGIC 005266 | 7/10/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim and the July 2024 Claim |
| 861 | USAAGIC 005267 | 7/12/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim and the July 2024 Claim |
| 861 | USAAGIC 005267 | 7/16/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the August 2023 Claim and the July 2024 Claim |
| 861 | USAAGIC 005268 | 7/19/24 12:00 AM | David Brooks | | | Redacted; WP | Work-product protected information related to the investigation of the July 2024 Claim after engagement of counsel and in anticipation of litigation |
| 861 | USAAGIC 005269 | 7/22/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel; not relevant to any party's claim or defense |
| 861 | USAAGIC 005270 | 7/26/24 12:00 AM | David Brooks | | | Redacted; WP | Work-product protected information related to the investigation of the July 2024 Claim after engagement of coverage counsel in anticipation of litigation |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005270-005271 | 7/26/24 12:00 AM | David Brooks | | | Redacted; WP | Work-product protected information related to the investigation of the August 2023 Claim and the July 2024 Claim after engagement of outside coverage counsel and in anticipation of litigation |
| 861 | USAAGIC 005271 | 7/26/24 12:00 AM | Susan Musso-Harner | | | Redacted; WP | Work-product protected information related to the investigation of the August 2023 Claim and the July 2024 Claim after engagement of outside coverage counsel and in anticipation of litigation |
| 861 | USAAGIC 005271-005272 | 7/30/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to compensation inquiries for outside coverage counsel and the July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005272 | 8/1/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financials and outside coverage counsel for the August 2023 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005272 | 8/2/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financials and outside coverage counsel for the August 2023 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005272 | 8/2/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financials and outside coverage counsel for the August 2023 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005272-005273 | 8/5/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the investigation of the July 2024 Claim in anticipation of litigation |
| 861 | USAAGIC 005273-005274 | 8/5/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the investigation of the July 2024 Claim in anticipation of litigation |

11

| 861 | USAAGIC 005274 | 8/6/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to outside coverage counsel and the investigation of the July 2024 Claim in anticipation of litigation |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005274-005275 | 8/6/24 12:00 AM | David Brooks | | | Redacted; WP | Work-product protected information related to outside coverage counsel and the investigation of the July 2024 Claim in anticipation of litigation |
| 861 | USAAGIC 005276 | 8/12/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005276-005277 | 8/15/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005277 | 8/16/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005277 | 8/23/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005277-005278 | 8/23/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005278 | 8/23/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

| 861 | USAAGIC 005278 | 8/23/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005278 | 8/23/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005279 | 8/23/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005279 | 8/23/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005279 | 8/23/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005279 | 8/23/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005280 | 8/26/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005280 | 8/26/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

13

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005280 | 8/26/24 12:00 AM | Unknown | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005281 | 10/15/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005281 | 10/15/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005282 | 10/15/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005282 | 10/15/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005282 | 10/16/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005282-005283 | 10/16/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 861 | USAAGIC 005283 | 10/16/24 12:00 AM | Susan Musso-Harner | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to financial information and outside coverage counsel for the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

14

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 861 | USAAGIC 005285 | 1/23/25 12:00 AM | Sandra Adams | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the lawsuit initiated by plaintiff |
| 861 | USAAGIC 005285 | 1/27/25 12:00 AM | Elizabeth Battoe | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the lawsuit initiated by plaintiff |
| 861 | USAAGIC 005285 | 1/27/25 12:00 AM | Elizabeth Battoe | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the lawsuit initiated by plaintiff |
| 861 | USAAGIC 005285 | 1/27/25 12:00 AM | Elizabeth Battoe | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the lawsuit initiated by plaintiff |
| 861 | USAAGIC 005285 | 1/28/25 12:00 AM | Samantha Lawyer | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to the lawsuit initiated by plaintiff |
| 863 | | 1/8/24 12:00 AM | Andrew Martin | | | Withheld; WP | Work-product protected information related to a report regarding the investigation of the August 2024 Claim in anticipation of litigation |
| 1332 | | 3/6/25 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication from outside coverage counsel related to the August 2023 Claim and July 2024 Claim after the lawsuit initiated by plaintiff |
| 1636 | | 4/14/25 12:00 AM | | David Brooks | | Withheld; WP | Work-product protected communication regarding investigation of the July 2024 Claim and after initiation of the lawsuit by plaintiff |
| 1774 | | 12/8/23 1:51 PM | David Brooks | Karen Bailey, Esq. | 5cpmd834d2cd@claims.usaa.com | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel with respect to the August 2023 claim |
| 1883 | USAAGIC 005632 | 9/3/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005632 | 9/28/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |

15

| 1883 | USAAGIC 005633 | 8/9/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005633 | 8/5/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005634 | 7/30/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005634 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639 | 4/8/25 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639 | 3/6/25 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639 | 12/31/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

| 1883 | USAAGIC 005639 | 11/25/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639 | 10/24/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639 | 9/26/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639 | 8/15/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639 | 7/11/24 12:00 AM | Irma Hernandez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005639-005640 | 7/16/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to response from outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

17

| 1883 | USAAGIC 005640 | 7/12/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to response from outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005645 | 1/30/25 12:00 AM | Jonathan Hyde | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005645 | 7/11/24 12:00 AM | Jonathan Hyde | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005647 | 7/10/24 12:00 AM | Amanda Lee | | | Redacted; WP | Work-product protected information related to details involving outside coverage counsel and the July 2024 Claim made in anticipation of litigation |
| 1883 | USAAGIC 005650-005651 | 5/20/25 12:00 AM | LeAnna Williams | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel for the August 2023 Claim and July 2024 Claim after lawsuit filed by plaintiff |
| 1883 | USAAGIC 005661 | Undated | Unknown | | | Redacted; WP | Work-product protected information related to details involving outside coverage counsel for the August 2023 Claim and July 2024 Claim in anticipation of litigation |
| 1883 | USAAGIC 005663 | Undated | Unknown | | | Redacted; WP | Work-product protected information related to details involving outside coverage counsel for the August 2023 Claim and July 2024 Claim in anticipation of litigation |
| 1883 | USAAGIC 005668 | Undated | Unknown | | | Redacted; WP | Work-product protected information related to details involving outside coverage counsel for the August 2023 Claim and July 2024 Claim in anticipation of litigation |

| 1883 | USAAGIC 005670 | Undated | Unknown | | | Redacted; WP | Work-product protected information related to details involving outside coverage counsel for the August 2023 Claim and July 2024 Claim in anticipation of litigation |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005672 | Undated | Unknown | | | Redacted; WP | Work-product protected information related to details involving outside coverage counsel for the August 2023 Claim and July 2024 Claim in anticipation of litigation |
| 1883 | USAAGIC 005673 | Undated | Unknown | | | Redacted; WP | Work-product protected information related to details involving outside coverage counsel for the August 2023 Claim and July 2024 Claim in anticipation of litigation |
| 1883 | USAAGIC 005684 | Undated | Unknown | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005685 | 7/10/24 12:00 AM | Amanda Lee | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005685 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005685 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005686 | 8/28/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005687 | 1/8/25 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005688 | 4/23/25 12:00 AM | Lisa Heisey | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005688 | 4/23/25 12:00 AM | Lisa Heisey | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005689 | 7/10/24 12:00 AM | Amanda Lee | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005689 | 7/10/24 12:00 AM | Amanda Lee | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005690 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005690-005691 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005691 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005692 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005696 | 8/28/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005696-005697 | 8/28/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |

| 1883 | USAAGIC 005718 | 4/23/25 12:00 AM | Lisa Heisey | | | Redacted; WP | Work-product protected information related to financial information and reserves after lawsuit filed; not relevant to any party's claim or defense |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005718 | 4/23/25 12:00 AM | Lisa Heisey | | | Redacted; WP | Work-product protected information related to financial information and reserves after lawsuit filed; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005719 | 4/23/25 12:00 AM | Lisa Heisey | | | Redacted; WP | Work-product protected information related to financial information and reserves after lawsuit filed; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005719 | 4/23/25 12:00 AM | Lisa Heisey | | | Redacted; WP | Work-product protected information related to financial information and reserves after lawsuit filed; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005765 | 9/3/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005765 | 8/28/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005765-005766 | 8/9/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005766 | 7/30/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005767 | 7/29/24 12:00 AM | Teri Bergstrom | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |

21

| 1883 | USAAGIC 005771 | 4/8/25 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005771 | 3/6/25 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005771 | 12/31/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005771 | 11/25/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005771 | 10/24/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005771 | 9/26/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005771 | 8/15/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005771 | 7/11/24 12:00 AM | Irma Hernandez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005772 | 7/16/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to communication from outside subrogation counsel involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005772 | 7/12/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to communication from outside subrogation counsel involving the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005777 | 1/30/25 12:00 AM | Jonathan Hyde | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005777 | 7/11/24 12:00 AM | Jonathan Hyde | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005778 | 7/10/24 12:00 AM | Amanda Lee | | | Redacted; WP | Work-product protected information related to financial information and reserves in anticipation of litigation; not relevant to any party's claim or defense |

23

| 1883 | USAAGIC 005780 | 4/14/25 12:00 AM | Outside Counsel | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of the lawsuit |
| 1883 | USAAGIC 005781 | 3/12/25 12:00 AM | Outside Counsel | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of the lawsuit |
| 1883 | USAAGIC 005804 | 4/8/25 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim after initiation of lawsuit by plaintiff; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005804 | 3/6/25 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim after initiation of lawsuit by plaintiff; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005804-005805 | 12/31/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005805 | 11/25/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005805 | 10/24/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

| 1883 | USAAGIC 005805 | 9/26/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1883 | USAAGIC 005805 | 8/15/24 12:00 AM | Estefani Rodriguez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005806 | 7/11/24 12:00 AM | Irma Hernandez | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel and reserves related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005806-005807 | 7/16/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to a communication from outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005807 | 7/12/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to a communication from outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005807 | 1/30/25 12:00 AM | Jonathan Hyde | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |

25

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005807 | 7/11/24 12:00 AM | Jonathan Hyde | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation counsel related to the August 2023 Claim and July 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005811 | 4/14/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005812 | 4/4/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005814 | 3/14/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005816 | 3/12/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005818 | 2/26/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005818 | 2/19/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005821 | 2/3/25 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005822 | 1/31/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |

26

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005822 | 1/28/25 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005822 | 1/24/25 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel after initiation of lawsuit by plaintiff |
| 1883 | USAAGIC 005822 | 1/21/25 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel |
| 1883 | USAAGIC 005824 | 1/16/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel |
| 1883 | USAAGIC 005826 | 1/14/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel |
| 1883 | USAAGIC 005828 | 1/8/25 12:00 AM | Jim Lenell | | | Redacted; WP | Work-product protected information related to financial information relating to reserves in anticipation for litigation; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005830 | 1/7/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005830 | 1/6/25 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005832 | 12/23/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |

| 1883 | USAAGIC 005832 | 12/17/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005833 | 12/13/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005833 | 12/13/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC005833 | 12/12/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005834 | 12/9/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005834 | 12/8/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005836 | 12/2/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005836 | 11/26/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |

| 1883 | USAAGIC 005836 | 11/26/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005836 | 11/25/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC005837 | 11/22/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005838 | 11/18/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005838 | 11/18/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005838 | 11/15/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005838 | 11/14/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005838 | 11/12/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005839 | 11/8/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005839 | 11/8/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005840 | 11/7/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005840 | 11/6/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005840 | 11/4/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005840 | 10/31/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005841 | 10/30/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005841 | 10/28/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1883 | USAAGIC 005842 | 10/24/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005843 | 10/23/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005843 | 10/22/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005844 | 10/18/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005844 | 10/17/24 12:00 AM | Andrew Martin | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005844 | 10/16/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005847 | 10/7/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005849 | 9/24/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |

| 1883 | USAAGIC 005851 | 9/18/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005852 | 9/9/24 12:00 AM | David Brooks | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside coverage counsel and the August 2023 Claim and July 2024 Claim in anticipation for litigation |
| 1883 | USAAGIC 005864 | 7/16/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation related to the August 2023 Claim and August 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005864 | 7/16/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation related to the August 2023 Claim and August 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005864 | 7/12/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation related to the August 2023 Claim and August 2024 Claim; not relevant to any party's claim or defense |
| 1883 | USAAGIC 005866 | 7/10/24 12:00 AM | Murray Miller | | | Redacted; AC; WP | Attorney-client privileged and work-product protected information related to details involving outside subrogation related to the August 2023 Claim and August 2024 Claim; not relevant to any party's claim or defense |
| 2064 | | 6/17/24 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |
| 2068 | | 1/12/24 8:26 AM | Karen Bailey, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2113 | | 6/12/24 7:51 AM | David Brooks | Conan Becknell, Esq.; 5cpmd834d2cd@claims.usaa.com | 5cpmd834d3v8@claims.usaa.com | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |
| 2623 | | 6/26/24 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |
| 3083 | | 2/19/25 8:10 PM | David Brooks | Conan Becknell, Esq. | 3j5qd9g7b9wgw@claims.usaa.com | Withheld; AC | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |
| 3130 | | 6/26/24 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |
| 3141 | | 6/17/24 12:00 AM | Conan Becknell, Esq. | David Brooks | | Withheld; AC; WP | Attorney-client privileged and work-product protected communication with outside coverage counsel related to the August 2023 Claim |

**\*\*\* AC = Attorney-Client Privilege / WP = Work Product Doctrine**

**Senders and Recipients:**

Teri Bergstrom, USAA, Property General Adjuster
E-mail: Teri.Bergstrom@usaa.com

David Brooks, USAA, Case Manager Special Investigator Unit
E-mail: David.Brooks@usaa.com

Andrew Martin, USAA, Senior Special Investigator
E-mail: andrew.martin@usaa.com

Cecilio Rosales, USAA, Special Investigator
E-mail: Cecilio.Rosales@usaa.com

USAA, Claims Department
E-mails: 5cpmd834d3v8@claims.usaa.com; 3j5qd9g7b9wgw@claims.usaa.com; 5cpmd834d2cd@claims.usaa.com

33

Amanda Lee, USAA, Claims Department

Elizabeth Battoe, USAA, Claims Department

Emily Lee, USAA, Personal Property Adjuster

Estefani Rodriguez, USAA, Claims Department

Irma Hernandez, USAA, Claims Department

Jim Lenell, USAA, Claims Department

Jonathan Hyde, USAA, Claims Department

Lakesha Chambers, USAA, Claims Department

LeAnna Williams, USAA, Claims Department

Lisa Heisey, USAA, Claims Department

Michael Allen, USAA, Claims Department

Murray Miller, USAA, Claims Department

Samantha Lawyer, USAA, Claims Department

Sandra Adams, USAA, Claims Department

Scott Gorman, USAA, Claims Department

Susan Musso-Harner, USAA, Claims Department

Todd Royce, USAA, Claims Department

Ward Arms, EFI Global, Inc., Forensic Engineer
E-mail: Ward.Arms@efiglobal.com

Cord Guthrie, EFI Global, Inc., District Fire Sciences Principal
E-mail: Cord.Guthrie@efiglobal.com

Patrick Clerkin, Clerkin Sinclair and Mahfouz LLP, Attorney

34

Karen Bailey, Esq., Engles Ketcham Olson, Attorney (no longer with firm)
E-mail: kbailey@ekoklaw.com

Amy Barrett, Engles Ketcham Olson, Secretary
E-mail: abarrett@ekolaw.com

Conan Becknell, Esq., Engles Ketcham Olson, Attorney
E-mail: cbecknell@ekolaw.com

Michaela Casey, Esq., Engles Ketcham Olson, Attorney
E-mail: mcasey@ekolaw.com

Steve Olson, Esq., Engles Ketcham Olson, Attorney
E-mail: solson@ekolaw.com

Amy Tauzin, Engles Ketcham Olson, Paralegal
E-mail: atauzin@ekolaw.com