**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| WILLIAM WEAVER, | Case No. 8:25-cv-00072-RFR-RCC |
| Plaintiff, | |
| v. | **DEFENDANT USAA GENERAL INDEMNITY COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS** |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

Defendant USAA General Indemnity Company ("USAA GIC"), pursuant to Nebraska Civil Rule 7.1(b)(1) and this Court's June 8, 2026 Text Order  ("June 8, 2026 Order") (Filing No. 47), hereby submits this brief in opposition to Plaintiff William Weaver's ("Plaintiff") motion to compel discovery and for sanctions ("Motion") (Filing No. 48) filed in the above-captioned suit ("Suit") and Plaintiff's accompanying Index of Evidence (Filing No. 49) and brief in support of the Motion ("Brief") (Filing No. 50).  For the reasons described below, the Motion should be denied.

I.      **INTRODUCTION**

In the June 8, 2026 Order, the Court allowed Plaintiff to file "a motion to compel" with respect to "<u>only</u>" the "discovery dispute related to" USAA GIC's Second Amended Privilege Log dated April 22, 2026 ("April 2026 Privilege Log").  (Filing No. 47) (emphasis in original).  Plaintiff ignored the Court's clear directive and addressed a multitude of discovery issues far exceeding the scope of the Court's June 8, 2026 Order.  On this basis alone, the Court should deny all aspects of the Motion not related to the parties' dispute regarding the April 2026 Privilege Log.  In an abundance of caution, and in the event the Court considers the contentions in Plaintiff's Motion

4905-4133-3172.3

and Brief outside the scope of the June 8, 2026 Order, USAA GIC will address all aspects of the Motion and, for the reasons described below, the entirety of the Motion should be denied.

In the Motion, Plaintiff contends USAA GIC did not comply with the Court's March 25, 2026 Minute Entry Order ("March 25, 2026 Order") (Filing No. 42), which required USAA GIC to: (1) amend and reissue discovery responses removing the generalized objections and either state objections with specificity or respond to each request, stating whether each has been answered in full; and (2) amend its privilege log to provide the Court and Plaintiff sufficient bases to determine the propriety of the privilege assertions, to include information such as the name and job title or capacity of the author, the name of each recipient, the date the document was prepared, the title and description of the document, the subject matter addressed in the document, and the specific basis for the claim that it is privileged.  (Filing No. 42).  Contrary to Plaintiff's unfounded contentions, USAA GIC fully complied with the March 25, 2026 Order.  In accordance with the March 25, 2026 Order, on April 22, 2026, USAA GIC served Plaintiff with the following: (a) USAA GIC's Amended Objections and Answers to Plaintiff's First Set of Interrogatories; (b) USAA GIC's Amended Objections and Answers to Plaintiff's Second Set of Interrogatories; (c) USAA GIC's Amended Objections and Responses to Plaintiff's First Set of Requests for Admission; (d) USAA GIC's Amended Responses and Objections to Plaintiff's First Set of Requests for Production of Documents; (e) USAA GIC's Amended Answers and Objections to Plaintiff's Second Set of Requests for Production of Documents; and (f) the April 2026 Privilege Log (collectively, "April 2026 Supplemental Discovery Responses") (Filing Nos. 46, 49-7, 49-9, 49-11, 49-13, 49-15, and 49-19).

In addition, USAA GIC has repeatedly and exhaustively answered all of Plaintiff's counsel's inquiries regarding USAA GIC's claim investigation and underwriting procedures.

4905-4133-3172.3

Plaintiff is in possession of USAA GIC's coverage denial letters, claim files, and underwriting file, with appropriate redactions and withholdings as described in the April 2026 Privilege Log. (*See* Filing No. 49-19). USAA GIC has repeatedly affirmed it is not aware of any other responsive, relevant, non-privileged/protected documents in its possession. USAA GIC has fully complied with its obligations under the Federal Rules of Civil Procedure and has repeatedly endeavored, in good faith, to respond to all of Plaintiff's inquiries and to refine and supplement its interrogatory responses, admissions, document production, and privilege log, as evident by the April 2026 Supplemental Discovery Responses. For these reasons and those described below, the Motion is unfounded and should be denied in its entirety.

## II.    BACKGROUND

### A.    Plaintiff's Claims and the Suit

In the Suit, Plaintiff alleges breach of contract and bad faith against USAA GIC in connection with Plaintiff's claims ("Claims") for coverage under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("Policy"). (Filing No. 17 ¶¶ 4, 12-22). Plaintiff's Claims arose from two alleged residential fires at Plaintiff's residence located at 1111 West E Street, Ogallala, Nebraska, which was insured under the Policy. (*Id.* ¶¶ 7-11).

The first alleged fire at issue in this matter occurred at Plaintiff's residence on or around August 14, 2023, and Plaintiff subsequently submitted a claim to USAA GIC with respect to the August 14, 2023 incident ("August 2023 Claim"). (Filing No. 17 ¶ 5). USAA GIC's April 2026 Supplemental Discovery Responses and the April 2026 Privilege Log both reflect USAA GIC's engagement of outside coverage counsel to provide legal advice to USAA GIC with respect to coverage issues concerning the August 2023 Claim as early as December 8, 2023.

3

4905-4133-3172.3

(*E.g.*, Filing No. 49-8, USAA GIC's Answer to Plaintiff's Interrogatory No. 28; Filing No. 49-19 at p. 5, April 2026 Privilege Log Entry No. 861, dated December 8, 2023). In addition, Plaintiff advised USAA GIC that present counsel for Plaintiff (Mr. Brauer) was engaged as Plaintiff's counsel in this matter as early as February 16, 2024. (Filing No. 49-8, USAA GIC's Answer to Plaintiff's Interrogatory No. 28). USAA GIC's outside coverage counsel conducted an examination under oath of Plaintiff ("Weaver EUO") on May 23, 2024, and Mr. Brauer attended as counsel for Plaintiff. (Transcript of Weaver EUO at pp. 1-2, 125; Affidavit of Brooke H. McCarthy in support of USAA GIC's Brief in Opposition to the Motion ("McCarthy Affidavit") ¶ 3. A true and correct copy of the McCarthy Affidavit is attached as **Exhibit 1** to USAA GIC's Index of Evidence ("Index of Evidence"), filed in support of USAA GIC's Brief in Opposition to Plaintiff's Motion; a true and correct copy of excerpts from the transcript of the Weaver EUO is attached as **Exhibit 2** to USAA GIC's Index of Evidence.). By correspondence to Plaintiff's counsel dated August 6, 2024, USAA GIC provided Plaintiff with its coverage position regarding the August 2023 Claim under the Policy. (Filing No. 49-6, USAA GIC's Answer to Plaintiff's Interrogatory No. 5).

The second alleged fire at issue in this matter occurred at Plaintiff's residence on or around July 9, 2024, and Plaintiff subsequently submitted a claim to USAA GIC with respect to the July 9, 2024 incident ("July 2024 Claim"). (Filing No. 17 ¶ 9). By correspondence to Plaintiff's counsel dated April 22, 2025, USAA GIC provided Plaintiff with its coverage position regarding the July 2024 Claim under the Policy. (Filing No. 49-6, USAA GIC's Answer to Plaintiff's Interrogatory No. 6).

On January 14, 2025, Plaintiff initiated this litigation in the District Court of Keith County, Nebraska. (Filing No. 1-1). USAA GIC removed the matter to this Court on February 12, 2025

4

and, on March 17, 2025, Plaintiff filed his second amended complaint in the Suit ("Second Amended Complaint"), the operative complaint in this matter. (Filing Nos. 1, 17). In the Second Amended Complaint, Plaintiff alleges breach of contract and bad faith against USAA GIC and seeks coverage under the Policy for the August 2023 and July 2024 Claims. (Filing No. 17).

### B. Discovery

On May 23, 2025, USAA GIC provided Plaintiff with its initial disclosures, which included a production of 2,746 pages of non-privileged documents. (Filing Nos. 25, 49-17; McCarthy Affidavit ¶ 4). On July 7, 2025, Plaintiff served USAA GIC with Plaintiff's first set of discovery requests ("July 2025 Discovery Requests"). (Filing Nos. 27, 49-1, 49-3, and 49-5; McCarthy Affidavit ¶ 5). Many of the July 2025 Discovery Requests were overly broad, requested privileged or otherwise protected information or materials, and did not seek materials relevant to any party's claim or defense. (Filing Nos. 49-1, 49-3, and 49-5). USAA GIC properly and prudently objected on these grounds and others, where applicable, in USAA GIC's August 2025 objections and responses ("August 2025 Discovery Responses") to the July 2025 Discovery Requests, and produced an additional 2,057 pages of documents to Plaintiff. (*See* Filing Nos. 28, 49-6, 49-10, 49-14; McCarthy Affidavit ¶ 6). On September 12, 2025, pursuant to Fed. R. Civ. P. 26(b)(5)(A), USAA GIC provided Plaintiff with a privilege log ("September 2025 Privilege Log") describing the documents and other information withheld from USAA GIC's August 2025 document production. (McCarthy Affidavit ¶ 7; *see also* Filing No. 49-18 at p. 1).

By correspondence from Plaintiff's counsel dated November 10, 2025, Plaintiff objected to the sufficiency of the September 2025 Privilege Log and the completeness of USAA GIC's document productions. (Filing No. 49-18 at p. 1; McCarthy Affidavit ¶ 9). USAA GIC responded

4905-4133-3172.3

by correspondence dated November 14, 2025 ("November 14, 2025 Correspondence"), and counsel for the parties to the Suit participated in a lengthy conference on November 20, 2025. (McCarthy Affidavit ¶ 10; Filing No. 49-18 at p. 1.    A true and correct copy of the November 14, 2025 Correspondence is attached as **Exhibit 4** to USAA GIC's Index of Evidence.). On December 15, 2025, USAA GIC produced an additional 1,065 pages of documents and an amended privilege log ("December 2025 Privilege Log"), which encompassed and superseded the September 2025 Privilege Log. (McCarthy Affidavit ¶ 11; Filing No. 49-18 at p. 1; Filing No. 49-16).    On December 23, 2025, in response to additional discovery requests from Plaintiff, USAA GIC produced over 70 audio files containing recorded conversations between USAA GIC and Plaintiff or Plaintiff's representatives.  (McCarthy Affidavit ¶ 12; Filing No. 37).

By correspondence from Plaintiff's counsel dated January 14, 2026, Plaintiff objected to USAA GIC's December 2025 Privilege Log and alleged it failed to sufficiently disclose and describe information and materials withheld or redacted.  (McCarthy Affidavit ¶ 13; *see also* Filing No. 49-18 at p. 1).  By correspondence dated January 28, 2026 ("January 28, 2026 Correspondence"), USAA GIC addressed Plaintiff's concerns in the January 14, 2026 correspondence and proposed the time and resources of all involved would be best served by moving forward with depositions and this litigation.  (McCarthy Affidavit ¶ 14; *see also* Filing No. 49-18 at p. 1.  A true and correct copy of the January 28, 2026 Correspondence is attached as **Exhibit 5** to USAA GIC's Index of Evidence.).  By email correspondence dated January 30, 2026, Plaintiff's counsel contacted the Court to request a conference to discuss the discovery dispute between the parties.  (McCarthy Affidavit ¶ 15).  The Court subsequently directed the parties to submit statements summarizing their respective discovery positions.  (*Id.*).  Plaintiff provided his statement on February 2, 2026.   (Filing No. 45 at pp. 1-2).   By

6

correspondence to the Court dated February 4, 2026 ("February 4, 2026 Position Statement"), USAA GIC provided the Court with USAA GIC's position regarding the discovery dispute. (*Id*. at pp. 3-5; McCarthy Affidavit ¶ 16. A true and correct copy of the February 4, 2026 Position Statement, without enclosures, is attached as **Exhibit 6** to USAA GIC's Index of Evidence.).

By communications from Plaintiff's counsel dated February 19, 2026 and February 26, 2026 (together, "February 2026 Communications"), Plaintiff objected to the sufficiency of the December 2025 Privilege Log and the completeness of USAA GIC's document productions. (McCarthy Affidavit ¶ 17). By correspondence dated March 6, 2026 ("March 6, 2026 Correspondence"), USAA GIC addressed Plaintiff's concerns in the February 2026 Communications. (*Id*. ¶ 18. A true and correct copy of the March 6, 2026 Correspondence is attached as **Exhibit 7** to USAA GIC's Index of Evidence.). Counsel for the parties subsequently participated in a discovery dispute conference with the Honorable Ryan C. Carson on March 24, 2026. (Filing Nos. 41-42). Following the March 24, 2026 conference, by text order dated March 24, 2026, the Court ordered USAA GIC to amend its August 2025 Discovery Responses to remove certain "generalized objections" and provide Plaintiff with an amended privilege log. (Filing No. 42). On April 22, 2026, pursuant to the Court's March 24, 2026 Order, USAA GIC served Plaintiff with its April 2026 Supplemental Discovery Responses and the April 2026 Privilege Log. (Filing No. 46; McCarthy Affidavit ¶ 19. A true and correct copy of the April 2026 Privilege Log is attached as **Exhibit 8** to USAA GIC's Index of Evidence.). Subsequent communications between the parties and to this Court were unable to resolve Plaintiff's unfounded allegations regarding USAA GIC's August 2025 Discovery Responses and April 2026 Supplemental Discovery Responses. (McCarthy Affidavit ¶ 20).

7

By email correspondence from the Court dated May 8, 2026 ("May 8, 2026 Correspondence"), in response to the parties' requests for an *in camera* review to avoid formal motion practice, the Court requested Plaintiff "identify which of the document numbers on the [April 2026] [P]rivilege [L]og Plaintiff would like the court to review, of course keeping in mind the relevance and proportionality requirements of Rule 26."  (May 8, 2026 Correspondence; McCarthy Affidavit ¶ 20).    On May 22, 2026, in response to the Court's May 8, 2026 Correspondence, Plaintiff provided the Court with his Submission on Discovery Dispute ("May 22, 2026 Discovery Submission").  (Filing Nos. 49-19, 49-20).   However, contrary to the Court's directive that Plaintiff consider "the relevance and proportionality requirements of Rule 26" when identifying the entries on the April 2026 Privilege Log that Plaintiff determined were necessary for the Court to review *in camera*, Plaintiff marked nearly every entry on the April 2026 Privilege Log—claiming he "remains constrained by the lack of sufficient clarity as to the nature or subject matter of some of the withheld records" (Filing No. 49-20 at 2)—and additionally provided the Court with briefing and case law on the issues, which was not in the spirit of the parties' proposed resolution of the discovery dispute and certainly not consistent with the Court's instructions in the May 8, 2026 Correspondence.  (Filing Nos. 49-19, 49-20).

By correspondence dated June 4, 2026 ("June 4, 2026 Correspondence"), USAA GIC responded to Plaintiff's May 22, 2026 Discovery Submission. (McCarthy Affidavit ¶ 22.  A true and correct copy of the June 4, 2026 Correspondence is attached as **Exhibit 9** to USAA GIC's Index of Evidence.).  As described in the June 4, 2026 Correspondence, Plaintiff's contentions in the May 22, 2026 Discovery Submission are disingenuous and ignore the detail and clarity USAA GIC painstakingly provided for each entry on its April 2026 Privilege Log, in many cases

providing a longer explanation than the actual redaction. (USAA GIC's Index of Evidence, Exhibit No. 8). The Court subsequently entered the June 8, 2026 Order, which provided:

> The parties have conferred and made efforts to resolve the discovery dispute related to Defendant's privilege log informally, but a dispute remains. (See Filing No. 42). Plaintiff shall file any anticipated motion to compel as to this dispute only on or before June 22, 2026.

(Filing No. 47) (emphasis in original).

### C.     Plaintiff's Motion to Compel

In the Motion, Plaintiff seeks an order compelling USAA GIC to further amend the April 2026 Supplemental Discovery Responses, specifically: (1) to compel USAA GIC to further answer Plaintiff's Interrogatory Nos. 1, 2, 3, 4, 7, 8, 10, 11, 13, 28, and 29, and Plaintiff's Request for Production of Documents Nos. 3-9 and 12-15; and (2) to disclose materials or information redacted or withheld as described on the April 2026 Privilege Log. (Filing No. 48, Prayer for Relief). Plaintiff requests oral argument on the Motion and seeks an order setting a hearing on sanctions under Fed. R. Civ. P. 37 for USAA GIC's "persistent failure to produce discovery in compliance with federal rules[.]" (*Id*.).

In the Brief, Plaintiff's arguments with respect to USAA GIC's April 2026 Supplemental Discovery Responses and the April 2026 Privilege Log can be categorized as follows: (1) Plaintiff's demands for responses and production are proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1); (2) the attorney-client privilege does not apply to communications with USAA GIC's outside counsel or when an insured alleges bad faith; (3) the work-product doctrine does not apply to USAA GIC's investigative file materials prior to the denial of a claim; and (4) USAA GIC's April 2026 Supplemental Discovery Responses fail to meet the requirements of the Federal Rules of Civil Procedure addressing discovery. (Filing No. 50).

4905-4133-3172.3

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 26(b)(5)(A)

Under Fed. R. Civ. P. 26(b)(5)(A), a party claiming privilege must:

**(i)**    expressly make the claim; and

**(ii)**    describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A); *Builders Warehouse, Inc. v. PFC Servs., Inc.*, No. 7:24CV5001, 2025 WL 2719809, at *2 (D. Neb. Sept. 24, 2025) (same).

### B.    Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 26(b)(1) allows litigants to "obtain discovery regarding any matter, not privileged that is related to the claim or defense of any party"; however, "the court may limit the scope of discovery, if it has a good reason to do so." *Courtney v. Zurich Am. Ins. Co.*, No. 807CV12, 2007 WL 2429137, at *1 (D. Neb. Aug. 22, 2007) (quoting *Credit Lyonnais v. SGC Int'l, Inc.,* 160 F.3d 428, 431 (8th Cir.1998)). The "party requesting discovery must show how the requested information is important to the issues and resolution of the case." *Wilbur-Ellis Co. LLC v. Gompert*, No. 8:21CV340, 2023 WL 2394424, at *1 (D. Neb. Feb. 21, 2023), *aff'd,* No. 8:21CV340, 2023 WL 2633653 (D. Neb. Mar. 24, 2023). A party's "[m]ere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." *Id*. (citing *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)). Under this rule, "the standard of relevance in the context of discovery is broader than in the context of admissibility, . . . this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

10

"Sweeping discovery requests which are not tailored to obtain only information relevant or capable of leading to the discovery of information relevant to this case are overbroad." *Wilbur-Ellis Co. LLC*, 2023 WL 2394424, at *2.

### C.    Attorney-Client Privilege

In Nebraska, "[a]n attorney-client relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance." *State ex rel. Stivrins v. Flowers*, 273 Neb. 336, 341-42, 729 N.W.2d 311, 317 (2007) (citing *McVaney v. Baird, Holm, McEachen, Pedersen, Hamann & Strasheim*, 237 Neb. 451, 458, 466 N.W.2d 499, 506 (1991)).  For a communication to be protected from disclosure, it "must be one which is essentially confidential in character and which relates to the subject matter upon which advice was given or sought." *State v. Hawes*, 251 Neb. 305, 309, 556 N.W.2d 634, 637 (1996).  A communication is considered "confidential if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *Jim Daws Trucking, LLC v. Daws, Inc.*, No. 4:24CV3177, 2025 WL 2711278, at *5 (D. Neb. Sept. 23, 2025), *objections overruled,* No. 4:24CV3177, 2025 WL 3754412 (D. Neb. Dec. 29, 2025); Neb. Rev. Stat. § 27-503(1)(d) ("A communication is confidential if not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.").

Under Nebraska law, "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the

11

4905-4133-3172.3

rendition of professional legal services to the client (a) between himself or his representative and his lawyer or his lawyer's representative, or (b) between his lawyer and the lawyer's representative, or (c) by him or his lawyer to a lawyer representing another in a matter of common interest, or (d) between representatives of the client or between the client and a representative of the client, or (e) between lawyers representing the client." Neb. Rev. Stat. § 27-503(2); *Broom, Clarkson, Lanphier & Yamamoto v. Kountze*, No. 8:14CV206, 2015 WL 7302226, at *6 (D. Neb. Nov. 18, 2015) (same).

### D.    Work Product Doctrine

In Nebraska, the work product doctrine "allows a party to discover materials 'prepared in anticipation of litigation' only upon a showing that the requesting party has a substantial need for the material and cannot obtain the material or its equivalent elsewhere without incurring undue hardship." *Benson v. City of Lincoln*, No. 4:18CV3127, 2022 WL 426563, at *5 (D. Neb. Feb. 11, 2022) (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)). In order "[t]o determine whether a document was prepared in anticipation of litigation, the court must consider whether 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Id*. (quoting *Simon v. G. D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987)).

Specifically concerning many of the materials at issue in the present dispute, this Court has determined "[r]isk management documents prepared by investigators may not themselves be considered 'prepared in anticipation of litigation,' but to the extent that they disclose the individual case reserves for files and any mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim, they are privileged." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 366 (D. Neb.), *determination sustained sub nom. Carlson v. Freightliner L.C.C.*, 226 F.R.D. 385

4905-4133-3172.3

(D. Neb. 2004) (quoting *Simon*, 816 F.2d at 401). Documents such as those "are prepared in anticipation of litigation and, consequently, they are protected from discovery as opinion work product." *Id*. (quoting *Simon*, 816 F.2d at 401). Furthermore, it is the party "seeking to overcome the work-product protection [who] bears the burden of establishing substantial need and undue burden." *Benson*, 2022 WL426563, at *6 (citation omitted).

### E.    Fed. R. Civ. P. 37

Federal Rule of Civil Procedure 37 allows a party to bring a motion seeking an order compelling discovery responses and disclosures and, only if the motion is granted, allows for the recovery of a "movant's reasonable expenses incurred in making the motion" after giving the non-moving party an opportunity to be heard. Fed. R. Civ. P. 37; Fed. R. Civ. P. 37(5)(A). However, an award of expenses is not warranted if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objections was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Pursuant to Fed. R. Civ. P. 37, a court has the power to impose sanctions against parties or persons unjustifiably resisting discovery. *E.g.*, *Carlson*, 226 F.R.D. at 359–60 (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983) (court has "'the power to prevent abuse and impose sanctions' for failure to timely respond to discovery"). To determine "[w]hether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." *Signa Dev. Servs., Inc. v. Am. Int'l Materials, LLC*, No. 8:23CV415, 2025 WL 1068079, at *8 (D. Neb. Apr. 9, 2025) (quoting *Transcon. Fertilizer Co. v. Samsung Co., Ltd.*, 108 F.R.D. 650, 653 (E.D. Pa. 1985)). For reasons described herein, USAA GIC has fully complied with its discovery obligations under the Federal Rules of Civil Procedure, USAA GIC's

13

nondisclosure, responses, and objections are all substantially justified, and there is no legal, factual, or reasonable basis for Plaintiff's Motion, let alone Plaintiff's demand for Rule 37 sanctions.

## IV.    ARGUMENT

> **A.    USAA GIC's April 2026 Supplemental Discovery Responses Comply with the March 25, 2026 Order and the Federal Rules of Civil Procedure on Discovery, and Plaintiff's Demands Are Not Reasonable or Proportional to the Needs of this Case.**

In the Motion, Plaintiff contends USAA GIC's April 2026 Supplemental Discovery Responses eliminate the previous "blanket" objections, but now contain variations of non-specific, nondescript objections of attorney-client privilege, work-product, and anticipation of litigation, and leave Plaintiff uninformed as to whether there are other responsive records USAA GIC did not produce. (Filing No. 48 at 1-4). In addition, Plaintiff contends the April 2026 Privilege Log is not in compliance with Fed. R. Civ. P. 26(b)(5), and if USAA GIC "is unwilling to make disclosures adequate to comprehend the significance and nature of the retained records and documents, the Court should order all such produced." (Filing No. 50 at p. 8 ¶ 8).

Under Fed. R. Civ. P. 26(b)(1), parties may discover any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). This Court has affirmed the requirement in Fed. R. Civ. P. 26 that discovery must be related to the claims and defenses asserted by the parties. *E.g.*, *Carlton v. Union Pacific R.R. Co.*, No. 8:05CV293, 2006 WL 2220977, at *3 (D. Neb. Aug. 1, 2006)

14

(quotation omitted) ("To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties.").

In his Brief, Plaintiff argues his discovery demands are proportional to the needs of the Suit and "Plaintiff is entitled to the records related to any investigation of his claims[,] but [USAA GIC] has largely attempted to hide its investigation under a guise of 'coverage counsel' privilege." (Filing No. 50 at p. 2, ¶ 1.c). Plaintiff contends he "has been expressly denied access to [USAA GIC's] investigative files and information from early in the investigation." (*Id*.). Plaintiff further contends USAA GIC "has refused to provide responses to requests for admissions", and did not produce documents as kept in USAA GIC's ordinary course of business. (*Id*., at pp. 6-7, ¶¶ 5, 7). Contrary to Plaintiff's unfounded contentions in the Motion and Brief, USAA GIC properly produced USAA GIC's claim file materials, with appropriate redactions and withholdings (as described in the April 2026 Privilege Log), to Plaintiff, and USAA GIC's discovery responses and document production are complete and accurate.

As explained in USAA GIC's November 14, 2025 Correspondence to Plaintiff's counsel, the November 20, 2025 meet and confer discussion with Plaintiff's counsel, USAA GIC's January 28, 2026 Correspondence to Plaintiff's counsel, USAA GIC's February 4, 2026 Position Statement to the Court, the February 12, 2026 meet and confer discussion with Plaintiff's counsel, USAA GIC's March 6, 2026 Correspondence to the Court, USAA GIC's June 4, 2026 Correspondence to the Court, and USAA GIC's April 2026 Supplemental Discovery Responses, USAA GIC has produced *all* relevant, non-privileged or otherwise protected documents in its possession and responsive to Plaintiff's discovery requests, including *all* available audio recordings. (*E.g.*, McCarthy Affidavit ¶¶ 10, 14, 16, 18, 22; Index of Evidence, Exhibit Nos. 4-7, 9).

4905-4133-3172.3

The *only* documents or other materials USAA GIC withheld or redacted are described in the April 2026 Privilege Log. (Index of Evidence, Exhibit No. 8). Pursuant to Fed. R. Civ. P. 26(b)(5)(A), USAA GIC has expressly made a claim for privilege and provided information for each claim of privilege, including: (1) the description of the document; (2) specific bates number; (3) date (if applicable); (4) communication sender and receiver (if applicable); (5) privilege reason; and (6) privilege note. (*Id*.). Plaintiff's objections to USAA GIC's discovery responses and Plaintiff's continued discovery demands far exceed the proportional needs of this case. In addition, USAA GIC is entitled to maintain and preserve its objections in its amended discovery responses—especially in response to plainly overbroad requests encompassing irrelevant, privileged, and work product-protected documents and information.

Although Plaintiff contends USAA GIC is causing more work for the parties and the Court through its objections to Plaintiff's discovery requests, this is simply untrue. It is plainly Plaintiff, not USAA GIC, who is creating unnecessary work for the parties and the Court (which is not proportional to the needs of the case) through the Motion and through Plaintiff's overreaching and irrelevant discovery requests.

**B.    The Attorney-Client Privilege Plainly Applies to USAA GIC's Communications with its Legal Counsel.**

In the Brief, Plaintiff contends USAA GIC asserts multiple blanket claims for attorney-client privilege without considering such privilege on a document by document basis. (Filing No. 50 at pp. 3-4, ¶ 2). Plaintiff further asserts "[d]iscovery of insurer files and records, including attorney-client communications are discoverable, with limitations, is available when a bad faith claim is presented by the insured." (*Id*. at p. 5, ¶ 4). Contrary to Plaintiff's unfounded contentions, the April 2026 Supplemental Discovery Responses, and more specifically the April 2026 Privilege Log, specifically and properly identify each assertion of privilege and the basis for each assertion.

16

(*See* Filing No. 49-19; Index of Evidence, Exhibit No. 8). Furthermore, Nebraska law does not support Plaintiff's position that all attorney-client communications in USAA GIC's possession are discoverable simply because Plaintiff has alleged bad faith against USAA GIC.[1] *E.g.*, *Jamison v. Depositors Ins. Co.*, No. 4:14-CV-3009, 2016 WL 4443873, at *2 (D. Neb. Aug. 22, 2016) (if an insurer has not alleged an affirmative defense based on advice of counsel, the insurer has not implicitly waived the attorney-client privilege); *see generally Brennan v. W. Nat'l Mut. Ins. Co.*, 199 F.R.D. 660, 663 (D.S.D. 2001) (district court rejected the moving party's argument that "the nature of . . . bad-faith litigation, in and of itself, creates an exception to the attorney-client or work-product privileges"). USAA GIC has not placed itself in a position to waive such privilege. *E.g.*, *Broom, Clarkson, Lanphier & Yamamoto*, 2015 WL 7302226, at *6 ("A party may waive the attorney-client privilege by placing communications between lawyer and client into issue.").

Neb. Rev. Stat. § 27-503(2) provides:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (a) between himself or his representative and his lawyer or his lawyer's representative, or (b) between his lawyer and the lawyer's representative, or (c) by him or his lawyer to a lawyer representing another in a matter of common interest, or (d) between representatives of the client or between the client and a representative of the client, or (e) between lawyers representing the client.

Neb. Rev. Stat. § 27-503(2); *Broom, Clarkson, Lanphier & Yamamoto*, 2015 WL 7302226, at *6 (same). For the attorney-client privilege to apply to USAA GIC's communications with outside counsel, "the parties to the communication in question must bear the relationship of attorney and client," and "the attorney must have been engaged or consulted by the client for the purpose of

---

[1] Logic and common sense also do not support Plaintiff's position. If a plaintiff insured could gain access to all of the defendant insurer's privileged communications simply by alleging bad faith, every plaintiff insured in every insurance coverage dispute would allege bad faith. This is not, and cannot, be the law in Nebraska or any other jurisdiction.

4905-4133-3172.3

obtaining legal services or advice services or advice that a lawyer may perform or give in his capacity as a lawyer, not in some other capacity." *Benson*, 2022 WL 426563, at *5 (citation and internal quotations omitted). In addition, "factual investigations performed by attorneys as attorneys fall comfortably within the protection of the attorney-client privilege." *BJ's Fleet Wash, LLC v. City of Omaha*, No. 8:22CV131, 2024 WL 1962633, at *1 (D. Neb. May 3, 2024) (quoting *Crutcher-Sanchez v. Cnty. of Dakota, Neb.*, No. 8:09CV288, 2011 WL 612061, at *7 (D. Neb. Feb. 10, 2011)). USAA GIC's communications with its outside coverage counsel seeking legal advice regarding coverage under the Policy for the August 2023 Claim and the July 2024 Claim easily fall within the attorney-client privilege protections.

The case law and other materials relied on by Plaintiff do not provide legal authority to the contrary, are inapposite, and certainly do not support Plaintiff's contentions regarding the "presumed discoverability" of plainly attorney-client privileged materials in an insurer's claim file created prior to a coverage denial. Throughout the Brief, Plaintiff relies on a Washington state case—*Cedell v. Farmers Ins. Co. of Wash.*, 176 Wash. 2d 686, 295 P.3d 239 (2013)—for the proposition USAA GIC's outside legal counsel's communications and opinions are not protected by the attorney-client privilege. (Filing No. 50 at p. 3, ¶ 2). While the underlying facts of *Cedell* have some similarities to the case at hand—*i.e.*, insured lost his house to a fire, alleged bad faith against his insurer, and filed a motion to compel—this case has no precedential value here. *Id.*, 176 Wash. 2d at 690, 295 P.3d at 241. In *Cedell*, the Court determined an insured is entitled to broad discovery; however, an "insurer may overcome this presumption by showing *in camera* its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating the claim[,] [and] [u]pon such a showing, the insurance company is entitled to the redaction of communications from counsel that reflected the mental impressions of the attorney to the insurance company, unless

18

those mental impressions are directly at issue in their quasi-fiduciary responsibilities to their insured." *Id.*, 176 Wash. 2d at 702, 295 P.3d at 247.

In a convoluted fashion, Plaintiff also relies on case law from the Seventh Circuit (by copying and pasting language without citations in Plaintiff's Brief) and an Illinois case—*Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84 (N.D. Ill. 1992)—for the proposition USAA GIC cannot assert blanket claims of privilege. (Filing No. 50 at p. 4-5, ¶ 2-3). This case law also has no precedential value, and Plaintiff's reliance on *Allendale* is misplaced. In *Allendale*, the Court determined that when asserting attorney-client privilege or work product doctrine, the insurer is required "to produce a privilege log listing each separate document they claim to be beyond discovery" which identifies detailed information, including date, author of document, all recipients along with their capacities, the document's subject matter, the purpose for its production, and a specific explanation as to why the document was allegedly privileged or immune from discovery under the work-product doctrine. 145 F.R.D. at 88. This is exactly what USAA GIC did with the April 2026 Privilege Log and, accordingly, *Allendale* supports USAA GIC's position, not Plaintiff's.

Plaintiff's Motion fails to present any argument or authority to establish his entitlement to the plainly attorney-client protected communications and other materials described in USAA GIC's April 2026 Privilege Log. Rather, Plaintiff merely asserts, repeatedly, that all pre-denial records in USAA GIC's files are discoverable. For the foregoing reasons, Plaintiff is wrong and Plaintiff is not entitled to attorney-client privileged communications or protected attorney work product materials or information exchanged between USAA GIC and its outside coverage counsel incident to the August 2023 Claim, the July 2024 Claim, or the Suit, regardless of when the communications or other materials were created.

19

**C.**    **The Work Product Doctrine Applies to Plainly Privileged and Work Product-Protected Materials**

Plaintiff's objections to USAA GIC's work product assertions in the April 2026 Privilege Log are similar to Plaintiff's objections to USAA GIC's attorney-client privilege assertions and are similarly unfounded. In the Brief, Plaintiff contends he is entitled to all pre-denial materials marked as work product-protected on the April 2026 Privilege Log; in support of his position, Plaintiff conclusory alleges that "[a]ll files and records of an insurer investigating a claim are presumed discoverable if prepared before the insurer acts 'in anticipation of litigation.'" (Filing No. 50 at 4, ¶ 3). Plaintiff's position is not supported by Nebraska law or the record.

As explained *supra*, this Court has determined that "[r]isk management documents prepared by investigators may not themselves be considered 'prepared in anticipation of litigation,' but to the extent that they disclose the individual case reserves for files and any mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim, they are privileged." *Carlson*, 226 F.R.D. at 366. Documents such as those "are prepared in anticipation of litigation and, consequently, they are protected from discovery as opinion work product." *Id*. (citing *Simon*, 816 F.2d at 401). Furthermore, it is the party "seeking to overcome the work-product protection [who] bears the burden of establishing substantial need and undue burden." *Benson*, 2022 WL 426563, at *6 (citation omitted). Plaintiff does not and cannot meet this burden.

Plaintiff relies on *Thiele Dairy, LLC v. Earthsoils, Inc*., No. 4:08CV3015, 2008 WL 2309454, at *1 (D. Neb. June 4, 2008), and *Allendale Mut. Ins. Co.*, 145 F.R.D. 84, to support the argument he is entitled to discovery of all of USAA GIC's documents and opinions prepared prior to the respective denials of the August 2023 Claim and the July 2024 Claim. (Filing No. 50 at 4-5). Plaintiff's reliance on these cases is misplaced, as they do not support his blanket assertion to entitlement of all discovery. In *Thiele Dairy*, the insurer engaged two agronomists to investigate

20

a claim and the insured sought the documents and opinions related to those investigations, which were prepared prior to any denial of the claim. 2008 WL 2309454, at *1. The *Thiele* Court noted the insurer believed it was necessary to hire the agronomists in order to better understand the claim, and the Court determined the insured was "entitled to discovery of documents and opinions prepared or expressed by the consultants prior to the denial of the insurance claim and prior to the commencement of th[at] suit." *Id*. at *2. Unlike in *Thiele Dairy*, USAA GIC engaged outside *legal* counsel prior to denying either of Plaintiff's claims, which undeniably demonstrates an anticipation of litigation. (*E.g.*, Filing No. 49-7 at pp. 10-12; Filing No. 49-9 at pp. 2-3).

In *Allendale*, the defendant filed a motion to compel the insurers to produce certain documents in discovery for which they claimed work-product protection. 145 F.R.D. at 85. After discussing the application of attorney-client privilege and work-product doctrine, the Illinois court ultimately ordered the insurer "to produce a privilege log listing each separate document they claim to be beyond discovery[.]" *Id*. USAA GIC does not dispute the necessity for a privilege log and provided Plaintiff with the April 2026 Privilege Log. As noted *infra*, although *Allendale* is not controlling or even persuasive here, USAA GIC's April 2026 Privilege log easily complies with the *Allendale* court's directions as to the substance of a privilege log. *Id*.

USAA GIC's work product-related redactions and withholdings are indisputably proper and well-supported. As the Court directed in the March 25, 2026 Order, USAA GIC's April 2026 Privilege Log, when compared with the documents USAA GIC produced, provides a clear description of why the information was not disclosed or produced—*e.g.*, communications with outside coverage counsel, information related to outside counsel's expenses and compensation, reserve history prepared in anticipation of litigation and not related to any party's claims or defenses, financial entries and reserves prepared subsequent to USAA GIC's engagement of

21

coverage counsel, and information and materials prepared after Plaintiff filed his complaint in the Suit. (USAA GIC's Index of Evidence, Exhibit No. 8). This information is plainly protected and not subject to discovery. *E.g.*, *Benson*, 2022 WL 1121805, at \*1 (information "generated by attorneys employed or retained by the [defendant] for the purpose of furnishing legal advice, and some of which was generated in anticipation of Plaintiff's claims in this lawsuit—was protected from discovery"); *Timm Grandview, LLC v. AmGuard Ins. Co.*, No., 8:20CV197, 2021 WL 1120940, at \*5, \*11 (D. Neb. Mar. 23, 2021) (motion to compel financial information denied because information was not related to the claim).

For the foregoing reasons, Plaintiff is not entitled to work product-protected materials identified in USAA GIC's April 2026 Privilege Log with respect to the August 2023 Claim, the July 2024 Claim, or the Suit.

### D.    Plaintiff Is Not Entitled to Sanctions Against USAA GIC under Federal Rule of Civil Procedure 37.

In the Motion, Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 37 because of USAA GIC's alleged "persistent failure to produce discovery in compliance with federal discovery rules requiring numerous conferences with opposing counsel and this Court, all of which have still resulted in numerous deficient and noncompliant discovery responses." (Filing No. 48 at 6). Contrary to Plaintiff's unfounded and patently false contentions, none of which are supported by the record, USAA GIC has fully complied with its obligations under the Federal Rules of Civil Procedure, reasonably and timely responded to all of Plaintiff's discovery requests and other inquiries, and produced all relevant, non-privileged or otherwise protected documents in its possession. There is no legal or factual basis for an award of sanctions against USAA GIC.

Under Federal Rule of Civil Procedure 37, sanctions are not warranted if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court

22

action; (ii) the opposing party's nondisclosure, response, or objections was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, USAA GIC's "nondisclosure, response, or objections [are] substantially justified" and "an award of expenses" would be "unjust." As conceded in Plaintiff's Motion, counsel for the parties met "on no less than 20 occasions, including telephonic, email, and correspondence, regarding the sufficiency of [USAA GIC's] discovery responses[.]" (Filing No. 48 at 6). In response to Plaintiff's objections—unfounded as they were—USAA GIC repeatedly made reasonable, good faith efforts to respond to Plaintiff's concerns, clarify and amend USAA GIC's discovery responses, produce additional materials, and provide additional information and clarity to USAA GIC's privilege log. (*E.g.*, McCarthy Affidavit ¶¶ 9-14, 16-22; USAA GIC's Index of Evidence, Exhibits Nos. 4-9). There is no rational support for Plaintiff's request for sanctions, as the record plainly demonstrates USAA GIC fully complied with its obligations under the Federal Rules of Civil Procedure and any nondisclosure, response, or objection was substantially justified. Accordingly, sanctions are not warranted and the Court should deny Plaintiff's requests in this regard.

### E.   Specific Responses to Plaintiff's Prayer for Relief in the Motion

In the Motion, Plaintiff seeks relief with respect to specific discovery responses provided by USAA GIC, including USAA GIC's amended responses to Plaintiff's interrogatories, requests for admission, and requests for production. (Filing No. 48, Prayer for Relief). As noted above, Plaintiff's requests for relief outside of the limited scope defined in the Court's June 8, 2026 Order—*i.e.*, relief related to the dispute concerning USAA GIC's April 2026 Privilege Log—should not be considered and must be denied. All of the relief Plaintiff seeks in Paragraphs A(1) through A(4) of the Motion's Prayer for Relief is outside the scope of the Court's June 8, 2026 Order. Paragraph 5 in Plaintiff's Prayer for Relief concerns the April 2026 Privilege Log—the

23

only disputed matter properly within the scope of the June 8, 2026 Order—and is addressed *supra*. In the event the Court entertains Plaintiff's demands for relief outside the limited scope of the Court's June 8, 2026 Order (*i.e.*, Paragraphs A(1)-(4) of the Motion's Prayer for Relief), below are USAA GIC's responses and, to assist the Court with its evaluation, the majority[2] of discovery requests and responses at issue.

### 1.    Paragraph A(1)(a)-(h) of Plaintiff's Prayer for Relief

In Paragraph A(1)(a)-(h) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests USAA GIC "be compelled to answer Interrogatory Nos. 1, 2, 7, and 8 with the facts pertinent to this action known to its proffered potential witnesses who 'are likely to have discoverable information:' (a) Andy Martin; (b) Teri Bergstrom; (c) Lisa Heisey; (d) John Tice; (e) Cecilio Rosales; (f) Emily Lee; (g) John Sharpnack; [and] (h) J. Cord Guthrie[.]" (Filing No. 48, Prayer for Relief, ¶ A(1)).  Below are Plaintiff's Interrogatory Nos. 1, 2, 7, and 8 and USAA GIC's Answers (Filing Nos. 49-6, 49-7, 49-17):

**INTERROGATORY NO. 1:** Identify each employee, agent or other person authorized or solicited by you who is known by you to have information about Plaintiff's claims for insurance coverage arising from Fire No. 1, and for each person identified please state:
   a) Name;
   b) Title; and,
   c) Brief statement of knowledge possessed by that person.

**AMENDED ANSWER TO INTERROGATORY NO. 1:** In response to Interrogatory No. 1, USAA GIC refers Plaintiff to: (a) the individuals identified in Paragraphs 3-8 of Section A of USAA GIC's Rule 26(a)(1) Initial Disclosures, served on May 23, 2025, who are likely to have discoverable information regarding the August 14, 2023 claim ("August 2023 Claim") submitted by Plaintiff to USAA GIC under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("2023-2024 Policy"), arising out of an alleged residential fire at

---

[2] Given the word-limit constraints in the Local Rules applicable to this Brief, and given the improperly excessive number of discovery responses identified in Paragraphs A(3) and A(4) of Plaintiff's Prayer for Relief in the Motion, USAA GIC did not transcribe every discovery request and response identified in Paragraphs A(3) and A(4).  Such requests and responses, however, are available for review in Plaintiff's Filing Nos. 49-6, 49-7, 49-11, and 49-13.

1111 West E Street, Ogallala, Nebraska ("Weaver Property") on or around August 14, 2023 ("August 2023 Fire"); and (b) Ward Arms, with EFI Global, Inc. ("EFI Global"). By way of further response, pursuant to Fed. R. Civ. P. 33(d), USAA GIC refers Plaintiff to, *inter alia*: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001-2746, documents produced with USAA GIC's Responses to Plaintiff's First and Second Sets of Requests for Production of Documents, Bates labeled USAAGIC002747-5946, and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures.

Paragraphs 3-8 of USAA GIC's Rule 26(a)(1) Initial Disclosures, as referenced in USAA GIC's Amended Answer to Interrogatory No. 1, provide the following information:

1.      **Andy Martin, CPCU, SCLA, AIC, API**
        Mr. Martin may be contacted through counsel for USAA GIC.

Mr. Martin is a Senior Special Claims Investigator for USAA GIC and is likely to have discoverable information regarding: (a) USAA GIC's investigation of the August 2023 Claim; (b) the condition of the Weaver Property subsequent to Mr. Weaver's submission of the August 2023 Claim to USAA GIC; (c) communications and interviews with Mr. Weaver incident to the August 2023 Claim; and (d) estimates or other reports incident to the August 2023 Claim prepared by, for, or on behalf of USAA GIC.

2.      **Cecilio Rosales, CIFI, CFE**
        Mr. Rosales may be contacted through counsel for USAA GIC.

Mr. Rosales is a Senior Special Claims Investigator for USAA GIC and is likely to have discoverable information regarding: (a) USAA GIC's investigation of the August 2023 Claim; (b) the condition of the Weaver Property subsequent to Mr. Weaver's submission of the August 2023 Claim to USAA GIC; (c) communications and interviews with Mr. Weaver incident to the August 2023 Claim; and (d) estimates or other reports incident to the August 2023 Claim prepared by, for, or on behalf of USAA GIC.

3.      **Teri Bergstrom**
        Ms. Bergstrom may be contacted through counsel for USAA GIC.

Ms. Bergstrom is a Quality Reinspection Representative for USAA GIC and previously served as a General Adjuster for USAA GIC. Ms. Bergstrom is likely to have discoverable information regarding: (a) the August 2023 Claim; (b) the July 2024 Claim; (c) the property loss notices submitted by Mr. Weaver to USAA GIC incident to the August 2023 Claim and the July 2024 Claim; (d) USAA GIC's communications with Mr. Weaver and Mr. Weaver's representatives regarding the August 2023 Claim and the July 2024 Claim; (e) estimates, investigative reports, or other reports incident to the August 2023 Claim and July 2024 Claim; (f) the 2022-2023 Policy; and (g) the 2023-2024 Policy.

25

4905-4133-3172.3

4.     **Emily Lee**
Ms. Lee may be contacted through counsel for USAA GIC.

Ms. Lee is a Senior Property Adjuster for USAA GIC and is likely to have discoverable information regarding: (a) the August 2023 Claim; (b) USAA GIC's August 17, 2023 inspection of the Weaver Property; (c) USAA GIC's communications with Mr. Weaver and Mr. Weaver's representatives incident to the August 2023 Claim; (d) estimates or other reports incident to the August 2023 Claim prepared by USAA GIC with respect to the personal property contents at the Weaver Property; and (e) the 2023-2024 Policy.

5.     **John Sharpnack**
Mr. Sharpnack may be contacted through counsel for USAA GIC.

Mr. Sharpnack is a Manager for P&C Underwriting, which provides underwriting support for USAA GIC, and is likely to have discoverable information regarding: (a) the 2022-2023 Policy; (b) Mr. Weaver's request in or around March 2023 to amend the 2022-2023 Policy to increase the "dwelling protection" limit of liability from $443,000 to $864,000, and to increase the "personal property protection" limit of liability from $221,500 to $648,000; and (c) the 2023-2024 Policy.

6.     **J. Cord Guthrie, IAAI-CFI, NAFI-FEI/CVFI**
EFI Global, Inc.
Mr. Guthrie may be contacted through counsel for USAA GIC.

Mr. Guthrie is a certified fire investigator for EFI Global, Inc. ("EFI Global") and is likely to have discoverable information regarding: (a) EFI Global's inspection(s) of the Weaver Property; (b) EFI Global's report(s) incident to the August 2023 Claim; and (c) the August 2023 Claim

**INTERROGATORY NO. 2:** Identify each employee, agent or other person authorized or solicited by you who is known by you to have information about Plaintiff's claims for insurance coverage arising from Fire No. 2, and for each person identified please state:
   a)  Name;
   b)  Title; and,
   c)  Brief statement of knowledge possessed by that person.

**AMENDED ANSWER TO INTERROGATORY NO. 2:** In response to Interrogatory No. 2, USAA GIC identifies the following individuals who are likely to have discoverable information regarding Plaintiff's July 10, 2024 claim ("July 2024 Claim") submitted to USAA GIC under the 2023-2024 Policy, arising from an alleged fire at the Weaver Property on or around July 9, 2024 ("July 2024 Fire"), along with the subjects of that information:

a.     **Andy Martin, CPCU, SCLA, AIC, API**
Mr. Martin may be contacted through counsel for USAA GIC.

26

Mr. Martin is a Senior Special Claims Investigator for USAA GIC and is likely to have discoverable information regarding: (i) USAA GIC's investigation of the July 2024 Fire; (ii) the condition of the Weaver Property subsequent to Plaintiff's submission of the July 2024 Claim; (iii) communications and interviews with Plaintiff and his wife, Deatta Weaver, incident to the July 2024 Fire; and (iv) estimates or other reports incident to the July 2024 Fire prepared by, for, or on behalf of USAA GIC.

**b.    Teri Bergstrom**
Ms. Bergstrom may be contacted through counsel for USAA GIC.

Ms. Bergstrom is a Quality Reinspection Representative for USAA GIC and previously served as a General Adjuster for USAA GIC.  Ms. Bergstrom is likely to have discoverable information regarding: (i) the July 2024 Claim; (ii) the property loss notices submitted by Plaintiff to USAA GIC incident to the July 2024 Claim; (iii) USAA GIC's communications with Plaintiff and Plaintiff's representatives regarding the July 2024 Claim; and (iv) estimates, investigative reports, or other reports incident to the July 2024 Claim.

**c.    Lisa Heisey**
Ms. Heisey may be contacted through counsel for USAA GIC.

Ms. Heisey is a General Adjuster for USAA GIC.  Ms. Heisey is likely to have discoverable information regarding: (i) the July 2024 Claim; (ii) the property loss notice submitted by Plaintiff to USAA GIC incident to the July 2024 Claim; (iii) USAA GIC's communications with Plaintiff and Plaintiff's representatives regarding the July 2024 Claim; and (iv) estimates, investigative reports, or other reports incident to the July 2024 Claim.

**d.    John Ticer, IAAI-CFI**
EFI Global, Inc.
Mr. Ticer may be contacted through counsel for USAA GIC.

Mr. Ticer is a certified senior fire investigator for EFI Global and is likely to have discoverable information regarding: (i) EFI Global's inspection(s) of the Weaver Property; and (ii) EFI Global's report(s) incident to the July 2024 Claim.

By way of further response to Interrogatory No. 2, pursuant to Fed. R. Civ. P. 33(d), USAA GIC refers Plaintiff to, *inter alia*: documents previously produced with USAA GIC's Rule 26(a)(1) Initial Disclosures, Bates labeled USAAGIC000001-2746, documents produced with USAA GIC's Responses to Plaintiff's First and Second Sets of Requests for Production of Documents, Bates labeled USAAGIC002747-5946, and documents produced by Plaintiff with Plaintiff's Rule 26(a)(1) Initial Disclosures.

4905-4133-3172.3

**INTERROGATORY NO. 7:** Identify each person you may call to testify at any trial of this matter, with a brief summary of the facts to which you anticipate each such person to testify.

**ANSWER TO INTERROGATORY NO. 7:** USAA GIC objects to Interrogatory No. 7 on the basis it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. USAA GIC further objects to Interrogatory No. 7 as premature, as discovery in this matter is ongoing and the parties are in the process of exchanging documents and information which may bear on USAA GIC's Answer to Interrogatory No. 7. USAA GIC further objects to Interrogatory No. 7 to the extent it seeks to impose obligations with respect to the timing and extent of disclosures regarding trial witnesses that are different from those required by the Federal Rules of Civil Procedure, the Civil Rules of the United States District Court for the District of Nebraska ("Nebraska Civil Rules"), and the Progression Order or other orders of the Court in this matter. Subject to and without waiving these objections, USAA GIC states it has not yet determined what witnesses it intends to call at trial and USAA GIC will supplement its Answer to Interrogatory No. 7 as appropriate and required by the Federal Rules of Civil Procedure, the Nebraska Civil Rules, and the Progression Order or other orders of the Court in this matter.

**INTERROGATORY NO. 8:** Identify sufficiently to permit Plaintiff to obtain the same through further discovery each document or other thing you may offer into evidence at any trial of this matter that was not produced to Plaintiff as a part of your Rule 26(a)(1) Initial Disclosures or was not produced in your response to Plaintiff's Requests for Production served on you concurrently with these Interrogatories.

**ANSWER TO INTERROGATORY NO. 8:** USAA GIC objects to Interrogatory No. 8 on the basis it seeks information protected by the attorney work product doctrine and exceeds the permissible scope of discovery by seeking the mental impressions or legal strategy of counsel. USAA GIC further objects to Interrogatory No. 8 as premature, as discovery in this matter is ongoing and the parties are in the process of exchanging documents and information which may bear on USAA GIC's Answer to Interrogatory No. 8. USAA GIC further objects to Interrogatory No. 8 to the extent it seeks to impose obligations with respect to the timing and extent of disclosures regarding trial exhibits that are different from those required by the Federal Rules of Civil Procedure, the Nebraska Civil Rules, and the Progression Order or other orders of the Court in this matter. Subject to and without waiving these objections, USAA GIC states it has not yet determined what exhibits it will offer into evidence at trial in this matter and, to the extent not previously produced, USAA GIC will supplement its Answer to Interrogatory No. 8 as appropriate and required by the Federal Rules of Civil Procedure, the Nebraska Civil Rules, and the Progression Order or other orders of the Court in this matter.

**USAA GIC'S RESPONSE TO PLAINTIFF'S OBJECTIONS IN PRAYER FOR RELIEF PARAGRAGHS A(1)(a)-(h)**

Plaintiff requests USAA GIC "be compelled to answer Interrogatory Nos. 1, 2, 7, and 8

with the facts pertinent to this action known to its proffered potential witnesses who 'are likely to

have discoverable information:' (a) Andy Martin; (b) Teri Bergstrom; (c) Lisa Heisey; (d) John Tice; (e) Cecilio Rosales; (f) Emily Lee; (g) John Sharpnack; [and] (h) J. Cord Guthrie[.]" (Filing No. 48, Prayer for Relief, ¶ A(1)).  Interrogatory Nos. 1 and 2 request the name, title, and a "*brief* statement of knowledge possessed" by "each employee, agent or other person authorized or solicited by [USAA GIC] who is known by [USAA GIC] to have information about" the August 2023 Claim or the July 2024 Claim.  (Emphasis added).  As demonstrated above in USAA GIC's Amended Answers to Interrogatory Nos. 1 and 2, USAA GIC fully complied with Plaintiff's requests by providing the name, title, and a summary of the areas of potential knowledge possessed by each "each employee, agent or other person authorized or solicited by [USAA GIC] who is known by [USAA GIC] to have information about" the August 2023 Claim or the July 2024 Claim.  It is burdensome and not proportional to the needs of the case to require USAA GIC to exhaustively describe all potential knowledge and facts possessed by each witness it identifies as potentially having knowledge pertinent to the August 2023 Claim or the July 2024 Claim.  That is what depositions are for, not written discovery.  Plaintiff has the name, title, and categories of information potentially possessed by each witness, as well as all of USAA GIC's non-privileged documents potentially relevant to each witness; armed with this information, Plaintiff can depose each witness to fully explore and discover the witness's actual knowledge with respect to the August 2023 Claim and/or the July 2024 Claim.  Plaintiff's demand with respect to Interrogatory Nos. 1 and 2 in Paragraph A(1) of the Motion's Prayer for Relief, accordingly, must be denied.

Interrogatory Nos. 7 and 8 request USAA GIC to identify its trial witnesses and trial exhibits and summarize the anticipated trial testimony of each witness.  Not a single deposition has been taken in this matter and, as noted in USAA GIC's answers to Interrogatory Nos. 7 and 8, discovery is ongoing.  These requests are premature, as USAA GIC cannot—and is not required

29

to—identify its trial witnesses and exhibits until discovery is complete.[3]  As noted in USAA GIC's responses to Interrogatory Nos. 7 and 8, USAA GIC will supplement its answers as appropriate and required by the Federal Rules of Civil Procedure, the Nebraska Civil Rules, and the Progression Order or other orders of the Court in this matter.  Plaintiff's demand with respect to Interrogatory Nos. 7 and 8 in Paragraph A(1) of the Motion's Prayer for Relief, accordingly, must be denied.

> **2.    Paragraph A(2)(a)-(f) of Plaintiff's Prayer for Relief and USAA GIC's Responses**

(a)    In Paragraph A(2)(a) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests USAA GIC "be compelled to answer Interrogatory" No. 7 "with a non-open-ended answer that

---

[3] It is notable that, in response to a similar interrogatory from USAA GIC requesting the identity of Plaintiff's trial witnesses and for Plaintiff to identify his trial exhibits—which USAA GIC included as a placeholder interrogatory under the assumption Plaintiff would supplement his answer at a later date—Plaintiff responded with the following: "Plaintiff has identified potential witnesses for trial in his Rule 26 disclosures. Plaintiff has not identified specific representatives but may call officials, agents, or employees of the fire department, the county or city offices, and representatives or agents of law enforcement agencies or offices of Ogallala or Keith County, Nebraska.  Plaintiff may call representatives and agents of Defendant who participated in the application and evaluation process culminating in the coverage change to the 2023-2024 Policy in March 2023, agents or representatives who inspected the Weaver Property before or after the August 2023 fire, and who investigated the August 2023 or July 2024 fire claims.  Plaintiff may call news agency representatives or agents of news organizations in Ogallala or Keith County, Nebraska. ***Plaintiff may call other individuals disclosed in ongoing discovery***, and ***Plaintiff may introduce any documents disclosed by either party in their Rule 26 disclosures or discovery***." (McCarthy Affidavit ¶ 8; Plaintiff's Verified Answers to USAA GIC's First Set of Interrogatories ("Plaintiff's Verified Answers to USAA GIC's First Set of Interrogatories"), Answer to Interrogatory No. 22 (emphasis added).  A true and correct copy of Plaintiff's Verified Answers to USAA GIC's First Set of Interrogatories is attached as **Exhibit 3** to USAA GIC's Index of Evidence).  Plaintiff did not provide a single name of any witness Plaintiff intends to call at trial, referenced a broad swath of public officials and private individuals, and similarly noted that discovery is ongoing.  Rule 26(e) requires Plaintiff to supplement this answer with more specificity when Plaintiff obtains it.  Similarly, USAA GIC will supplement its answers to Interrogatory Nos. 7 and 8 with more specificity when USAA GIC obtains it.  There is no need for a motion to compel a more specific response at this juncture in the litigation and the Court should reject Plaintiff's demands in this regard.

4905-4133-3172.3

includes anyone not identified in the Rule 26(a)(1) initial disclosure or answers to interrogatory Nos. 1 and 2." (Filing No. 48, Prayer for Relief, ¶ A(2)(a)). In response, USAA GIC incorporates by reference its above response to Paragraph A(1) of Plaintiff's Prayer for Relief in the Motion, specifically concerning Interrogatory No. 7. Moreover, the reason for USAA GIC's "open-ended answer"—*i.e.*, discovery is ongoing—is plainly explained in USAA GIC's Answer to Interrogatory No. 7. Plaintiff's demand with respect to Interrogatory No. 7 in Paragraph A(2)(a) of the Motion's Prayer for Relief, accordingly, must be denied.

(b)    In Paragraph A(2)(b) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests USAA GIC "be compelled to answer Interrogatory" No. 8 "with a non-open-ended answer that includes anyone not identified in the Rule 26(a)(1) initial disclosure or answers to interrogatory Nos. 1 and 2." (Filing No. 48, Prayer for Relief, ¶ A(2)(a)). In response, USAA GIC incorporates by reference its above response to Paragraph A(1) of Plaintiff's Prayer for Relief in the Motion, specifically concerning Interrogatory No. 8. Moreover, the reason for USAA GIC's "open-ended answer"—*i.e.*, discovery is ongoing—is plainly explained in USAA GIC's Answer to Interrogatory No. 8. Plaintiff's demand with respect to Interrogatory No. 8 in Paragraph A(2)(a) of the Motion's Prayer for Relief, accordingly, must be denied.

(c)    In Paragraph A(2)(c) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests USAA GIC "be compelled to answer Interrogatory" No. 10 "with [the] identity of the agent of [USAA GIC] who took the application for issuance of Plaintiff's insurance policy with effective dates from August 1, 2022 to August 1, 2023." (Filing No. 48, Prayer for Relief, ¶ A(2)(c)). Below is Plaintiff's Interrogatory No. 10 and USAA GIC's Amended Answer to Interrogatory No. 10:

> **INTERROGATORY NO. 10:** Identify each person who communicated with Plaintiff regarding any application by Plaintiff for Homeowner's insurance on the Premises that resulted in the issuance of your homeowner's policy on the Premises effective August 1, 2022, and for each identify:

31

a)  Name; and,
b)  Title;

**AMENDED ANSWER TO INTERROGATORY NO. 10:**  In response to Interrogatory No. 10, pursuant to Fed. R. Civ. P. 33(d), USAA GIC refers Plaintiff to, *inter alia*: documents produced with USAA GIC's Responses to Plaintiff's Requests for Production of Documents, including, but not limited to, documents Bates labeled USAAGIC005106-5946.  USAA GIC reserves the right to supplement its Amended Answer to Interrogatory No. 10, to the extent appropriate, as discovery proceeds.

(Filing No. 49-7).  First and foremost, the homeowners insurance policy issued to Plaintiff on August 1, 2022 terminated on August 1, 2023, was not in effect on the date of the alleged August 14, 2023 fire at Plaintiff's residence, and therefore is irrelevant.  (*See* Filing No. 17 ¶ 4). Moreover, Federal Rule of Civil Procedure 33(d) allows USAA GIC to identify business records in response to an interrogatory and USAA GIC relied upon Rule 33(d) to answer Interrogatory No. 10.  USAA GIC properly responded to Interrogatory No. 10 and Plaintiff's demand with respect to Interrogatory No. 10 in Paragraph A(2)(c) of the Motion's Prayer for Relief, accordingly, must be denied.

(d)    In Paragraph A(2)(d) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests USAA GIC "be compelled to answer Interrogatory" No. 11 "with [the] identity of the agent of [USAA GIC] who communicated with Plaintiff regarding the issuance of the insurance policy change with an effective date of March [21], 2023 reflected in Plaintiff's documents bates numbered 000062-000069."  (Filing No. 48, Prayer for Relief, ¶ A(2)(d)).  Below is Plaintiff's Interrogatory No. 11 and USAA GIC's Amended Answer to Interrogatory No. 11:

**INTERROGATORY NO. 11:** Identify all employees or agents of Defendant or other authorized persons authorized by Defendant who communicated in any manner with Plaintiff regarding his homeowner's insurance coverage on the Premises regarding changes to Policy No. 1 reflected in the documents bates numbered 000062-000069, and for each identify:
a)  Name; and,
b)  Title.

4905-4133-3172.3

> **AMENDED ANSWER TO INTERROGATORY NO. 11:**   In response to Interrogatory No. 11, USAA GIC states it is aware of the following individuals who communicated with Plaintiff regarding Plaintiff's *online* request in or around March 2023 to amend Homeowners Policy No. GIC 03246 44 01 91A, issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2022 to August 1, 2023 ("2022-2023 Policy"), to increase the "dwelling protection" limit of liability from $443,000 to $864,000, and to increase the "personal property protection" limit of liability from $221,500 to $648,000: (a) Cecilio Rosales, Senior Special Claims Investigator for USAA GIC (*see* USAAGIC001455-1529; USAAGIC001716-1790; USAAGIC002247-2249); (b) Andrew Martin, Senior Special Claims Investigator for USAA GIC (*see* USAAGIC001571-1572; USAAGIC001599-1601; USAAGIC001793-1902; USAAGIC002250); and (c) Conan Becknell, Esq., with the law firm Engles Ketcham, Olson, P.C. (*see* USAAGIC001963-2009).   USAA GIC reserves the right to supplement its Amended Answer to Interrogatory No. 11, to the extent appropriate, as discovery proceeds.

(Filing No. 49-7) (emphasis added).  As noted in USAA GIC's verified Amended Answer to Interrogatory No. 11, and as repeatedly explained to Plaintiff's counsel in multiple telephone conferences, Plaintiff's March 2023 request to amend the 2022-2023 Policy was an online request Plaintiff initiated.  As such, there is no "agent of [USAA GIC] who communicated with Plaintiff regarding the issuance of the insurance policy change with an effective date of March [21], 2023 reflected in Plaintiff's documents bates numbered 000062-000069" and USAA GIC cannot be compelled to disclose the identity of a person who does not exist.  USAA GIC properly responded to Interrogatory No. 11 and Plaintiff's demand with respect to Interrogatory No. 11 in Paragraph A(2)(d) of the Motion's Prayer for Relief, accordingly, must be denied.

(e)      In Paragraph A(2)(e) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests USAA GIC "be compelled to answer Interrogatory" No. 28 "with the date it changed [its] conduct from 'investigation' of Plaintiff's claims relating to Fire No. 1 (August 14, 2023 fire) to acting 'in anticipation of litigation.'"  (Filing No. 48, Prayer for Relief, ¶ A(2)(e)).  Below is Plaintiff's Interrogatory No. 28 and USAA GIC's Answer to Interrogatory No. 28:

33

4905-4133-3172.3

**INTERROGATORY NO. 28:** State the date you initiated processes in anticipation of litigation of Plaintiff's claims arising out of Fire No. 1.

**AMENDED ANSWER TO INTERROGATORY NO. 28:** In response to Interrogatory No. 28, USAA GIC states on or around December 8, 2023, it first contacted outside coverage counsel seeking legal advice regarding coverage issues arising out of the August 2023 Fire; and, on February 16, 2024, Plaintiff advised USAA GIC that Plaintiff had retained counsel to represent him with respect to the August 2023 Claim.

(Filing No. 49-9). USAA GIC's Amended Answer to Interrogatory No. 28 plainly provides the date USAA GIC first sought legal advice concerning coverage issues arising out of the August 2023 Fire—in or around December 8, 2023—and also plainly describes the date Plaintiff advised USAA GIC that Plaintiff had retained counsel to represent him with respect to the August 2023 Claim—February 16, 2024. (*Id.*). It is unclear to USAA GIC what additional information or dates Plaintiff needs in response to Interrogatory No. 28. USAA GIC properly responded to Interrogatory No. 28 and Plaintiff's demand with respect to Interrogatory No. 28 in Paragraph A(2)(e) of the Motion's Prayer for Relief, accordingly, must be denied.

(f) In Paragraph A(2)(f) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests USAA GIC "be compelled to answer Interrogatory" No. 29 "with the date it changed [its] conduct from 'investigation' of Plaintiff's claims relating to Fire No. 2 (July 9, 2024 fire) to acting 'in anticipation of litigation.'" (Filing No. 48, Prayer for Relief, ¶ A(2)(f)). Below is Plaintiff's Interrogatory No. 29 and USAA GIC's Answer to Interrogatory No. 29:

**INTERROGATORY NO. 29:** State the date you initiated processes in anticipation of litigation of Plaintiff's claims arising out of Fire No. 2.

**AMENDED ANSWER TO INTERROGATORY NO. 29:** In response to Interrogatory No. 29, USAA GIC states on or around July 10, 2024, it first contacted outside coverage counsel seeking legal advice regarding coverage issues arising out of the July 2024 Fire.

34

(Filing No. 49-9). USAA GIC's Amended Answer to Interrogatory No. 29 plainly provides the date USAA GIC first sought legal advice concerning coverage issues arising out of the July 2024 Firm—in or around July 10, 2024. (*Id.*). It is unclear to USAA GIC what additional information or dates Plaintiff needs in response to Interrogatory No. 29. USAA GIC properly responded to Interrogatory No. 29 and Plaintiff's demand with respect to Interrogatory No. 29 in Paragraph A(2)(f) of the Motion's Prayer for Relief, accordingly, must be denied.

### 3. Paragraph A(3)(a)-(b) of Plaintiff's Prayer for Relief and USAA GIC's Responses

In Paragraph A(3)(a)-(b) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests the Court direct USAA GIC to "either provide specify [*sic*] discovery it is referencing or remove its open-ended references to "*inter alia*" and "including but not limited to" answer to the following discovery: (a) Interrogatory Nos. 3, 4, 10, 13; and (b) Requests for Production Nos. 3, 4, 5, 6, 7, 13, 14, 15." (Filing No. 48, Prayer for Relief, ¶ A(3)(a)-(b)). As a general matter, Plaintiff's request for USAA GIC to remove the phrases "*inter alia*" and "including, but not limited to" from its discovery responses is a burdensome and egregious waste of the Court's and the parties' time and resources; the Court should deny Plaintiff's requests in Paragraph A(3) on this ground alone. Plaintiff's Motion is also—improperly—the first time Plaintiff raised its concern with the use of "*inter alia*" and "including, but not limited to"; again, the Court should deny Plaintiff's requests in Paragraph A(3) on this ground alone. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Lastly, with respect to USAA GIC's Responses to Plaintiff's Requests for Production, USAA GIC is confounded by Plaintiff's objections and requests for more specificity. Federal Rule of Civil Procedure 34 requires a responding party to "state that it will produce copies of documents or of electronically stored information" and then "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Here, USAA

35

GIC produced the documents identified in its Rule 26(a)(1) Initial Disclosures and produced documents in response to Plaintiff's Requests for Production in the manner in which undersigned counsel received the materials from USAA GIC *and* USAA GIC took the additional step of, when reasonable and proportional to the needs of the case, identifying the Bates Labels of the documents responsive to specific requests. Given the excessive number of responses Plaintiff identified in Paragraph A(3), USAA GIC will not transcribe all identified requests and responses below, but even a cursory review of USAA GIC's answers to Interrogatory Nos. 3, 4, 10, and 13 (Filing Nos. 49-6 and 49-7) and responses to Requests for Production Nos. 3-7 and 13-15 (Filing Nos. 49-11 and 49-13) plainly demonstrates USAA GIC properly responded *with specificity* to the Interrogatories and Requests for Production—especially considering the proportionality guidelines in Rule 26(b)—and Plaintiff's demands in Paragraph A(3) of the Motion's Prayer for Relief, accordingly, must be denied.

### 4.      Paragraph A(4)(a)-(b) of Plaintiff's Prayer for Relief and USAA GIC's Responses

In Paragraph A(4)(a)-(b) of Plaintiff's Prayer for Relief in the Motion, Plaintiff requests the Court direct USAA GIC to "reveal the locations of responding documents within its 5946 pages of documents it is referencing in its answers if there are more than those specified, or eliminate the 'go fish' invitation to rummage through [USAA GIC's] entire collection of documents with respect to its answers to: (a) Interrogatory Nos. 1, 2, 3, 4; [and] (b) Requests for Production Nos. 4, 5, 6, 7, 8, 9, 12, 13, 14 (only 1064 unspecified documents), 15 (only 1064 unspecified documents)." (Filing No. 48, Prayer for Relief, ¶ A(4)(a)-(b)). First, with respect to Interrogatory Nos. 1-4, Plaintiff requested information (such as name, title, brief description of knowledge) concerning certain employees, agents, or other persons who may have information or may have provided reports concerning the August 2023 Claim or the July 2024 Claim; Plaintiff did not request that

36

USAA GIC identify any documents in its production(s) relevant to Interrogatory Nos. 1-4. (Filing No. 49-6). USAA GIC nevertheless properly responded to the substance of Interrogatory Nos. 1-4 **and also** provided (even though not requested) references to documents in USAA GIC's production potentially relevant to Interrogatory Nos. 1-4 (*Id*.).

With respect to USAA GIC's Responses to Plaintiff's Requests for Production, USAA GIC is again uncertain of the basis for Plaintiff's objections and requests for more specificity. Federal Rule of Civil Procedure 34 requires a responding party to "state that it will produce copies of documents or of electronically stored information" and then "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Here, USAA GIC produced the documents identified in its Rule 26(a)(1) Initial Disclosures and produced documents responsive to Plaintiff's Requests for Production in the manner in which undersigned counsel received the materials from USAA GIC, **and** USAA GIC took the additional step of, when reasonable and proportional to the needs of the case, identifying the Bates Labels of the documents responsive to specific requests.

Given the excessive number of responses Plaintiff identified in Paragraph A(4), USAA GIC will not transcribe all identified requests and responses below, but even a cursory review of USAA GIC's Amended Answers to Interrogatory Nos. 1-4 (Filing No. 49-6) and Amended Responses to Requests for Production Nos. 4-9 and 12-15 (Filing Nos. 49-11 and 49-13) plainly demonstrates USAA GIC properly responded *with specificity* to the Interrogatories and Requests for Production—especially considering the proportionality guidelines in Rule 26(b)—and Plaintiff's demands in Paragraph A(4) of the Motion's Prayer for Relief, accordingly, must be denied.

4905-4133-3172.3

## V.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion to compel and for sanctions should be denied. In addition, in the event the Court properly denies the Motion, USAA GIC requests the Court award USAA GIC its reasonable costs, including attorneys' fees, pursuant to Fed. R. Civ. P. 37(a)(5)(B).

Dated: July 14, 2026.

/s/ Brooke H. McCarthy
Brooke H. McCarthy #25077
Ashley A. Moore #25927
**KUTAK ROCK LLP**
1650 Farnam Street
Omaha, NE  68102-2186
Telephone: (402) 346-6000
Email: brooke.mccarthy@kutakrock.com
Email: ashley.moore@kutakrock.com

*Attorneys for Defendant USAA General Indemnity Company*

4905-4133-3172.3

**CERTIFICATE OF COMPLIANCE**

I hereby certify: (a) this brief complies with NECivR 7.1(d)(4)(A), (b) this document was prepared using Microsoft Word for Office 365, (c) the word-count function for Microsoft Word for Office 365 was applied to all text in this document, including the caption, headings, footnotes, and quotations, and (d) this document contains 12,647 words.

/s/ Brooke H. McCarthy
Brooke H. McCarthy

I hereby certify this brief complies with NECivR 7.1(d)(4)(B), and further certify no generative artificial intelligence program was used in drafting this document.

/s/ Brooke H. McCarthy
Brooke H. McCarthy

4905-4133-3172.3