# Exhibit 1

# McCarthy Affidavit in Support of USAA GIC's Brief in Opposition to Plaintiff's Motion to Compel

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

WILLIAM WEAVER,

          Plaintiff,

    v.

USAA GENERAL INDEMNITY
COMPANY,

          Defendant.

Case No. 8:25-cv-00072-RFR-RCC

**AFFIDAVIT OF BROOKE H. McCARTHY
IN SUPPORT OF DEFENDANT USAA
GENERAL INDEMNITY COMPANY'S
BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL AND
MOTION FOR SANCTIONS**

STATE OF NEBRASKA    )
                         ) ss.
COUNTY OF DOUGLAS    )

I, Brooke H. McCarthy, being first duly sworn, hereby state and affirm as follows:

1.      I am over the age of 21 years, make the statements contained in this Affidavit upon my own personal knowledge, and am competent to testify to the matters stated herein.

2.      I am an attorney with the law firm Kutak Rock LLP and one of the attorneys representing Defendant USAA General Indemnity Company ("USAA GIC") in the above-captioned suit.

3.      On May 23, 2024, Plaintiff William Weaver ("Plaintiff") provided testimony in an examination under oath in connection with one of the claims from which the above-captioned suit arises—Plaintiff's claim under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("Policy"), with respect to an alleged fire at Plaintiff's residence on or around August 14, 2023 ("August 2023 Claim"). A true and correct copy of excerpts from the transcript of Plaintiff's May 23, 2024 examination under oath in connection with the August 2023 Claim

under the Policy is attached as **Exhibit 2** to the Index of Evidence for USAA GIC's Brief in Opposition ("Opposition Brief") to Plaintiff's Motion to Compel and for Sanctions.

4.      On May 23, 2025, USAA GIC provided Plaintiff with its Fed. R. Civ. P. 26(a)(1) Initial Disclosures in the above-captioned suit, which included a production of 2,746 pages of non-privileged documents.  (Filing Nos. 25, 49-17).

5.      On July 7, 2025, Plaintiff served USAA GIC with Plaintiff's first set of discovery requests ("July 2025 Discovery Requests") in the above-captioned suit.  (Filing Nos. 27, 49-1, 49-3, and 49-5).

6.      On August 20, 2025, in connection with USAA GIC's responses to Plaintiff's July 2025 Discovery Requests in the above-captioned suit, USAA GIC produced an additional 2,057 pages of documents to Plaintiff.

7.      On September 12, 2025, pursuant to Fed. R. Civ. P. 26(b)(5)(A), USAA GIC provided Plaintiff with a privilege log ("September 2025 Privilege Log") describing the documents and other information withheld from USAA GIC's August 2025 document production.

8.      On October 17, 2025, Plaintiff served his responses to USAA GIC's first set of discovery requests (served on September 4, 2025) (Filing No. 30), including Plaintiff's Verified Answers to USAA GIC's First Set of Interrogatories ("Plaintiff's Verified Answers to USAA GIC's First Set of Interrogatories").  (Filing No. 34).  A true and correct copy of Plaintiff's Verified Answers to USAA GIC's First Set of Interrogatories is attached as **Exhibit 3** to the Index of Evidence for USAA GIC's Opposition Brief.

9.      By correspondence from Plaintiff's counsel dated November 10, 2025, Plaintiff objected to the sufficiency of the September 2025 Privilege Log and the completeness of USAA GIC's document productions.

10. By correspondence to Plaintiff's counsel dated November 14, 2025 ("November 14, 2025 Correspondence"), USAA GIC responded to Plaintiff's contentions in Plaintiff's counsel's correspondence dated November 10, 2025. A true and correct copy of the November 14, 2025 Correspondence is attached as **Exhibit 4** to the Index of Evidence for USAA GIC's Opposition Brief.

11. On December 15, 2025, USAA GIC produced an additional 1,065 pages of documents and an amended privilege log ("December 2025 Privilege Log"), which encompassed and superseded the September 12, 2025 Privilege Log.

12. On December 23, 2025, in response to additional discovery requests from Plaintiff, USAA GIC produced over 70 audio files containing recorded conversations between USAA GIC and Plaintiff or Plaintiff's representatives.

13. By correspondence from Plaintiff's counsel dated January 14, 2026, Plaintiff objected to USAA GIC's December 2025 Privilege Log and alleged it failed to sufficiently disclose and describe information and materials withheld or redacted.

14. By correspondence dated January 28, 2026 ("January 28, 2026 Correspondence"), USAA GIC addressed Plaintiff's concerns in the January 14, 2026 correspondence. A true and correct copy of the January 28, 2026 Correspondence is attached as **Exhibit 5** to the Index of Evidence for USAA GIC's Opposition Brief.

15. By email correspondence dated January 30, 2026, Plaintiff's counsel contacted the Court to request a conference to discuss the discovery dispute between the parties. Also on January 30, 2026, the Court directed the parties to submit statements summarizing their respective discovery positions on or before February 4, 2026.

4934-4599-4171.1

16.     By correspondence dated February 4, 2026 ("February 4, 2026 Position Statement"), in connection with the above-described discovery dispute between Plaintiff and USAA GIC, and in response to the Court's January 30, 2026 directive, USAA GIC provided the Court with USAA GIC's position regarding the discovery dispute.  A true and correct copy of the February 4, 2026 Position Statement is attached as **Exhibit 6** to the Index of Evidence for USAA GIC's Opposition Brief.

17.     By communications from Plaintiff's counsel dated February 19, 2026 and February 26, 2026 (together, "February 2026 Communications"), Plaintiff objected to the sufficiency of the December 2025 Privilege Log and the completeness of USAA GIC's document productions.

18.     By correspondence dated March 6, 2026 ("March 6, 2026 Correspondence"), USAA GIC addressed Plaintiff's concerns in the February 2026 Communications.  A true and correct copy of the March 6, 2026 Correspondence is attached as **Exhibit 7** to the Index of Evidence for USAA GIC's Opposition Brief.

19.     On April 22, 2026, pursuant to the Court's text order dated March 24, 2026, USAA GIC served Plaintiff with USAA GIC's amended discovery responses and an amended privilege log ("April 2026 Privilege Log").  A true and correct copy of USAA GIC's April 2026 Privilege Log is attached as **Exhibit 8** to the Index of Evidence for USAA GIC's Opposition Brief.

20.     Subsequent to USAA GIC's service of the April 2026 Privilege Log and its amended discovery responses, counsel for the parties continued discussions regarding the discovery dispute and proposed an *in camera* review resolution for the Court.  The Court agreed and, by correspondence dated May 8, 2026 ("May 8, 2026 Correspondence"), ordered Plaintiff to "identify which of the document numbers on the [April 2026] [P]rivilege [L]og Plaintiff would

4

4934-4599-4171.1

like the court to review, of course keeping in mind the relevance and proportionality requirements of Rule 26."

21. On May 22, 2026, in response to the Court's May 8, 2026 Correspondence, Plaintiff provided the Court with his Submission on Discovery Dispute ("May 22, 2026 Discovery Submission"). (Filing Nos. 49-19, 49-20).

22. By correspondence dated June 4, 2026 ("June 4, 2026 Correspondence"), USAA GIC responded to Plaintiff's May 22, 2026 Discovery Submission. A true and correct copy of the June 4, 2026 Correspondence is attached as **Exhibit 9** to the Index of Evidence for USAA GIC's Opposition Brief.

FURTHER AFFIANT SAYETH NOT.

Dated this 14th day of July, 2026.

_____
Brooke H. McCarthy

Subscribed and sworn to before me on this 14th day of July, 2026.

_____
Notary Public

> GENERAL NOTARY - State of Nebraska
> MICHELLE M BOECKER
> My Comm. Exp. June 18, 2029

5