**Exhibit 3**
**Plaintiff's Answers to USAA GIC's First Set of**
**Interrogatories**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

WILLIAM WEAVER,
Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,
Defendant.

Case No. 8-25-cv-00072-RFR-RCC

**PLAINTIFF WILLIAM WEAVER'S ANSWERS TO DEFENDANT USAA GENERAL INDEMNITY COMPANY'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all Documents upon which Plaintiff has relied in answering these Interrogatories and all Persons who prepared or assisted in the preparation of the answers to these Interrogatories (do not identify anyone who only typed or reproduced the answers).

**ANSWER TO INTERROGATORY NO. 1:**        Plaintiff and his spouse, Deatta Weaver and his counsel of record.  Review of pleadings herein and Defendant's Rule 26 disclosures and discovery responses and Plaintiff's discovery responses served concurrently with these answers.

**INTERROGATORY NO. 2:** Describe all facts and Identify all Documents and Communications related to construction or remodel work on the Weaver Property from January 1, 2013 to present day, including, but not limited to, all Persons who performed the work, the date of the work, and the alleged "upgrades" to the kitchen, bathrooms, and exterior finishes of the Weaver Property.

**ANSWER TO INTERROGATORY NO. 2:**        Plaintiff objects to this Interrogatory for the reasons that it is not relevant and is not reasonably calculated to lead to admissible evidence, that it is oppressive, unduly burdensome and expensive to Plaintiff, and such burden is not proportional to the needs of the case.  Further, any such records that may have existed were destroyed in the fires in the Weaver Property.  Further, any such records that were available prior to July 2024 were previously submitted to Defendant in its investigation of the August 2023 fire.

/s/  Sieg H. Brauer

4936-1018-4534.2

**INTERROGATORY NO. 3:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contention in Paragraph 4 of the Second Amended Complaint that "[o]n or about March 21, 2023 an agent of [USAA GIC] contacted Plaintiff and urged Plaintiff to increase the amount of coverage on the [Weaver Property] and [Plaintiff's] personal property."

**ANSWER TO INTERROGATORY NO. 3:**    Approximately March 21, 2023 Plaintiff and representatives of USAA discussed the coverage on the Weaver Property and contents. Plaintiff was advised by his mortgage company to assure his coverage was sufficient in case of loss prompting an inquiry . Plaintiff has no specific recollection of the precise timing or sequence of communications, but had verbal phone conversations with one or more USAA agents discussing that concern. As a result of those communications, the USAA representative recommended the increase in coverage that issued on or about March 21, 2023. Plaintiff was subsequently informed by USAA that the increased coverage was approved. Plaintiff does not have any record of the name of the person with whom he communicated about changing the amount of coverage.

**INTERROGATORY NO. 4:** Describe the bases, reasons, and support for Plaintiff's request in or around March 2023 to amend the 2022-2023 Policy to increase the Weaver Property's "dwelling protection" limit of liability nearly two-fold, from $443,000 to $864,000, and to increase the "personal property protection" limit of liability nearly three-fold, from $221,500 to $648,000.

**ANSWER TO INTERROGATORY NO. 4:**    Plaintiff received a suggestion from his mortgage company that he should assure himself that the insurance coverage on the Weaver Property was sufficient to cover losses he might sustain. Plaintiff relied on the recommendation of USAA agents as to the amount of coverage he should carry.

2

**INTERROGATORY NO. 5:** Describe all facts and Identify all Documents and Communications supporting the value of the Weaver Property—including, but not limited to, the personal property contents of the Weaver Property—as of March 2023.

**ANSWER TO INTERROGATORY NO. 5:**    Plaintiff objects to the inquiry on the basis that under Nebraska statute the policy conclusively defines the value of the property. Notwithstanding such objection, Plaintiff did not assert a value for the residence or contents on March 2023 and relied on the recommendations of the USAA representatives. This interrogatory does not seek and is not reasonably calculated to lead to admissible evidence.

___/s/ ___Sieg H. Brauer_____

**INTERROGATORY NO. 6:** Describe all facts and Identify all Documents and Communications supporting the value of the Weaver Property—including, but not limited to, the personal property contents of the Weaver Property—as of August 1, 2023.

**ANSWER TO INTERROGATORY NO. 6:**    Plaintiff objects to the inquiry on the basis that under Nebraska statute the policy conclusively defines the value of the property. Notwithstanding such objection, see response to Interrogatory No. 5. This interrogatory does not seek and is not reasonably calculated to lead to admissible evidence.

___/s/ ___Sieg H. Brauer_____

**INTERROGATORY NO. 7:** Identify all Persons with knowledge of the subject matter of the Second Amended Complaint—including, but not limited to, the August 2023 Fire, the August 2023 Claim, the July 2024 Fire, and the July 2024 Claim—and describe the knowledge the Person(s) possess(es).

**ANSWER TO INTERROGATORY NO. 7:**    Plaintiff has disclosed known or anticipated witnesses who may have information regarding Plaintiff's claims and Plaintiff anticipates that

3

4936-1018-4534.2

various local and state agents from Ogallala, Nebraska and the Nebraska State Fire Marshall's office have information regarding the fires. Plaintiff has not received any of their reports and has not deposed any such individuals. Plaintiff anticipates receipt of such information from Defendant's counsel upon receipt by Defendant's counsel of the production under Rule 45 subpoenas previously issued by said counsel.

Plaintiff has no knowledge of any person that has direct knowledge of the fires. Plaintiff believes that a person claiming to have given a ride to an individual to the Weaver Property the evening before the fire may have information about that person but that individual has not been deposed. That person is Christina Schnegelberger, 400 E 10th St., Ogallala, Nebraska, 69153; 308-289-9053. Ms. Schnegelberger has stated that a person she knows as AJ Britt was transported by her to the Weaver Property the evening before the fire. She reported that said AJ Britt came to her home the following day and stated that he had left the house "a half hour before the fire." Ms. Schnegelberger further stated she was awakened in the night around 3:30 am to 4:00 a.m. by the fire trucks traveling to the Weaver Property the night of the fire.

Plaintiff may call Courtney Hettinger, 738 E 4th St., hastings, NE 68901. Plaintiff has discovered no other person claiming to have knowledge of the fire.

Plaintiff and his spouse, Deatta Weaver, observed the nature and extent of the damage caused to the Weaver Property and contents in the August 2023 fire. They spoke with two USAA representatives who inspected the Weaver Property within the next few days after the fire. Those representatives stated that the Weaver Property could not be restored and would have to be demolished and rebuilt. The Weavers observed that substantial damage occurred to the structure from the fire, and the remainder of the home was damaged by water and smoke throughout the structure and contents.

4

4936-1018-4534.2

Plaintiff and his spouse, Deatta Weaver, collected information for claims for loss of personal property in the August 2023 fire that Defendant has in its possession. They supplied the limited documentation, not lost in the fire, relating to that claim to Defendant at that time.

Plaintiff informed Defendant of the July 2024 fire and submitted the claim for loss to their home and contents shortly thereafter.

**INTERROGATORY NO. 8:** Describe Plaintiff's position with respect to the cause and origin of the August 2023 Fire, including, but not limited to, Identification of all facts, Documents, and Communications supporting Plaintiff's position with respect to the cause and origin of the August 2023 Fire.

**ANSWER TO INTERROGATORY NO. 8:**    Neither Plaintiff nor any of his family were at or near the Weaver Property when the August 2023 fire occurred. Plaintiff has no opinion on the cause of the fire or its origin, beyond that it appeared to start in the basement of the home. Plaintiff is not aware of any documentary evidence relating to the fire except the photographs that were produced in the Plaintiff's Rule 26 disclosures.

**INTERROGATORY NO. 9:** Describe Plaintiff's position with respect to the cause and origin of the July 2024 Fire, including, but not limited to, Identification of all facts, Documents, and Communications supporting Plaintiff's position with respect to the cause and origin of the July 2024 Fire.

**ANSWER TO INTERROGATORY NO. 9:**    Neither Plaintiff nor any of his family were at or near the Weaver Property when the July 2024 fire occurred. Plaintiff has no opinion on the cause of the fire or its origin but is aware of documentary evidence relating to the fire consisting of photographs produced by Defendant and Plaintiff in their respective Rule 26 disclosures.

4936-1018-4534.2

**INTERROGATORY NO. 10:** Identify all Documents, Communications, and Persons with knowledge regarding Plaintiff's contention in Paragraph 7 of the Second Amended Complaint that, on or around August 14, 2023, an "investigator informed Plaintiff and his spouse that the [Weaver Property] structure could not be repaired and would have to be demolished and completely rebuilt."

**ANSWER TO INTERROGATORY NO. 10:**    Plaintiff anticipates Defendant has and will produce its records of such investigation and communications.    Plaintiff presently has no documentary records of such encounter and has no record of the identity of the USAA representatives.    Plaintiff anticipates such information will be disclosed in production of Defendant's business records and reports relating to the investigation of the fires.

**INTERROGATORY NO. 11:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contention in Paragraph 13 of the Second Amended Complaint that Plaintiff "has suffered damage by being displaced from and prevented from return to his and his family's home, being prevented from rebuilding and occupying his home, and incurring delay and expense in seeking [USAA GIC's] compliance with [the] [2023-2024] Policy."

**ANSWER TO INTERROGATORY NO. 11:**    Defendant failed and refused to settle the Plaintiff's claim for damages from the August 2023 fire.  Absent the payment of proceeds from the Plaintiff's policy of insurance he had no resources to remove and rebuild his home.  The documents consist of Defendant's repeated communications stating that the investigation was not completed being repeated until the July 2024 fire.  Thereafter, Defendant persisted in failing to complete its investigation and settling the Plaintiff's claim for loss from the July 2024 fire.

4936-1018-4534.2

**INTERROGATORY NO. 12:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contention in Paragraph 14 of the Second Amended Complaint that "Plaintiff has been damaged in the amount of $864,000 for the total destruction of his residence pursuant to the terms of the" 2023-2024 Policy.

**ANSWER TO INTERROGATORY NO. 12:**    Plaintiff's residence and contents were totally destroyed by fire. Plaintiff's damage is defined by the 2023-2024 Policy, Defendant's Exhibit 3 included in its discovery requests at page 3 [bates 2688] "Coverage A-Dwelling Protection," and page 1 of 2, Special Loss Settlement endorsement, "TOTAL LOSS-LOSS SETTLEMENT, Coverage A-Dwelling Protection." [bates 2745].

**INTERROGATORY NO. 13:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contention in Paragraph 17 (Second Cause of Action) of the Second Amended Complaint that "Plaintiff has lost all personal property contents of the home and has been damaged in the amount of $486,000 pursuant to the terms of the Policy, for loss of personal property located in the Premises[.]"

**ANSWER TO INTERROGATORY NO. 13:**    Plaintiff's residence and contents were totally destroyed by fire in the July 2024 fire. Plaintiff's damage is defined by the 2023-2024 Policy, Defendant's Exhibit 3 included in its discovery requests at page 3 [bates 2688] "Coverage C-Personal Property Protection," and page 1 and 2 of 2, Special Loss Settlement endorsement, "TOTAL LOSS-LOSS SETTLEMENT, Coverage C-Personal Property Protection." [bates 2745-2746]. Plaintiff's loss prior to replacement of all contents demonstrated by purchase documentation, is measured by multiplying the coverage of $648,000.00 by 75%.

**INTERROGATORY NO. 14:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contentions in Paragraphs 15 and 18 of the Second

7

4936-1018-4534.2

Amended Complaint that "Plaintiff has been damaged by [USAA GIC]'s unreasonable delay in payment of insurance proceeds."

**ANSWER TO INTERROGATORY NO. 14:**    Plaintiff's damage in the August 2023 fire was total loss of the Weaver Property. Defendant observed and so determined within days after the fire. Notwithstanding efforts to find a basis for denying the claim, there is no evidence of "criminal fault on the part of" Plaintiff for such fire. Thus the delay and refusal to make payment under the policy has been unwarranted.

**INTERROGATORY NO. 15:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contentions in Paragraph 20 of the Second Amended Complaint that USAA GIC "failed and refused to exercise good faith in the investigation and settlement of . . . Plaintiff's claims for damages arising from" the August 2023 Fire and the July 2024 Fire; "needlessly and without warrant unreasonably delayed settlement of the" August 2023 Claim and July 2024 Claim, "requiring Plaintiff and his family to live in temporary housing, to live over two hours from their home town, refusing to honor [the 2023-2024 Policy], preventing Plaintiff from pursuing reconstruction of his residence and returning to his home"; and "further deprived Plaintiff from access to his and his family's personal property, or alternatively, restoring the same."

**ANSWER TO INTERROGATORY NO. 15:**    See responses to Interrogatories No. 11 and No. 14.

**INTERROGATORY NO. 16:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contentions in Paragraph 21 of the Second Amended Complaint that "[t]here was no reasonable basis for failing and refusing to timely pay Plaintiff's claims for damages under the [2023-2024] Policy and [USAA GIC] knew or recklessly disregarded

8

4936-1018-4534.2

the lack of a reasonable basis for failing and refusing to pay" the August 2023 Claim and July 2024 Claim.

**ANSWER TO INTERROGATORY NO. 16:**    See responses to Interrogatories No. 11, No. 14, and No 15.

**INTERROGATORY NO. 17:** Describe all facts and Identify all Documents and Communications supporting Plaintiff's contentions in Paragraph 22 of the Second Amended Complaint that "[a]s a result of [USAA GIC]'s bad faith refusal to honor [the] [2023-2024] Policy and approve Plaintiff's claims, Plaintiff has suffered severe mental and emotional distress."

**ANSWER TO INTERROGATORY NO. 17:**    Plaintiff and his family have been removed from their hometown as a result of the August 2023 fire and the inability to rebuild their home due to Defendant's refusal to make payment under their policy of insurance. The loss of permanency, the loss of all personal property other than the clothes and camping gear in their immediate possession when the August fire occurred, the ongoing delay and anxiety associated with lack of information apprising Plaintiff and his family of any justification for the delays in settling the fire claims have produced tension and interpersonal conflicts within the family living in the uncertainty of what each following month would bring and where the family would be living in each following month.

**INTERROGATORY NO. 18:** Itemize with specificity all damages Plaintiff alleges he is entitled to recover from USAA GIC in the above-captioned suit.

**ANSWER TO INTERROGATORY NO. 18:**    Payment under Coverage A-Dwelling Protection in the policy coverage amount of $864,000.00 and payment under Coverage C-Personal Property Protection in the current policy coverage amount of 75% of $648,000.00, or $486,00.00.

4936-1018-4534.2

**INTERROGATORY NO. 19:** Describe the specific provisions in the 2023-2024 Policy which Plaintiff contends USAA GIC has breached with respect to the August 2023 Claim and the July 2024 Claim, and the bases for Plaintiff's contentions.

**ANSWER TO INTERROGATORY NO. 19:**    Defendant contracted to pay Plaintiff for fire damage to his home if totally destroyed. Defendant's contract provides that "[u]nder Coverage A-Dwelling Protection: We will pay you the total amount of insurance of Coverage A-Dwelling Protection shown in the Declarations." [bates 2745]. Such contract also provides, "[w]hen this policy is written to insure any real property in this state against loss by fire . . .and the property insured shall be wholly destroyed, without criminal fault on the part of the 'insured' or assignee, the amount of insurance written on such real property shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damage." [bates 2742]. "Loss will be payable 60 days after we receive your proof of loss and:  . . . there is a filing of an appraisal award with us." [bates 2718]. Because you have endorsed the contract to comport with Nebraska statutory law, you have by default defined the appraised value of the premises in the amount of Dwelling Protection.

**INTERROGATORY NO. 20:** Identify all Persons, Communications, and Documents Plaintiff will rely on to support any allegation in the Second Amended Complaint.

**ANSWER TO INTERROGATORY NO. 20:**    All persons identified in these answers and in the Plaintiff's Rule 26 disclosures, all communications and documents from Defendant to Plaintiff from and after the interactions between Plaintiff and Defendant's representatives regarding changes in coverage of the Plaintiff's home and contents in approximately March 2023, all discovery yet to be supplied by Defendant that was obtained prior to the institution of this action while investigating the Plaintiff's claims, and all phone or personal interactions between Plaintiff

10

and Defendant's representatives regarding the coverage changes in or about August 2023, regarding the inspection and damage assessments of the Weaver's Property and Personal Property on after the August 2023 fire, and regarding any investigation of either fire thereafter.

**INTERROGATORY NO. 21:** Identify all Persons who provided Plaintiff or Plaintiff's representatives non-privileged statements of any kind with respect to any matter concerning the above-captioned suit and provide a summary of the substance of such statement(s).

**ANSWER TO INTERROGATORY NO. 21:**    Plaintiff has not taken any non-privileged statements from any person as of this date.  The only communications not referenced herein are communications between Plaintiff and his attorney.

**INTERROGATORY NO. 22:** Identify all Persons who Plaintiff will or may call at trial in the above-captioned suit, and Identify all Documents Plaintiff intends to introduce as evidence at the trial or as exhibits in depositions in the above-captioned suit.

**ANSWER TO INTERROGATORY NO. 22:**    Plaintiff has identified potential witnesses for trial in his Rule 26 disclosures.  Plaintiff has not identified specific representatives but may call officials, agents, or employees of the fire department, the county or city offices, and representatives or agents of law enforcement agencies or offices of Ogallala or Keith County, Nebraska.  Plaintiff may call representatives and agents of Defendant who participated in the application and evaluation process culminating in the coverage change to the 2023-2024 Policy in March 2023, agents or representatives who inspected the Weaver Property before or after the August 2023 fire, and who investigated the August 2023 or July 2024 fire claims.  Plaintiff may call news agency representatives or agents of news organizations in Ogallala or Keith County, Nebraska.  Plaintiff may call other individuals disclosed in ongoing discovery, and Plaintiff may introduce any documents disclosed by either party in their Rule 26 disclosures or discovery.

11

**INTERROGATORY NO. 23:** Identify the names and addresses of all Persons Plaintiff intend to call as an expert witness or individual with specialized knowledge at the trial of the above-captioned suit and, for each Person identified: (a) provide the information required in Federal Rule of Civil Procedure 26(a)(2); and (b) state the number of cases on which the witness has previously consulted with the attorney, firm, or entity retaining the expert in the above-captioned suit, and identify the case if the expert rendered testimony within the last five years.

**ANSWER TO INTERROGATORY NO. 23:**    No expert has been identified at this time. plaintiff is awaiting Defendant's production of reports sought under Rule 6-334A subpoenas.

**INTERROGATORY NO. 24:** For each Request for Admission contemporaneously served with these Interrogatories for which Plaintiff did not unequivocally admit or fully explain the basis for Plaintiff's inability to admit or deny the Request for Admission, Describe the basis or bases for Plaintiff's denial of the Request for Admission.

**ANSWER TO INTERROGATORY NO. 24:**    Plaintiff has provided explanations in such responses

**DEMAND FOR STATEMENTS**
**To: Plaintiff and its counsel, Siegfried Brauer.**
    Pursuant to the terms and provisions of the Federal Rules of Civil Procedure, USAA GIC hereby makes demand and request, by and through its attorneys of record, for a copy of each and every statement given by USAA GIC or any employees, agents, or representatives of USAA GIC, all with regard to the subject matter of the August 2023 Claim and July 2024 Claim referred to in the Second Amended Complaint.

**ANSWER:**    Plaintiff has not taken any statements from any person representing USAA in any way.

12

4936-1018-4534.2

## VERIFICATION

STATE OF NEBRASKA )
)ss
COUNTY OF BUFFALO )

William Weaver, first duly sworn upon oath, deposes and says that he is the Plaintiff in this Action, that he has read the foregoing Affidavit, knows the contents thereof, and states that the facts contained therein are true as he verily believes.

William Weaver

SUBSCRIBED AND SWORN to before me this 17 day of October, 2025.

Notary Public

GENERAL NOTARY - State of Nebraska
SIEGFRIED H. BRAUER
My Comm. Exp. May 1, 2028

WILLIAM WEAVER, Plaintiff

/s/ Sieg H. Brauer
Siegfried H. Brauer 18532
Brauer Law Office
3423 2nd Avenue, Suite 4
Post Office Box 249
Kearney, NE 68848
Email: sbrauer@frontiernet.net

I hereby certify that on October 17, 2025, I served via electronic mail the Plaintiff's answers to Defendant USAA General Indemnity Company's First Set of Interrogatories to Defendant's Counsel of record.

Siegfried H. Brauer 18532

13

4936-1018-4534.2