# Exhibit 4
# November 14, 2025 Correspondence



**Kutak Rock LLP**
The Omaha Building, 1650 Farnam Street, Omaha, NE 68102-2103
office 402.346.6000


**Brooke H. McCarthy**
402.231.8728
brooke.mccarthy@kutakrock.com

November 14, 2025


**VIA EMAIL (SBRAUER@FRONTIERNET.NET)**

Siegfried H. Brauer, III, Esq.
Brauer Law Office
3423 2nd Avenue, Suite 4
Kearney, NE  68847

> Re:    *William Weaver v. USAA General Indemnity Company*,
>         No. 8:25-cv-00072-RFR-RCC (D. Neb.)

Dear Sieg:

On behalf of Defendant USAA General Indemnity Company ("USAA GIC"), this correspondence acknowledges and responds to your correspondence dated November 10, 2025 ("November 10, 2025 Correspondence"), on behalf of Plaintiff William Weaver ("Plaintiff"), regarding USAA GIC's August 2025 Responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission in the above-referenced suit styled *William Weaver v. USAA General Indemnity Company*, No. 8:25-cv-00072-RFR-RCC (D. Neb.) ("Suit").

## I.    Privilege Log

In the November 10, 2025 Correspondence, Plaintiff contends USAA GIC's September 12, 2025 privilege log ("Privilege Log") "does not comply with Rule 26(b)(5)(a)(i) sufficiently to allow evaluation for challenge to [USAA GIC's] claim of privilege." (November 10, 2025 Correspondence at 1).  To the contrary, the Privilege Log plainly complies with Fed. R. Civ. P. 26(b)(5) by adequately describing the nature of the documents and communications not produced without revealing privileged or protected information.  Nearly every entry on the Privilege Log describes a privileged communication between USAA GIC and its coverage counsel.  These communications are indisputably privileged and not subject to challenge from Plaintiff.

## II.    Plaintiff's Objections to USAA GIC's Document Production

In the November 10, 2025 Correspondence, you reiterate requests for production of documents previously articulated in Plaintiff's July 7, 2025 Requests for Production of Documents ("July 2025 Requests for Production").  (November 10, 2025 Correspondence at 1-2).  For example, in the November 10, 2025 Correspondence, Plaintiff requests "records of the communications between USAA or its agents or representatives and Mr. or Mrs. Weaver regarding

4925-3692-2746.1

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
November 14, 2025
Page 2

its investigation of the August 14, 2023 fire in the days immediately following the fire"; this demand is encompassed by Plaintiff's Request for Production Nos. 6-9 and 11-12. Despite your beliefs to the contrary, as described in USAA GIC's August 20, 2025 Responses ("August 2025 Responses") to the July 2025 Requests for Production, USAA produced relevant, non-privileged or otherwise protected documents in its possession and responsive to Request Nos. 6-9 and 11-12.

Similarly, you demand "discoverable information as to property condition, communications with the Weavers, and estimates or other reports incident to the 2023 and 2024 fires." (November 10, 2025 Correspondence at 1). This demand, like the one described above, is encompassed by Plaintiff's Request for Production Nos. 6-9 and 11-12 and, despite your beliefs to the contrary, USAA produced relevant, non-privileged or otherwise protected documents in its possession and responsive to Request Nos. 6-9 and 11-12. (*See* August 2025 Responses, Responses to Request Nos. 6-9, 11-12).

In the November 10, 2025 Correspondence, Plaintiff further demands "records of the communications between USAA or its agents or representatives and Mr. or Mrs. Weaver regarding the modification of coverage limits to Mr. Weaver's homeowners policy extended on March 21, 2023." (November 10, 2025 Correspondence at 2). This demand, like the ones described above, is a reiteration of Plaintiff's previous requests for production—specifically, Request No. 5—to which USAA GIC properly responded and produced documents. (*See* August 2025 Responses, Response to Request No. 5). In the interest of cooperation, we will confer with USAA GIC to determine whether any documents responsive to this request exists, which were not previously produced, but as previously noted, we understand the March 2023 request to increase coverage was initiated by Plaintiff or one of *Plaintiff's* representatives through an online application.

### III.   Request for Claim Notices

In the November 10, 2025 Correspondence, you demand "actual loss claims" for the following claims submitted by Plaintiff to USAA GIC: (1) Claim No. 032464401-7; (2) Claim No. 032464401-8; (3) Claim No. 032464401-6; and (4) Claim No. 032464401-802. (November 10, 2025 Correspondence at 2). First, Claim No. 032464401-6 relates to a water damage claim by Plaintiff submitted in 2022, and Claim No. 032464401-8 pertains to an October 2023 theft claim; neither are the subject of the Suit and documents USAA GIC produced related to these claims were produced to, *inter alia*, provide context and information concerning the condition of Plaintiff's property. Second, we are not entirely certain what Plaintiff means by "the actual loss claims"; we understand Plaintiff reported his claims to USAA GIC via telephone, but in the interest of cooperation, we will confer with USAA GIC to determine whether any documents responsive to this request exist, which were not previously produced.

### IV.   Additional Discovery Requests

On November 11, 2025, you served Plaintiff's Second Set of Interrogatories and Requests for Production. Written discovery in the Suit closes on December 5, 2025, which means all written

4925-3692-2746.1

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
November 14, 2025
Page 3

discovery requests were required to be served on or before November 5, 2025. (*See* Filing No. 21 at p. 8 n.4). While USAA GIC is willing to cooperate with Plaintiff to resolve any discovery disputes or concerns with USAA GIC's previous production and responses to Plaintiff's July 7, 2025 discovery requests, USAA GIC respectfully requests that Plaintiff withdraw the untimely discovery requests served on November 11, 2025.

**V.      USAA GIC's Concerns With Plaintiff's Discovery Responses**

USAA GIC's primary concern with Plaintiff's October 17, 2025 Responses to USAA GIC's Requests for Production, Interrogatories, and Requests for Admission is the complete failure of Plaintiff to produce any documents responsive to USAA's discovery requests. It appears highly unlikely Plaintiff has absolutely no documents, or no access to documents maintained electronically (which would not have been destroyed in either of the alleged fires at issue in the Suit), responsive to USAA GIC's discovery requests. We request Plaintiff produce all documents in Plaintiff's possession or control responsive to USAA's discovery requests served on September 4, 2025.

**VI.     Conclusion**

In the interest of cooperation, as noted above, we will confer with USAA GIC to determine whether there exist any documents responsive to Plaintiff's July 7, 2025 discovery requests not previously produced.

We look forward to discussing these issues with you by telephone next week.

Sincerely,

Brooke H. McCarthy

cc:      Ashley A. Moore, Esq. (*via email*: ashley.moore@kutakrock.com)

4925-3692-2746.1