**Exhibit 5**
**January 28, 2026 Correspondence**



**Kutak Rock LLP**
The Omaha Building, 1650 Farnam Street, Omaha, NE 68102-2103
office 402.346.6000


**Brooke H. McCarthy**
402.231.8728
brooke.mccarthy@kutakrock.com

January 28, 2026


**VIA EMAIL (SBRAUER@FRONTIERNET.NET)**

Siegfried H. Brauer, III, Esq.
Brauer Law Office
3423 2nd Avenue, Suite 4
Kearney, NE  68847

> Re:  *William Weaver v. USAA General Indemnity Company*,
> No. 8:25-cv-00072-RFR-RCC (D. Neb.)

Dear Sieg:

On behalf of Defendant USAA General Indemnity Company ("USAA GIC"), this correspondence acknowledges and responds to your correspondence dated January 14, 2026 ("January 14, 2026 Correspondence") and your e-mail correspondence dated January 16, 2026 ("January 16, 2026 Correspondence), on behalf of Plaintiff William Weaver ("Plaintiff"), regarding USAA GIC's December 5, 2025 amended privilege log ("Amended Privilege Log") and USAA GIC's document production and written responses to Plaintiff's requests for production of documents in the above-referenced suit styled *William Weaver v. USAA General Indemnity Company*, No. 8:25-cv-00072-RFR-RCC (D. Neb.) ("Suit").

## I.    Amended Privilege Log

In the January 14, 2026 Correspondence, Plaintiff contends USAA GIC's Amended Privilege Log "fails to sufficiently disclose the nature of the matters for which protection is sought as required under federal and state law." (January 14, 2026 Correspondence at 1).  We disagree. Our office went to great lengths reviewing and preparing the Amended Privilege Log, which, when compared to the documents produced, provides a clear description of why the information was not disclosed or produced—*e.g.*, communications with outside coverage counsel, information related to outside counsel's expenses and compensation, reserve history prepared in anticipation of litigation and not related to any party's claims or defenses, financial entries and reserves prepared subsequent to USAA GIC's engagement of coverage counsel, and information and materials prepared after Plaintiff filed his complaint in the Suit.  This information is plainly protected and not subject to discovery.  *E.g.*, *Benson v. City of Lincoln*, No. 4:18CV3127, 2022 WL 1121805, at *1 (D. Neb. Apr. 14, 2022) (information "generated by attorneys employed or retained by the [defendant] for the purpose of furnishing legal advice, and some of which was generated in anticipation of Plaintiff's claims in this lawsuit—was protected from discovery"); *Timm Grandview, LLC v. AmGUARD Ins. Co.*, No. 8:20CV197, 2021 WL 1120940, at *5, *11

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
January 28, 2026
Page 2

(D. Neb. Mar. 23, 2021) (motion to compel financial information denied because information was not related to the claim).

Contrary to your contention that USAA GIC's "production displays at least 80 pages with redactions that provide no justification" (January 14, 2026 Correspondence at 1), the Amended Privilege Log accounts for each and every redaction and withheld document. USAA GIC produced all documents in its possession and prepared in the ordinary course of claims handling, which are responsive to Plaintiff's discovery requests, relevant to a party's claim or defense in the Suit, proportional to the needs of the case, and not privileged or otherwise protected.

In the January 14, 2026 Correspondence, Plaintiff contends "much of the claimed material predates any determination of denial of coverage and is thus presumed investigatory and discoverable." (January 14, 2026 Correspondence at 1). This statement is disingenuous and without any legal basis. USAA GIC's production and Amended Privilege Log both reflect engagement of outside coverage counsel for USAA GIC as early as December 8, 2023. In addition, Plaintiff advised USAA GIC that you were engaged as Plaintiff's counsel in this matter as early as February 16, 2024. As to Plaintiff's contention that all materials in an insurer's claim file prior to a denial of coverage are "presumed investigatory and discoverable", there is no such presumption, Plaintiff is incorrect, and none of the authorities you previously provided to support this contention are controlling, instructive, or even reasonably applicable. Contrary to Plaintiff's unfounded contentions and threats in the January 14, 2026 Correspondence, USAA GIC has fully complied with its disclosure and discovery obligations under the Federal Rules of Civil Procedure and the Court's Final Progression Order.

Lastly, in the January 14, 2026 Correspondence, Plaintiff contends USAA GIC's "disclosures do not all supply enough information to know what fire claim the information relates to." (January 14, 2026 Correspondence at 1). To the extent Plaintiff's complaint pertains to the Amended Privilege Log, it is unfounded, as the Amended Privilege Log specifically identifies— when applicable and available—the specific fire and claim to which the redacted information or withheld document relates. To the extent Plaintiff's complaint pertains to the documents and other materials USAA GIC produced, again, it is unfounded. USAA GIC produced the documents as they are kept in the ordinary course of business, the documents speak for themselves, and the large majority of documents produced provide dates which, when compared to the dates of the August 2023 and July 2024 fires in this matter, provide sufficient information to determine the applicable fire and claim.

## II.      Plaintiff's Concerns Regarding Documents Bates Labeled USAAGIC 005623– 5868

In the January 14, 2026 Correspondence, Plaintiff contends USAA GIC's "production at 005623 contains references to communications, matters or documents without corresponding dates." (January 14, 2026 Correspondence at 1). We do not understand this concern or the "communications, matters or documents" to which Plaintiff is referring. The materials USAA GIC produced in the Bates label range USAAGIC 005623 – USAAGIC 005868 encompass claim log notes and related electronic entries, which have corresponding dates where applicable and

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
January 28, 2026
Page 3

appropriate. Many of entries are simply notes; if the notes had corresponding documents or communications which were not privileged or otherwise protected, those have been produced.

Plaintiff further contends: "in 00563 at pp. 186-246 you provide a history implying review of the 'Entire Claim' by a myriad of people with no corresponding production of USAA's records reflecting the contents or reports issuing such review." (January 14, 2026 Correspondence). The referenced pages contain notes reflecting a history of electronic access to USAA GIC's file materials related to this matter and descriptions of activities, if any, performed. To the extent any communications, documents, or other materials resulted from any such activities, and to the extent such communications, documents, or other materials are not privileged or otherwise protected, USAA GIC produced such communications, documents, and other materials.

### III.    Applications for Insurance

In the January 14, 2026 Correspondence, you note we "discussed" and Plaintiff requested "records of the purported applications for insurance in the amounts of $1.037 M, the policy purportedly issued for $691K, and the 'business homeowners quote' . . . [and] any directions to the Plaintiff in how to complete the applications." (January 14, 2026 Correspondence at 1). After our discussions on this topic during the meet and confer on November 20, 2025, we conferred with USAA GIC and subsequently produced, to the extent not previously produced, USAA GIC's available underwriting file materials and audio files responsive to Plaintiff's requests. *See*, *e.g.*, USAAGIC 004983; USAAGIC 004985 – USAAGIC 004987; USAAGIC 005289 – USAAGIC 005610; *see also* USAAGIC 005884 (audio file); USAAGIC 005924 (audio file).

### IV.    Response to January 16, 2026 Correspondence (Audio/Native Files)

In the January 16, 2026 Correspondence, you note the following regarding certain audio, or "native", files from USAA GIC's production:

> I have attempted to review the "natives" files you produced. The first three (2247, 2248, 2249) are so broken or fractured they are incomprehensible. Are these the interviews of Mr. and Mrs. Weaver following the 8/14/23 fire that were transcribed and of which copies were previously produced?
>
> The fourth (12/12 (assume 2023)) interview by Andy Martin is pretty clear.

(January 16, 2026 Correspondence).

Please note USAA GIC produced the audio files in the manner in which they were kept in the ordinary course of business. With respect to the audio files Bates labeled USAAGIC 002247 – USAAGIC 002248, we understand these files were transcribed and previously produced in USAA GIC's May 23, 2025 document production. *See*, *e.g.*, USAAGIC 001235 – USAAGIC 001246; USAAGIC 001486 – USAAGIC 001529; USAAGIC 001760 – USAAGIC 001790; USAAGIC 003708 – USAAGIC 003807.

4929-7566-0682.2

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
January 28, 2026
Page 4

### V.    Reiterated Discovery Requests

In the January 14, 2026 Correspondence, Plaintiff reiterates his request for "any records extant that log or record conversations with the Weavers at any time for issuance of insurance, any communications regarding the investigation of the August 14, 2023 fire, and any evaluations or conclusions made by USAA regarding the fires or the damage to the Weaver property, including internal company communications or reports made in the course of such investigations prior to the issuance of coverage denials of the fires." (January 14, 2026 Correspondence at 2).

Despite your unfounded beliefs and "assessments" to the contrary, and as explained in our written correspondence dated November 14, 2025, our November 20, 2025 meet and confer discussions, and USAA GIC's December 23, 2025 Responses to Plaintiff's Second Set of Discovery Requests, USAA GIC has now produced all relevant, non-privileged or otherwise protected documents in its possession and responsive to Plaintiff's discovery requests. All responsive and relevant information, documents, or other materials withheld or redacted are described on the Amended Privilege Log. You continue to reiterate the same requests (*see* Plaintiff's Requests for Production Nos. 6-9, 11-12; USAA GIC's August 20, 2025 Responses to Plaintiff's First Set of Requests for Production; USAA GIC's December 23, 2025 Responses to Plaintiff's Second Set of Discovery Requests) and continue to ignore the nearly 6,000 pages of documents USAA GIC has produced in this matter. Plaintiff's efforts in this regard are not proportional to the needs of the case and not well-founded or legally sound.

### VI.    Conclusion

In the event you deem a discussion on these issues necessary, please advise of dates and times in the next week or so when you have availability. Otherwise, we propose moving forward in this matter with depositions, during which you will undoubtedly have the opportunity to ask any clarifying or other questions you may have concerning USAA GIC's claim handling and underwriting activities pertinent to Plaintiff's allegations in the Suit.

Sincerely,

Brooke H. McCarthy

cc:    Ashley A. Moore, Esq. (*via email*: ashley.moore@kutakrock.com)

4929-7566-0682.2