# Exhibit 6
# USAA GIC's February 4, 2026 Position Statement

# KUTAKROCK

**Kutak Rock LLP**
The Omaha Building, 1650 Farnam Street, Omaha, NE 68102-2103
office 402.346.6000

**Brooke H. McCarthy**
402.231.8728
brooke.mccarthy@kutakrock.com

February 4, 2026

**VIA EMAIL (CARSON@NED.USCOURTS.GOV)**

The Honorable Ryan C. Carson
United States Magistrate Judge
United States District Court District of Nebraska
111 South 18th Plaza, Suite 2271
Omaha, NE  68102

> Re:    *William Weaver v. USAA General Indemnity Company*,
> No. 8:25-cv-00072-RFR-RCC (D. Neb.)

Dear Judge Carson:

We are counsel to Defendant USAA General Indemnity Company ("USAA GIC") in the above-referenced suit styled *William Weaver v. USAA General Indemnity Company*, No. 8:25-cv-00072-RFR-RCC (D. Neb.) ("Suit").  In the Suit, Plaintiff William Weaver ("Plaintiff") alleges breach of contract and bad faith against USAA GIC in connection with Plaintiff's claims ("Claims") for coverage under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("Policy").  Plaintiff's Claims arose from two alleged residential fires—one on or around August 14, 2023 and one on or around July 9, 2024—at Plaintiff's residence located at 1111 West E Street, Ogallala, Nebraska, which was insured under the Policy.  USAA GIC provides this brief position statement, pursuant to the Court's direction via email correspondence dated January 30, 2026, in response to Plaintiff's objections concerning USAA GIC's privilege log and document production.

On May 23, 2025, USAA GIC provided its initial disclosures to Plaintiff, which included a production of 2,746 pages of non-privileged documents.  (*See* Filing No. 25).  On July 7, 2025, Plaintiff served USAA GIC with Plaintiff's first set of discovery requests ("July 2025 Discovery Requests").  (Filing No. 27).  Many of the July 2025 Discovery Requests were overly broad, requested privileged or otherwise protected information or materials, and did not seek materials relevant to any party's claim or defense.  USAA GIC properly and prudently objected on these grounds and others, where applicable, in USAA GIC's August 2025 objections and responses ("August 2025 Discovery Responses") to the July 2025 Discovery Requests, and produced an additional 2,057 pages of documents to Plaintiff.  (*See* Filing No. 28).  On September 12, 2025, pursuant to Fed. R. Civ. P. 26(b)(5)(A), USAA GIC provided Plaintiff with a privilege log ("September 2025 Privilege Log") describing the documents and other information withheld from USAA GIC's August 2025 document production.  By correspondence from Plaintiff's counsel

4927-8364-6860.2

**KUTAK**ROCK

Hon. Ryan C. Carson
February 4, 2026
Page 2

dated November 10, 2025, Plaintiff objected to the sufficiency of September 2025 Privilege Log and the completeness of USAA GIC's document productions. USAA responded by correspondence dated November 14, 2025 ("November 14, 2025 Correspondence"), a copy of which is enclosed, and counsel for the parties to the Suit participated in a lengthy meet and confer on November 20, 2025. On December 5, 2025, USAA GIC produced an additional 1,065 pages of documents and an amended privilege log ("December 2025 Privilege Log"), a copy of which is enclosed, which encompassed and superseded the September 2025 Privilege Log. On December 23, 2025, in response to additional discovery requests from Plaintiff, USAA GIC produced, *inter alia*, over 70 audio files containing recorded conversations between USAA GIC and Plaintiff or Plaintiff's representatives. (*See* Filing No. 37). By correspondence from Plaintiff's counsel dated January 14, 2026, Plaintiff objected to USAA GIC's December 2025 Privilege Log and alleged it failed to sufficiently disclose and describe information and materials withheld or redacted. By correspondence dated January 28, 2026 ("January 28, 2026 Correspondence"), a copy of which is enclosed, USAA GIC addressed Plaintiff's concerns in the January 14, 2026 correspondence and proposed the time and resources of all involved would be best served by moving forward with depositions and this litigation.

Contrary to Plaintiff's contentions in prior communications to USAA GIC and in Plaintiff's February 2, 2026 position statement submitted to the Court ("February 2, 2026 Position Statement"), the December 2025 Privilege Log, when compared with the redacted documents USAA GIC produced and otherwise, provides a clear description of the nature of the information or documents withheld or redacted—*e.g.*, communications with outside coverage counsel, information related to outside coverage counsel's expenses and compensation, reserve history prepared in anticipation of litigation and not related to any party's claims or defenses, financial entries and reserves prepared subsequent to USAA GIC's engagement of coverage counsel, and information and materials prepared after Plaintiff filed his complaint in the Suit—"in a manner that, without revealing information itself privileged or protected," enables Plaintiff "to assess" the basis for USAA GIC withholding the materials or information. *See* Fed. R. Civ. P. 26(b)(5)(A). The December 2025 Privilege Log accounts for each and every redaction and withheld document and fully complies with USAA GIC's obligations under Federal Rule of Civil Procedure 26(b)(5)(A).

As to Plaintiff's contention in the February 2, 2026 Position Statement that ***all*** materials in an insurer's claim file prior to a denial of coverage are "presumptively discoverable", there is no such presumption, Plaintiff is incorrect, and notably—in response to USAA GIC's previous requests for any authorities to support this contention—Plaintiff provided cases and other authorities which are not controlling, instructive, or even reasonably applicable. Contrary to Plaintiff's unfounded contentions in the February 2, 2026 Position Statement, USAA GIC has produced all documents in its possession and prepared in the ordinary course of claims handling, which are responsive to Plaintiff's discovery requests, relevant to a party's claim or defense in the Suit, proportional to the needs of the case, and not privileged or otherwise protected. USAA GIC has fully complied with its disclosure and discovery obligations under the Federal Rules of Civil Procedure and the Court's Final Progression Order, and the parties' time would be better served by moving forward with depositions.

4927-8364-6860.2

**KUTAK**ROCK

Hon. Ryan C. Carson
February 4, 2026
Page 3


We appreciate your time and attention to this matter and look forward to working through these issues in a productive manner with Plaintiff's counsel.

Sincerely,

Brooke H. McCarthy


Enclosures:     November 14, 2025 Correspondence
                January 28, 2026 Correspondence
                December 2025 Privilege Log


cc:     Caitlin E. Wain, Esq. (*via email*: caitlin_wain@ned.uscourts.gov)
        Siegfried H. Brauer, III, Esq. (*via email*: sbrauer@frontiernet.net)
        Ashley A. Moore, Esq. (*via email*: ashley.moore@kutakrock.com)

4927-8364-6860.2