**Exhibit 7**
**March 6, 2026 Correspondence**



**Kutak Rock LLP**
The Omaha Building, 1650 Farnam Street, Omaha, NE 68102-2103
office 402.346.6000


**Brooke H. McCarthy**
402.231.8728
brooke.mccarthy@kutakrock.com

March 6, 2026


**VIA EMAIL (SBRAUER@FRONTIERNET.NET)**

Siegfried H. Brauer, III, Esq.
Brauer Law Office
3423 2nd Avenue, Suite 4
Kearney, NE  68847

> Re:  *William Weaver v. USAA General Indemnity Company*,
> No. 8:25-cv-00072-RFR-RCC (D. Neb.)

Dear Sieg:

On behalf of Defendant USAA General Indemnity Company ("USAA GIC"), this correspondence acknowledges and responds to your communications dated February 19, 2026 ("February 19, 2026 Correspondence") and February 26, 2026 ("February 26, 2026 Correspondence"), on behalf of Plaintiff William Weaver ("Plaintiff"), regarding USAA GIC's December 5, 2025 amended privilege log ("Amended Privilege Log") and USAA GIC's discovery responses to Plaintiff's requests for admissions, documents production, and interrogatories in the above-referenced suit styled *William Weaver v. USAA General Indemnity Company*, No. 8:25-cv-00072-RFR-RCC (D. Neb.) ("Suit").

## I.  Issue No. 1: Plaintiff's Demand for ALL Pre-Denial Claim File Materials

In the February 19, 2026 Correspondence, Plaintiff contends "all pre-denial records [are] discoverable and potential evidence of USAA's failure to investigate in good faith." (February 19, 2026 Correspondence).  The February 19, 2026 Correspondence includes the Amended Privilege Log as an enclosure with highlights identifying the materials or information to which Plaintiff believes he is entitled.  The highlighted entries appear to represent two categories of documents or other materials: (1) pre-denial records for the August 2023 Claim; and (2) pre-denial records for the July 2024 Claim.  USAA GIC previously responded to this identical demand in your January 14, 2026 correspondence ("January 14, 2026 Correspondence"), in which Plaintiff argued "much of the claimed material predates any determination of denial of coverage and is thus presumed investigatory and discoverable."  (January 14, 2026 Correspondence at 1).  As USAA GIC previously advised, and as described below, these contentions are disingenuous and without any legal basis.

4919-4540-0980.2

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
March 6, 2026
Page 2

### A.      Background

The first alleged fire at issue in this matter occurred at Plaintiff's residence on or around August 14, 2023, and Plaintiff subsequently submitted a claim to USAA GIC with respect to the August 14, 2023 incident ("August 2023 Claim").  (*See* Plaintiff's Second Amended Complaint ("Complaint") ¶ 5; USAAGIC 005106).  USAA GIC's production and Amended Privilege Log both reflect engagement of outside coverage counsel for USAA GIC to provide legal advice to USAA GIC with respect to coverage issues concerning the August 2023 Claim as early as December 8, 2023.  (*See* USAAGIC 005219; Amended Privilege Log).  In addition, Plaintiff advised USAA GIC that you were engaged as Plaintiff's counsel in this matter as early as February 16, 2024.  (*See* USAAGIC 005242).  An examination under oath ("EUO") was conducted on May 23, 2024 by USAA GIC's legal counsel and attended by you as counsel for Plaintiff.  (*See* USAAGIC 001963 – USAAGIC 002009—*i.e.*, Transcript of EUO of William Weaver dated May 23, 2024).  By correspondence to you on behalf of Plaintiff dated August 6, 2024 ("August 6, 2024 Correspondence"), USAA GIC provided Plaintiff with its coverage position regarding the August 2023 Claim under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("Policy").

The second alleged fire at issue in this matter occurred at Plaintiff's residence on or around July 9, 2024, and Plaintiff subsequently submitted a claim to USAA GIC with respect to the July 9, 2024 incident ("July 2024 Claim").  (*See* Complaint ¶ 9).  By correspondence to you on behalf of Plaintiff dated April 22, 2025 ("April 22, 2025 Correspondence"), USAA GIC provided Plaintiff with its coverage position regarding the July 2024 Claim under the Policy.

Despite this mutual knowledge and understanding of the engagement of counsel, as described above, Plaintiff nevertheless demands production of communications and other materials clearly protected by the attorney-client privilege, simply because they were created or communicated prior to USAA GIC's coverage denial.  As just a few examples:

- Document No. 1 on the Amended Privilege Log, which is identified as a communication between USAA GIC representative David Brooks and outside coverage counsel Karen Bailey related to the August 2023 Claim, and indicates it was withheld because of attorney-client privilege;

- Document No. 8 on the Amended Privilege Log, which is identified as information related to outside counsel compensation and the July 2024 Clam; and

- Document Nos. 143, 187, 250, 291, 299, 308, 382, 398, and 431 on the Amended Privilege Log, which are identified as communications with outside counsel related to the August 2023 Claim.

(February 19, 2026 Correspondence, Amended Privilege Log).  For the reasons described below, there is no legal basis for Plaintiff's contentions the documents and information described above,

4919-4540-0980.2

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
March 6, 2026
Page 3

and other similar documents and information described in the Amended Privilege Log, are "presumed discoverable" simply because they can be found in an insurer's claim file and were created prior to an insurer's denial of coverage.

**B.      The Attorney-Client Privilege Applies to USAA GIC's Communications with its Legal Counsel.**

In Nebraska, "[a]n attorney-client relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance." *State ex rel. Stivrins v. Flowers*, 273 Neb. 336, 341-42, 729 N.W.2d 311, 317 (2007) (citing *McVaney v. Baird, Holm, McEachen, Pedersen, Hamann & Strasheim*, 237 Neb. 451, 458, 466 N.W.2d 499, 506 (1991)).  For a communication to be protected from disclosure, it "must be one which is essentially confidential in character and which relates to the subject matter upon which advice was given or sought." *State v. Hawes*, 251 Neb. 305, 309, 556 N.W.2d 634, 637 (1996).  A communication is considered "confidential if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *Jim Daws Trucking, LLC v. Daws, Inc.*, No. 4:24CV3177, 2025 WL 2711278, at *5 (D. Neb. Sept. 23, 2025), *objections overruled,* No. 4:24CV3177, 2025 WL 3754412 (D. Neb. Dec. 29, 2025); Neb. Rev. Stat. § 27-503(1)(d) ("A communication is confidential if not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.").

Under Nebraska law, "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (a) between himself or his representative and his lawyer or his lawyer's representative, or (b) between his lawyer and the lawyer's representative, or (c) by him or his lawyer to a lawyer representing another in a matter of common interest, or (d) between representatives of the client or between the client and a representative of the client, or (e) between lawyers representing the client."  Neb. Rev. Stat. § 27-503(2); *Broom, Clarkson, Lanphier & Yamamoto v. Kountze*, No. 8:14CV206, 2015 WL 7302226, at *6 (D. Neb. Nov. 18, 2015) (same).

For the attorney-client privilege to apply to USAA GIC's communications with outside counsel, "'the parties to the communication in question must bear the relationship of attorney and client,'" and "'the attorney must have been engaged or consulted by the client for the purpose of obtaining legal services or advice services or advice that a lawyer may perform or give in his capacity as a lawyer, not in some other capacity.'" *Benson v. City of Lincoln*, No. 4:18CV3127, 2022 WL 426563, at *5 (D. Neb. Feb. 11, 2022) (quoting *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1978)), *objections overruled*, No. 4:18CV3127, 2022 WL 1121805 (D. Neb. Apr. 14, 2022) (citing *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1978)).  In addition, "'factual investigations performed by attorneys as attorneys fall

4919-4540-0980.2

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
March 6, 2026
Page 4

comfortably within the protection of the attorney-client privilege.'" *BJ's Fleet Wash, LLC v. City of Omaha*, No. 8:22CV131, 2024 WL 1962633, at *1 (D. Neb. May 3, 2024) (quoting *Crutcher-Sanchez v. Cnty. of Dakota, Neb.*, No. 8:09CV288, 2011 WL 612061, at *7 (D. Neb. Feb. 10, 2011)).

The case law and other materials you attached to the February 26, 2026 Correspondence do not provide legal authority to the contrary, are inapposite, and certainly do not support Plaintiff's contentions regarding the "presumed discoverability" of plainly attorney-client protected materials in an insurer's claim file created prior to a denial. *See*, *e.g.*, *Greenwalt v. Wal-Mart Stores, Inc.*, 253 Neb. 32, 39, 567 N.W.2d 560, 566 (1997) (general discussion related to "the procedures and guidelines for asserting and addressing claims of the attorney-client privilege and/or work product doctrine"); *St. Paul Reinsurance Co., Ltd. v. Com. Fin. Corp.*, 197 F.R.D. 620, 641 (N.D. Iowa 2000) ("Under Iowa common law, '[a]ny confidential communication between an attorney and the attorney's client is absolutely privileged from disclosure against the will of the client.'") (citation omitted); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) (when asserting attorney-client privilege or work product doctrine, the insurer is "required to produce privilege log listing each separate document they claimed to be beyond discovery, identifying for each detailed information, including date, author of document, all recipients along with their capacities, document's subject matter, purpose for its production, and specific explanation of why document was allegedly privileged or immune from discovery under work-product doctrine"); *Ball v. USAA Life Ins. Co.*, No. 2:16-CV-00041-DCN, 2016 WL 11513321, at *4 (D.S.C. May 16, 2016), *order amended on reconsideration,* No. 2:16-CV-00041-DCN, 2017 WL 569994 (D.S.C. Feb. 13, 2017) (court reviewed documents for which USAA asserted attorney-client privilege and determined they *were* protected by the attorney-client privilege).

In this matter, USAA GIC has not waived any privilege, and Plaintiff presents no argument or authority to establish his entitlement to the plainly attorney-client protected communications and other materials described in USAA GIC's Amended Privilege Log. Rather, Plaintiff merely asserts, repeatedly, "all pre-denial records [are] discoverable and potential evidence of USAA's failure to investigate in good faith." (February 19, 2026 Correspondence; February 26, 2026 Correspondence; January 14, 2026 Correspondence; February 2, 2026 Correspondence by you, on behalf of Plaintiff, to Magistrate Judge Carson ("February 2, 2026 Correspondence"). For the foregoing reasons, Plaintiff is not entitled to *any* attorney-client privileged communications or protected attorney work product materials or information exchanged between USAA GIC and its coverage counsel incident to the August 2023 Claim, the July 2024 Claim, or the Suit, regardless of when the communications or other materials were created.

### C.    The Work-Product Doctrine Applies to Plainly Privileged and Work-Product Protected Materials.

Under Nebraska law, the work-product doctrine "allows a party to discover material 'prepared in anticipation of litigation' only upon a showing that the requesting party has a substantial need for the material and cannot obtain the material or its equivalent elsewhere without

4919-4540-0980.2

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
March 6, 2026
Page 5

incurring undue hardship." *Benson*, 2022 WL 426563, at *5, *objections overruled*, No. 4:18CV3127, 2022 WL 1121805 (D. Neb. Apr. 14, 2022) (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)). In order "to determine whether a document was prepared in anticipation of litigation, the court must consider whether 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Id*. (quoting *Simon v. G. D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987)). This Court has determined "[r]isk management documents prepared by investigators may not themselves be considered 'prepared in anticipation of litigation,' but to the extent that they disclose the individual case reserves for files and any mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim, they are privileged." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 366 (D. Neb.), *determination sustained sub nom. Carlson v. Freightliner L.C.C.*, 226 F.R.D. 385 (D. Neb. 2004). Documents such as those "are prepared in anticipation of litigation and, consequently, they are protected from discovery as opinion work product." *Id*. (citing *Simon*, 816 F.2d at 401). Furthermore, it is the party "seeking to overcome the work-product protection [who] bears the burden of establishing substantial need and undue burden." *Id*. (citation omitted).

In support of his position, Plaintiff provides only conclusory statements the documents identified on the Amended Privilege Log are relevant to the Suit and asserts the Amended Privilege Log "does not comply with Rule 26(b)(5)(a) or the law on privilege protections in failing to be sufficiently specific to permit Plaintiff to make a reasonable assessment of the records to decide its course of action regarding any challenge to the claim of privilege." (February 2, 2026 Correspondence at 1-2). Without establishing a substantial need for the documents identified in the Amended Privilege Log, Plaintiff insists all pre-claim denial communications are discoverable. *See*, *e.g.*, February 19, 2026 Correspondence; February 26, 2026 Correspondence; January 14, 2026 Correspondence.

As previously described in USAA GIC's prior communications on this issue and in the meet and confer teleconferences between counsel, the Amended Privilege Log, which, when compared to the documents produced, indisputably provides a clear description of why the information was not disclosed or produced—*e.g.*, communications with outside coverage counsel, information related to outside counsel's expenses and compensation, reserve history prepared in anticipation of litigation and not related to any party's claims or defenses, financial entries and reserves prepared subsequent to USAA GIC's engagement of coverage counsel, and information and materials prepared after Plaintiff filed his complaint in the Suit. This information is plainly protected and not subject to discovery. *E.g.*, *Benson*, 2022 WL 1121805, at *1 (information "generated by attorneys employed or retained by the [defendant] for the purpose of furnishing legal advice, and some of which was generated in anticipation of Plaintiff's claims in this lawsuit—was protected from discovery"); *Timm Grandview, LLC v. AmGUARD Ins. Co.*, No. 8:20CV197, 2021 WL 1120940, at *5, *11 (D. Neb. Mar. 23, 2021) (motion to compel financial information denied because information was not related to the claim). For the foregoing reasons, Plaintiff is not entitled to work product protected materials identified on the Amended Privilege Log with respect to the August 2023 Claim, the July 2024 Claim, or the Suit.

4919-4540-0980.2

**KUTAK**ROCK

Siegfried H. Brauer, III, Esq.
March 6, 2026
Page 6

## II.    Issue No. 2: Plaintiff Asserts USAA GIC is Withholding Documents Not Identified on the Amended Privilege Log

In the February 19, 2026 Correspondence, Plaintiff contends: (1) USAA GIC's "written responses that contain objections to nearly every interrogatory or request . . . fail to specify what is undisclosed or withheld and the basis therefor"; (2) USAA GIC has failed to produce applications for insurance; (3) USAA GIC has not produced all phone conversations occurring after August 1, 2022; (4) USAA GIC has failed to produce records supporting the assertion Plaintiff "misinformed it as to the area of the home to be insured"; and (5) USAA GIC has failed to produce records Plaintiff "misinformed it as to the condition and characteristics of the insured premises."  (February 19, 2026 Correspondence; *see also* February 2, 2026 Correspondence; and February 26, 2026 Correspondence).

Contrary to these unfounded contentions, USAA GIC maintains its discovery responses and document production are complete and accurate.  USAA GIC is entitled to maintain and preserve its objections in its discovery responses—especially in response to plainly overbroad requests encompassing irrelevant, privileged, and work product-protected documents and information—and, when read in total, USAA GIC refers Plaintiff to those documents relied on in each respective response.  As explained in USAA GIC's written correspondence dated November 14, 2025, the November 20, 2025 meet and confer discussion, USAA GIC's written correspondence dated January 28, 2026, USAA GIC's February 4, 2026 position statement to Magistrate Judge Carson, the February 12, 2026 meet and confer discussion, and USAA GIC's December 23, 2025 Responses to Plaintiff's Second Set of Discovery Requests, USAA GIC has produced all relevant, non-privileged or otherwise protected documents in its possession and responsive to Plaintiff's discovery requests, including all available audio recordings.  All responsive and relevant information, documents, or other materials withheld or redacted are described on the Amended Privilege Log.

With respect to applications for insurance, as described in USAA GIC's January 28, 2026 correspondence, we conferred with USAA GIC and subsequently produced, to the extent not previously produced, USAA GIC's available underwriting file materials and audio files responsive to Plaintiff's requests.  *See*, *e.g.*, USAAGIC 004983; USAAGIC 004985 – USAAGIC 004987; USAAGIC 005289 – USAAGIC 005610; *see also* USAAGIC 005884 (audio file); USAAGIC 005924 (audio file).  These documents, specifically the underwriting file materials, identify the changes in the square footage area to be insured by USAA GIC and the condition and characteristics of Plaintiff's home, which were details and representations provided by Plaintiff to USAA GIC and which affect the amount of coverage provided for Plaintiff's home.  The only additional information we have been able to obtain is online data characteristics maintained by USAA GIC, which identify information entered or changed by Plaintiff in his online insurance application submitted to USAA GIC in March 2023.  Those data characteristics are enclosed for your reference.  To the extent helpful, USAA GIC is prepared to provide an affidavit concerning the USAA GIC homeowners insurance application process and an insured's ability to submit information online, which can subsequently create a quote, and request updated insurance coverage without submitting standard "application forms."

4919-4540-0980.2

# KUTAKROCK

Siegfried H. Brauer, III, Esq.
March 6, 2026
Page 7

### III.    Conclusion

For the reasons described above, Plaintiff's objections to USAA GIC's discovery responses, productions, and Amended Privilege Log—as described in the February 19, 2026 Correspondence, the February 26, 2026 Correspondence, and others—are unfounded and without any reasonable basis in fact or law. We accordingly propose moving forward in this matter with depositions, during which you will undoubtedly have the opportunity to ask any clarifying or other questions you may have concerning USAA GIC's claim handling and underwriting activities pertinent to Plaintiff's allegations in the Suit.

Sincerely,

Brooke H. McCarthy

Enclosure:    Weaver Data Characteristics March 2023

cc:    Ashley A. Moore, Esq. (*via email*: ashley.moore@kutakrock.com)

4919-4540-0980.2