**Exhibit 9**
**June 4, 2026 Correspondence**



**Kutak Rock LLP**
The Omaha Building, 1650 Farnam Street, Omaha, NE 68102-2103
office 402.346.6000

**Brooke H. McCarthy**
402.231.8728
brooke.mccarthy@kutakrock.com

June 4, 2026

**VIA EMAIL (CARSON@NED.USCOURTS.GOV)**

The Honorable Ryan C. Carson
United States Magistrate Judge
United States District Court District of Nebraska
111 South 18th Plaza, Suite 2271
Omaha, NE  68102

      Re:    *William Weaver v. USAA General Indemnity Company*,
            No. 8:25-cv-00072-RFR-RCC (D. Neb.)

Dear Judge Carson:

We are counsel to Defendant USAA General Indemnity Company ("USAA GIC") in the above-referenced suit styled *William Weaver v. USAA General Indemnity Company*, No. 8:25-cv-00072-RFR-RCC (D. Neb.) ("Suit").  In the Suit, Plaintiff William Weaver ("Plaintiff") alleges breach of contract and bad faith against USAA GIC in connection with Plaintiff's claims ("Claims") for coverage under Homeowners Policy No. GIC 03246 44 01 91A issued by USAA GIC to Plaintiff as the named insured for the policy period August 1, 2023 to August 1, 2024 ("Policy").  Plaintiff's Claims arose from two alleged residential fires—one on or around August 14, 2023 and one on or around July 9, 2024—at Plaintiff's residence located at 1111 West E Street, Ogallala, Nebraska, which was insured under the Policy.  USAA GIC provides this brief position statement in response to Plaintiff's May 22, 2026 Submission on Discovery Dispute ("May 22, 2026 Submission"), submitted in response to the Court's May 8, 2026 email instructions.

In the May 22, 2026 Submission, Plaintiff contends USAA GIC has not followed this Court's March 25, 2026 Minute Entry Order ("March 25, 2026 Order") (Filing No. 42), which required USAA to: (1) amend and reissue discovery responses removing the generalized objections and either state objections with specificity or respond to each request, stating whether each has been answered in full; and (2) amend the privilege log to provide the Court and Plaintiff sufficient basis to determine the propriety of the assertions of privilege to include information such as the name and job title or capacity of the author, the name of each recipient, the date the document was prepared, the title and description of the document, and the subject matter addressed in the document and the specific basis for the claim that it is privileged.  (March 25, 2026 Order). Contrary to Plaintiff's unfounded contentions, USAA GIC fully complied with the March 25, 2026 Order.

4905-4782-4049.2

**KUTAK**ROCK

Hon. Ryan C. Carson
June 4, 2026
Page 2

In accordance with the March 25, 2026 Order, on April 22, 2026, USAA GIC served Plaintiff with the following:

- USAA GIC's Amended Objections and Answers to Plaintiff's First Set of Interrogatories;
- USAA GIC's Amended Objections and Answers to Plaintiff's Second Set of Interrogatories;
- USAA GIC's Amended Objections and Responses to Plaintiff's First Set of Requests for Admission;
- USAA GIC's Amended Objections and Responses to Plaintiff's First Set of Requests for Production;
- USAA GIC's Amended Objections and Responses to Plaintiff's Second Set of Requests for Production; and
- USAA GIC's Second Amended Privilege Log dated April 22, 2026 ("Second Amended Privilege Log").

(*See* Filing No. 46).

Plaintiff's contention USAA GIC is "keeping the door open to producing materials later or withholding materials to which Plaintiff is entitled" is disingenuous. USAA GIC has repeatedly and exhaustively answered all of Plaintiff's counsel's questions regarding USAA GIC's investigation and underwriting procedures. Plaintiff is in possession of USAA GIC's coverage denial letters, claim files, and underwriting file, with appropriate redactions and withholdings as described in USAA GIC's Second Amended Privilege Log. USAA GIC has repeatedly reaffirmed that it is not aware of any other responsive, relevant, non-privileged/protected documents in its possession.

In the May 22, 2026 Submission, contrary to the Court's direction to consider proportionality and relevance, Plaintiff essentially blanket-marked every entry on USAA GIC's Second Amended Privilege Log for the Court to review *in camera*[1], contending Plaintiff "remains constrained by the lack of sufficient clarity as to the nature or subject matter of some of the withheld records." (May 22, 2026 Submission at 2). Plaintiff's contentions are disingenuous and ignore the detail and clarity USAA GIC painstakingly provided for each entry, in many cases providing a longer explanation than the actual redaction.

## I.    Plaintiff's Demand for ALL Pre-Denial Claim File Materials is Unfounded

Plaintiff contends "all records predating . . . [USAA GIC's] denial of coverage for each fire, respectively, are discoverable." (May 22, 2026 Submission at 2). USAA GIC previously responded to this identical demand in multiple communications to Plaintiff responding to the same

---

[1] By USAA GIC's count, it appears the Court would be required to review 271 pages of materials if the Court reviewed *in camera* all of the entries Plaintiff's counsel marked on USAA GIC's Second Amended Privilege Log.
4905-4782-4049.2

**KUTAK**ROCK

Hon. Ryan C. Carson
June 4, 2026
Page 3

argument.  As USAA GIC previously advised Plaintiff, and as described below, these contentions are without any legal basis.

### A.    Background

The first alleged fire at issue in this matter occurred at Plaintiff's residence on or around August 14, 2023, and Plaintiff subsequently submitted a claim to USAA GIC with respect to the August 14, 2023 incident ("August 2023 Claim").  (*See* Plaintiff's Second Amended Complaint ("Complaint") ¶ 5).  USAA GIC's amended production and Seconded Amended Privilege Log both reflect engagement of outside coverage counsel for USAA GIC to provide legal advice to USAA GIC with respect to coverage issues concerning the August 2023 Claim as early as December 8, 2023.  (*See* Second Amended Privilege Log).  In addition, Plaintiff advised USAA GIC that Mr. Brauer was engaged as Plaintiff's counsel in this matter as early as February 16, 2024.  USAA GIC's outside coverage counsel conducted an examination under oath ("EUO") on May 23, 2024 and Mr. Brauer attended as counsel for Plaintiff.  By correspondence to Mr. Brauer dated August 6, 2024, USAA GIC provided Plaintiff with its coverage position regarding the August 2023 Claim under the Policy.

The second alleged fire at issue in this matter occurred at Plaintiff's residence on or around July 9, 2024, and Plaintiff subsequently submitted a claim to USAA GIC with respect to the July 9, 2024 incident ("July 2024 Claim").  (*See* Complaint ¶ 9).  By correspondence to Mr. Brauer dated April 22, 2025, USAA GIC provided Plaintiff with its coverage position regarding the July 2024 Claim under the Policy.

Despite this mutual knowledge and understanding of the engagement of outside counsel, as described above, Plaintiff nevertheless demands production of communications and other materials clearly protected by the attorney-client privilege, simply because they were created or communicated prior to USAA GIC's coverage denial.  As just a few examples:

- Document No. 1 on the Second Amended Privilege Log, which is identified as an e-mail communication between USAA GIC representative David Brooks and outside coverage counsel Karen Bailey, Esq. related to the August 2023 Claim, and indicates it was withheld because of attorney-client privilege;

- Document No. 8 on the Second Amended Privilege Log, which is identified as a payment log entry reflecting payment made by USAA GIC to outside coverage counsel in connection with the July 2024 Clam indicates it was withheld because of attorney-client privilege and work-product doctrine; and

- Document Nos. 92, 143, 187, 250, 291, 382, 398, and 431 on the Second Amended Privilege Log, which are identified as communications with outside coverage counsel related to the August 2023 Claim.

4905-4782-4049.2

**KUTAK**ROCK

Hon. Ryan C. Carson
June 4, 2026
Page 4

(Second Amended Privilege Log). For the reasons described below, there is no legal basis for Plaintiff's contentions the documents and information described above, and other similar documents and information described in the Second Amended Privilege Log, are presumed discoverable simply because they can be found in an insurer's claim file and were created prior to an insurer's denial of coverage.

B.    **The Attorney-Client Privilege Applies to USAA GIC's Communications with its Legal Counsel**

In Nebraska, "[a]n attorney-client relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance." *State ex rel. Stivrins v. Flowers*, 273 Neb. 336, 341-42, 729 N.W.2d 311, 317 (2007) (citing *McVaney v. Baird, Holm, McEachen, Pedersen, Hamann & Strasheim*, 237 Neb. 451, 458, 466 N.W.2d 499, 506 (1991)). For a communication to be protected from disclosure, it "must be one which is essentially confidential in character and which relates to the subject matter upon which advice was given or sought." *State v. Hawes*, 251 Neb. 305, 309, 556 N.W.2d 634, 637 (1996). A communication is considered "confidential if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *Jim Daws Trucking, LLC v. Daws, Inc.*, No. 4:24CV3177, 2025 WL 2711278, at *5 (D. Neb. Sept. 23, 2025), *objections overruled,* No. 4:24CV3177, 2025 WL 3754412 (D. Neb. Dec. 29, 2025); Neb. Rev. Stat. § 27-503(1)(d) ("A communication is confidential if not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.").

Under Nebraska law, "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (a) between himself or his representative and his lawyer or his lawyer's representative, or (b) between his lawyer and the lawyer's representative, or (c) by him or his lawyer to a lawyer representing another in a matter of common interest, or (d) between representatives of the client or between the client and a representative of the client, or (e) between lawyers representing the client." Neb. Rev. Stat. § 27-503(2); *Broom, Clarkson, Lanphier & Yamamoto v. Kountze*, No. 8:14CV206, 2015 WL 7302226, at *6 (D. Neb. Nov. 18, 2015) (same).

For the attorney-client privilege to apply to USAA GIC's communications with outside counsel, "'the parties to the communication in question must bear the relationship of attorney and client,'" and "'the attorney must have been engaged or consulted by the client for the purpose of obtaining legal services or advice services or advice that a lawyer may perform or give in his capacity as a lawyer, not in some other capacity.'" *Benson v. City of Lincoln*, No. 4:18CV3127, 2022 WL 426563, at *5 (D. Neb. Feb. 11, 2022) (quoting *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1978)), *objections overruled*, No. 4:18CV3127, 2022 WL 1121805

4905-4782-4049.2

**KUTAK**ROCK

Hon. Ryan C. Carson
June 4, 2026
Page 5

(D. Neb. Apr. 14, 2022) (citing *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1978)).  In addition, "'factual investigations performed by attorneys as attorneys fall comfortably within the protection of the attorney-client privilege.'"  *BJ's Fleet Wash, LLC v. City of Omaha*, No. 8:22CV131, 2024 WL 1962633, at *1 (D. Neb. May 3, 2024) (quoting *Crutcher-Sanchez v. Cty. of Dakota, Neb.*, No. 8:09CV288, 2011 WL 612061, at *7 (D. Neb. Feb. 10, 2011)).

The case law and other materials Mr. Brauer provided with the May 22, 2026 Submission do not provide legal authority to the contrary, are inapposite, and do not support Plaintiff's contentions regarding the presumed discoverability of plainly attorney-client protected materials in an insurer's claim file created prior to a denial.  *See*, *e.g.*, *Greenwalt v. Wal-Mart Stores, Inc.*, 253 Neb. 32, 39, 567 N.W.2d 560, 566 (1997) (general discussion related to "the procedures and guidelines for asserting and addressing claims of the attorney-client privilege and/or work product doctrine"); *St. Paul Reinsurance Co., Ltd. v. Com. Fin. Corp.*, 197 F.R.D. 620, 641 (N.D. Iowa 2000) ("Under Iowa common law, '[a]ny confidential communication between an attorney and the attorney's client is absolutely privileged from disclosure against the will of the client.'") (citation omitted); *Ball v. USAA Life Ins. Co.*, No. 2:16-CV-00041-DCN, 2016 WL 11513321, at *4 (D.S.C. May 16, 2016), *order amended on reconsideration,* No. 2:16-CV-00041-DCN, 2017 WL 569994 (D.S.C. Feb. 13, 2017) (court reviewed documents for which USAA asserted attorney-client privilege and determined they *were* protected by the attorney-client privilege); *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wash. 2d 686, 690, 295 P.3d 239, 241 (2013) (An "insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law."); *Timm Grandview, LLC v. AmGUARD Ins. Co.*, No. 8:20CV197, 2021 WL 1120940, at *3 (D. Neb. Mar. 23, 2021) (discovery is not "unlimited simply because bad faith is pleaded, and a plaintiff in a bad faith case does not have carte blanche access to a defendant insurer's sensitive data") (citation omitted); *Lear v. IDS Prop. Cas. Ins. Co.*, No. C14-1040 RAJ, 2017 WL 108415, at *3 (W.D. Wash. Jan. 11, 2017) (discussing motion for summary judgment standards and application to insurance bad faith; not applicable to Plaintiff's discovery dispute).

In this matter, USAA GIC has not waived any privilege, and Plaintiff has presented no argument or authority to establish his entitlement to the plainly attorney-client protected communications and other materials described in USAA GIC's Second Amended Privilege Log. Rather, Plaintiff merely asserts, repeatedly, all pre-denial records are discoverable.  For the foregoing reasons, Plaintiff is not entitled to attorney-client privileged communications or protected attorney work product materials or information exchanged between USAA GIC and its outside coverage counsel incident to the August 2023 Claim, the July 2024 Claim, or the Suit, regardless of when the communications or other materials were created.

C.    **The Work-Product Doctrine**

Under Nebraska law, the work-product doctrine "allows a party to discover material 'prepared in anticipation of litigation' only upon a showing that the requesting party has a substantial need for the material and cannot obtain the material or its equivalent elsewhere without

4905-4782-4049.2

**KUTAK**ROCK

Hon. Ryan C. Carson
June 4, 2026
Page 6

incurring undue hardship." *Benson*, 2022 WL 426563, at *5, *objections overruled*, No. 4:18CV3127, 2022 WL 1121805 (D. Neb. Apr. 14, 2022) (citing Fed. R. Civ. P. 26(b)(3)(A)(ii)). In order "to determine whether a document was prepared in anticipation of litigation, the court must consider whether 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Id*. (quoting *Simon v. G. D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987)). This Court has determined "[r]isk management documents prepared by investigators may not themselves be considered 'prepared in anticipation of litigation,' but to the extent that they disclose the individual case reserves for files and any mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim, they are privileged." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 366 (D. Neb.), *determination sustained sub nom. Carlson v. Freightliner L.C.C.*, 226 F.R.D. 385 (D. Neb. 2004). Documents such as those "are prepared in anticipation of litigation and, consequently, they are protected from discovery as opinion work product." *Id*. (citing *Simon*, 816 F.2d at 401). Furthermore, it is the party "seeking to overcome the work-product protection [who] bears the burden of establishing substantial need and undue burden." *Id*. (citation omitted). Plaintiff cannot meet this burden.

USAA GIC's work product-related redactions and withholdings are indisputably proper and well-supported. As the Court ordered in the March 25, 2026 Order, USAA GIC's Second Amended Privilege Log, when compared to the documents produced, provides a clear description of why the information was not disclosed or produced—*e.g.*, communications with outside coverage counsel, information related to outside counsel's expenses and compensation, reserve history prepared in anticipation of litigation and not related to any party's claims or defenses, financial entries and reserves prepared subsequent to USAA GIC's engagement of coverage counsel, and information and materials prepared after Plaintiff filed his complaint in the Suit. This information is plainly protected and not subject to discovery. *E.g.*, *Benson*, 2022 WL 1121805, at *1 (information "generated by attorneys employed or retained by the [defendant] for the purpose of furnishing legal advice, and some of which was generated in anticipation of Plaintiff's claims in this lawsuit—was protected from discovery"); *Timm Grandview, LLC*, 2021 WL 1120940, at *5, *11 (motion to compel financial information denied because information was not related to the claim).

For the foregoing reasons, Plaintiff is not entitled to work product protected materials identified on the Second Amended Privilege Log with respect to the August 2023 Claim, the July 2024 Claim, or the Suit.

II. **Plaintiff—Improperly and Without Any Legal or Reasonable Basis—Asserts USAA GIC is Withholding Documents Not Identified on the Second Amended Privilege Log**

As noted *supra*, in the May 22, 2026 Submission, Plaintiff contends USAA GIC "singularly holds access to records sought and not produced" and "it is apparent that such information exists and Plaintiff is seeking to close exits by which such information can be buried under claims such as 'privilege.'" (May 22, 2026 Submission at 7).

4905-4782-4049.2

**KUTAK**ROCK

Hon. Ryan C. Carson
June 4, 2026
Page 7

Contrary to these unfounded contentions, USAA GIC maintains its discovery responses and document production are complete and accurate. USAA GIC has produced all relevant, non-privileged or otherwise protected documents in its possession and responsive to Plaintiff's discovery requests, including all available audio recordings. All responsive and relevant information, documents, or other materials withheld or redacted are described on the Second Amended Privilege Log.

## III.    Conclusion

USAA GIC has fully complied with its disclosure and discovery obligations under the Federal Rules of Civil Procedure, the Court's Final Progression Order, and the March 25, 2026 Order. Plaintiff, on the other hand, disregarded the negotiated guiderails for the proposed discovery compromise reached between counsel for Plaintiff and USAA GIC and failed to follow the Court's May 8, 2026 e-mail instructions—*i.e.*, to consider the relevance and proportionality guidelines of Rule 26 and simply provide a marked-up privilege log with *only* the entries Plaintiff determined were necessary for the Court to review. Nevertheless, USAA GIC is prepared to submit the 271 pages identified by Plaintiff on the Second Amended Privilege log for an informal *in camera* review in hopes of avoiding unnecessary motion practice.

We appreciate your time and attention to this matter and look forward to working through these issues in a productive manner with Plaintiff's counsel.

Sincerely,

Brooke H. McCarthy

cc:    Caitlin E. Wain, Esq. (*via email*: caitlin_wain@ned.uscourts.gov)
       Siegfried H. Brauer, III, Esq. (*via email*: sbrauer@frontiernet.net)
       Ashley A. Moore, Esq. (*via email*: ashley.moore@kutakrock.com)

4905-4782-4049.2