IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIAM WEAVER,

Plaintiff,

vs.

USAA GENERAL INDEMNITY COMPANY, (USAA GIC);

Defendant.

**8:25CV72**

**ORDER**

This matter comes before the court on Plaintiff's Motion to Amend Final Progression Order to Enlarge Plaintiff's Initial Disclosure of Experts. (Filing No. 57). The court also *sua sponte* will briefly address herein the pending Plaintiff's Motion to Compel (Filing No. 48).

A. Expert Identification

The Fourth Amended Progression Order set a deadline of July 13, 2026, for Plaintiff to identify its expert witnesses expected to testify at trial. (Filing No. 43). Defendant's deadline for identification was August 11, 2026, and Defendant filed a notice of service on that date. (Filing No. 43; Filing No. 56). Plaintiff filed the motion to extend on August 12, 2026, concurrently with its identification of two potential expert witnesses. (Filing No. 57; Filing No. 58). Plaintiff acknowledges failure to observe the deadline due to focus on the current discovery disputes and maintains that Defendant will not be prejudiced by Plaintiff's late identification of experts Plaintiff may call at trial.

In response, Defendant argues that Plaintiff's motion does not meet the "good cause" requirement of Fed. R. Civ. P. 16(b). Fed. R. Civ. P. 16(b) requires a district or magistrate judge to issue a scheduling order in every action providing for, among other things, the timing of disclosures required under Fed. R. Civ. P. 26(a). Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 716 (8th Cir. 2008). "Rule 16(b)'s good-cause standard is not optional." *Sherman,* 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman,* 532 F.3d at 716.

The court finds that due to the ongoing discovery dispute and associated motion to compel, and upon the representation of Plaintiff that the expert reports will be timely disclosed under the current progression order, sufficient good cause exists to extend the deadline up to and including August 12, 2026, when Plaintiff identified his experts. The court also considered very carefully the degree of prejudice to the nonmoving party. Defendant argues that Plaintiff's disclosure impairs their ability to investigate, retain, and prepare responsive reports, and will cause disrupted case management deadlines. Plaintiff promptly filed the present motion and the identification of experts after realizing his error. Plaintiff has not asked for extension of the Fed. R. Civ. P. 26(a)(2)(B) deadline for expert reports. Plaintiff's deadline for those disclosures remains set for September 14, 2026. This is not a situation where Plaintiff's lack of an expert disclosure led Defendant to forgo disclosing an expert upon the belief that experts would not be needed. The record is clear that Defendant disclosed experts, however, should Defendant need additional time to identify experts responsive to the individuals now identified in Filing No. 58, the court will consider an appropriate motion.

B. Motion to Compel

As to the pending Motion to Compel (Filing No. 48), the court has carefully reviewed the briefing and applicable law. Plaintiff's motion asks the court decide whether certain documents were prepared in anticipation of litigation for purposes of determining

whether Defendant properly withheld them on work product grounds. (Filing No. 50 at 4). Plaintiff's motion also asks the court to decide whether the work of "outside coverage counsel" was completed in an attorney capacity or in some other capacity for purposes of determining whether documents were properly withheld under the attorney-client privilege. (Filing No. 50 at 3).

Those are factual determinations and noticeably missing from any of the materials submitted to the court are the actual documents in dispute. While the parties had earlier requested the court to conduct an informal *in camera* review, the court granted instead leave to file a motion to compel. In doing so, the court specifically noted that the parties could request an *in camera* review as part of the motion to compel. That request also was not made. But the court cannot rule on the issues raised in the pending motion in a vacuum and concludes that review of the non-disclosed documents identified in the privilege log is essential to its analysis. The documents at issue are those Plaintiff marked with either a check mark or a question mark and should be provided. (Filing No. 49-19).

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion requesting an extension of the deadline to identify his experts is granted and the disclosure is deemed timely. (Filing No. 57).
2. This case shall progress in accordance with the Fourth Amended Progression Order except as modified by this order. (Filing No. 43).
3. Defendant shall provide to the court a copy of the documents identified by Plaintiff in Filing No. 49-19 on or before September 4, 2026. These documents shall be filed on the court's docket *under seal* for the court's *in camera* review.

Dated this 28th day of August, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge